

Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

January 3, 2020

Richard R. Harris
Marc D. Esterow
267.402.3000 main
267.285.4321 fax
rharris@littler.com
mesterow@littler.com

The Honorable Renee Marie Bumb
United States District Court
District of New Jersey
Cooper St, Camden NJ 08101

    Re: Shannon Phillips v. Starbucks Corporation; 1:19-cv-19432-RMB-AMD

Dear Judge Bumb:

Pursuant to Your Honor's Rules and Procedures and Fed. R. Civ. P. 12(b)(6), we write on behalf of Defendant Starbucks Corporation ("Starbucks") to request a teleconference with the Court regarding our anticipated motion to dismiss Plaintiff Shannon Phillips' Complaint (ECF 1).  In her Complaint, Ms. Phillips alleges that Starbucks violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New Jersey Law Against Discrimination ("NJLAD") when it terminated her employment (1) because of her race and (2) in retaliation for giving information to her supervisors—after they instructed her to suspend an employee—that Ms. Phillips believed disproved the allegations supporting the suspension.  (*See* ECF 1, Introduction & ¶¶ 44-64).  Ms. Phillips' claims must be dismissed because she fails to plead sufficient facts to establish a *prima facie* case of discrimination or retaliation.  With regard to her discrimination claims, she fails to plead any facts that, accepted as true, support a causal nexus between her race and Starbucks' decision to fire her.  As for her retaliation claims, she fails to plead sufficient facts to support the first *prima facie* element:  that she engaged in protected activity.  Accordingly, Ms. Phillips' claims fail as a matter of law and must be dismissed.

I.        FACTS ALLEGED IN THE COMPLAINT[1]

Ms. Phillips, who is Caucasian, worked for Starbucks as a Regional Director of Operations for a region encompassing Philadelphia. (ECF 1, ¶¶ 2, 19-20).  Beginning in or about 2015, she began reporting to Camille Hymes, President of Operations.  (*Id.* at ¶ 23).  Approximately nine District Managers ("DMs") reported to Ms. Phillips, including DM Ben Trinsey and DM Paul Sykes, both of whom oversaw stores in Philadelphia.  (*Id.* at ¶¶ 24, 26-28).  On April 12, 2018, two Black men were arrested at one of DM Sykes' Philadelphia stores located at 18th and Spruce Street.  (*Id.* at ¶ 29).  Following the arrests, Ms. Phillips worked with DM Sykes to support Starbucks, its stores, and its customers in Philadelphia.  (*Id.* at ¶¶ 32-34, 36).

Ms. Phillips alleges that Starbucks "took steps to punish white employees who had not been involved in the arrests, but who worked in and around the city of Philadelphia, in an effort to convince the community that it had properly responded to the incident."  (*Id.* at Introduction).  She alleges that, on May 7, 2019, she was called to a meeting with Ms. Hymes, Nathalie Cioffi (Partner Resources Director), and Paul Pinto (Vice

---

[1] Starbucks accepts as true *only* for purposes of this letter and its anticipated motion the following facts alleged in the Complaint.

January 3, 2020
Page 2

President of Partner Resources).  (*Id.* at Introduction & ¶¶ 27, 44).  During the meeting, Ms. Phillips was ordered to suspend DM Trinsey and was told there would be an investigation into his conduct, including allegations of race discrimination that had been made against him.  (*Id.* at ¶¶ 45, 48).  Ms. Phillips "objected and stated that Trinsey is not racist and that she never observed any race discriminatory [*sic*] comments or conduct by Trinsey."  (*Id.* at ¶ 49).  She also explained that DM Trinsey worked for Starbucks for 15 years and volunteered with an organization that served African-American individuals.  (*Id.* at ¶ 50).

Ms. Phillips alleges that, in response, Ms. Hymes explained that non-white managers at DM Trinsey's stores had raised claims that they were paid less than white employees.  (*Id.* at ¶ 51).  Ms. Phillips continued to object and explained that DM Trinsey did not set compensation. (*Id.* at ¶ 52).  Despite providing this information, she was instructed to suspend DM Trinsey.  (*Id.* at ¶ 54).  In her Complaint, Ms. Phillips compares Starbucks' treatment of DM Trinsey, who is Caucasian, to its treatment of DM Sykes, who is Black, and who allegedly was not subject to any adverse employment actions.  (*Id.* at ¶ 55).  On May 8, 2019, Ms. Hymes and Mr. Pinto informed Ms. Phillips that she was being terminated from employment because "the situation is not recoverable."  (*Id.* at ¶¶ 56-57).  Ms. Phillips' termination was effective May 9, 2019.  (*Id.* at ¶ 59).

## II.     LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While plausibility "does not impose a probability requirement at the pleading stage," it does require "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of a claim.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).   In evaluating a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and reasonable inferences therefrom as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Legal conclusions and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not withstand a motion to dismiss.  *Id.*

## III.    MS. PHILLIPS' DISCRIMINATION CLAIMS FAIL AND MUST BE DISMISSED

To properly plead a race discrimination claim under Title VII, Section 1981, or the NJLAD, Ms. Phillips must allege facts that, if true, would establish a *prima facie* case of discrimination—*i.e.*, (1) she is a member of a protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) circumstances exist that give rise to an inference of unlawful discrimination.  *Flores v. Danberg*, 706 F. App'x 748, 752 (3d. Cir. 2017).[2]

Ms. Phillips' race discrimination claims fail because she does not sufficiently plead the fourth element:  her Complaint is devoid of any facts that support a causal nexus between her race and Starbucks' decision to fire

---

[2] "Section 1981, Title VII, and NJLAD prohibit discrimination on the basis of race, and claims alleging violations of these statutes are subject to the same legal standard."  *Charles v. Mott's LLP*, Civ. A. No. 17-2879, 2018 WL 2002794, at *2 (D.N.J. Apr. 30, 2018).

January 3, 2020
Page 3

her.  To the contrary, her EEOC Charge attached to her Complaint alleges that Starbucks replaced her with a Regional Director, Linda Johnson, who is also Caucasian.  (*See* ECF 1, pp. 19 of 22, Paragraph W).  Ms. Phillips supports her discrimination claims *solely* on two vague and conclusory assertions:  (1) Starbucks "took steps to punish white employees who had not been involved in the arrests, but who worked in and around the city of Philadelphia, in an effort to convince the community that it had properly responded to the incident"; and (2) "Plaintiff's race was a motivating and/or determinative factor in [Starbucks'] discriminatory treatment of Plaintiff . . . ."  (ECF 1 at Introduction & ¶ 63).  These threadbare allegations do not give rise to an inference that Ms. Phillips was discriminated against based on her race.  Fatally, Ms. Phillips alleges no facts to show that Starbucks treated her differently than similarly situated non-white employees.[3]  Accordingly, her discrimination claims fail and must be dismissed.

### IV.    MS. PHILLIPS' RETALIATION CLAIMS FAIL AND MUST BE DISMISSED

To state a *prima facie* case of retaliation under Title VII or the NJLAD, Ms. Phillips must allege that (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.  *See Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006).

With regard to the first element, Ms. Phillips must demonstrate that she opposed unlawful discrimination, which can take the form of "informal protests of discriminatory employment practices, including making complaints to management . . . ."  *Curay-Cramer v. Ursuline Acad. Of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006).  Importantly, "opposition to an illegal employment practice must identify the employer and the practice—if not specifically, at least by context."  *Curay-Cramer*, 450 F.3d at 135 ("A general complaint of unfair treatment is insufficient to establish protected activity under Title VII."); *Barber v. CSX Distribution Services*, 68 F.3d 694, 701-02 (3d Cir. 1995) (letter to employer not protected activity because it neither explicitly nor implicitly complained of discrimination and instead raised general complaints of unfairness); *Rene v. Lidestri Foods, Inc.*, Civ. A. No. 09-3908, 2010 WL 4807050, at *9 (D.N.J. Nov. 17, 2010) (Bumb, J.) (complaint to employer not protected activity because"[p]laintiff never alleged in any fashion that he was harassed because of his race, color, or national origin," and instead raised general complaints of unfairness).

Here, Ms. Phillips does not allege that she explicitly or implicitly complained to Starbucks of unlawful discrimination.  Instead, Ms. Phillips merely alleges that she objected to DM Trinsey's suspension and that she attempted to disprove the allegations supporting the suspension.  Most importantly, *the Complaint does not allege that Ms. Phillips complained to Starbucks the reason it ordered her to suspend DM Trinsey was because of his race.*  Ms. Phillips thus has not plausibly alleged that she engaged in protected activity, and her retaliation claims fail and must be dismissed.

---

[3] The only instance Ms. Phillips cites in which a non-white employee was treated more favorably was with regard to DM Sykes.  (ECF 1, ¶ 55).  However, Mr. Sykes—a District Manager—is not a valid comparator to Ms. Phillips—a Regional Director of Operations—because, based on the allegations in the Complaint, he was her subordinate and had different job responsibilities than Ms. Phillips.  (*Id.* at ¶¶ 26-27).  *See Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 881-82 (3d Cir. 2011) (court may consider whether employer treated more favorably persons not within protected class only if they were similarly situated to plaintiff in terms of job responsibilities and nature of the misconduct engaged in).

January 3, 2020
Page 4

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Richard R. Harris*

Richard R. Harris
Marc D. Esterow