Richard R. Harris (*admitted pro hac vice*)
Marc D. Esterow (NJ No. 210102016)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
rharris@littler.com
mesterow@littler.com

*Attorneys for Defendant,*
*Starbucks Corporation*
*d/b/a Starbucks Coffee Company*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432-RMB-AMD |
| v. | : |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND ADDITIONAL DEFENSES** |
| Defendant. | : |
| | : **FILED VIA ECF** |

Defendant Starbucks Corporation d/b/a Starbucks Coffee Company (hereinafter "Starbucks") hereby answers the Amended Complaint of Plaintiff Shannon Phillips (hereinafter "Ms. Phillips", in accordance with the numbered paragraphs thereof, as follows, and asserts the following affirmative and additional defenses:

**I.      INTRODUCTION**

Admitted in part; denied in part. It is admitted only that Ms. Phillips purports to proceed as stated. The remaining averments of this Paragraph are denied. By way of further answer, Starbucks specifically denies that it engaged in any conduct in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the New Jersey Law Against Discrimination ("NJLAD"), or any other law, and that Ms. Phillips is entitled to damages of any kind.

## II.     PARTIES

1. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

6. Admitted.

7. Denied.

8. Admitted.

9. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the averments of this Paragraph are denied.

10. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the averments of this Paragraph are denied.

11. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the averments of this Paragraph are denied.

### III. JURISDICTION AND VENUE

12. Admitted in part; denied in part. It is admitted only that Ms. Phillips purports to proceed as stated. The remaining averments of this Paragraph are denied. By way of further answer, Starbucks specifically denies that it engaged in any conduct in violation of Title VII, Section 1981, NJLAD, or any other law.

13. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Starbucks does not dispute that this Court has jurisdiction over Ms. Phillips' claims.

14. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Starbucks does not dispute that this Court has jurisdiction over Ms. Phillips' claims.

15. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Starbucks does not dispute that this Court has jurisdiction over Ms. Phillips' claims.

16. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Starbucks does not dispute that venue in this Court is proper.

17. Admitted.

18. Admitted.

19. The averments contained in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the averments of this Paragraph are denied.

### IV. FACTUAL ALLEGATIONS

20. Admitted.

21. Admitted in part; denied in part. Starbucks admits only that Ms. Phillips was promoted in 2011 to Regional Director for Area 71 and that Area 71 encompassed the Philadelphia Metro area, Southern New Jersey, and Delaware. The remaining averments of this Paragraph are denied.

22. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted in part; denied in part. Starbucks admits only that Ms. Phillips hosted meetings at Starbucks' Haddonfield, New Jersey location. Starbucks denies that the Haddonfield, New Jersey location was the only location in Ms. Phillips' region that had "meeting space/a training room." Starbucks is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this Paragraph, and therefore, the remaining averments in this Paragraph are deemed denied.

27. Admitted in part; denied in part. Starbucks admits only that, as a Regional Director, Ms. Phillips supervised District Managers who reported to her. The remaining averments of this Paragraph are denied.

28. Admitted.

29. Admitted.

30. Denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied.

36. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

37. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

38. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

39. Admitted in part; denied in part. Starbucks admits only that Ms. Phillips was a participant in Starbucks' efforts to formulate a plan following the April 12, 2018 arrests and that, on or around April 14, 2018, Ms. Phillips went to the 18th and Spruce Street store with Ms. Hymes. The remaining averments of this Paragraph are denied.

40. Admitted in part; denied in part. Starbucks admits only that the April 12, 2018 arrests were covered in the news and that protests took place at the 18th and Spruce Street store. The remaining averments of this Paragraph are denied.

41. Denied.

42. Denied.

43. Admitted in part; denied in part. Starbucks admits only that Ms. Hymes encouraged

Ms. Phillips to apply for a Temporary Limited Assignment position.  The remaining averments of this Paragraph are denied.

44. Denied.

45. Denied.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted in part; denied in part.  Starbucks admits only that Ms. Phillips was instructed to place Mr. Trinsey on suspension.  The remaining averments of this Paragraph are denied.

51. Admitted.

52. Denied.

53. Admitted.

54. Admitted.

55. Admitted.

56. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

57. Admitted in part; denied in part.  Starbucks admits only that Ms. Hymes conveyed to Ms. Phillips that employees had raised complaints about Mr. Trinsey.  The remaining averments of this Paragraph are denied.

58. Admitted in part; denied in part.  Starbucks admits only that Ms. Phillips objected

6

to Mr. Trinsey's suspension.  The remaining averments of this Paragraph are denied.

      59.    Denied.

      60.    Admitted in part; denied in part.  Starbucks admits only that Ms. Phillips was instructed to place Mr. Trinsey on suspension.  The remaining averments of this Paragraph are denied.

      61.    Denied.

      62.    Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

      63.    Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

      64.    Denied.

      65.    Denied.

      66.    Denied.

      67.    Admitted.

      68.    Denied.

      69.    Denied.

      70.    Denied.

      71.    Denied.

      72.    Denied.

      73.    Denied.

      74.    Denied.

75. Denied.

76. Denied.

## COUNT I – TITLE VII

77. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

## COUNT II – SECTION 1981

83. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

## COUNT III - NJLAD

89. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, and therefore, the averments in this Paragraph are deemed denied.

## RELIEF

**WHEREFORE**, Starbucks respectfully requests that the Court enter judgment in its favor and against Ms. Phillips, together with costs, attorney's fees, and such further relief as this Court deems just and proper.  Starbucks specifically denies that Ms. Phillips is entitled to any of the relief sought in the "Relief" section of her Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Starbucks hereby asserts the following affirmative and other defenses in response to Ms. Phillips's Complaint:

1. Ms. Phillips fails to state any claims upon which relief may be granted.

2. Ms. Phillips' claims fail to the extent that they are barred by the statute of limitations.

3. Starbucks took reasonable steps to comply with anti-discrimination and anti-retaliation statutes and any acts in violation of the statutes were in contravention of Starbucks' good faith efforts to comply.

4. Starbucks maintains, communicates, and effectively implements policies that forbid discrimination and retaliation in the workplace, including a mechanism by which complaints of such conduct are investigated and effectively remedied.

5. Starbucks exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior, if any such conduct occurred, and Ms. Phillips unreasonably failed to take advantage of any preventative or corrective opportunities provided by Starbucks or to avoid harm otherwise.

6. All actions taken by Starbucks with respect to Ms. Phillips were for legitimate, non-discriminatory, non-retaliatory reasons.

7. Starbucks would have taken the same actions regarding Ms. Phillips in the absence of any unlawful motivating factor, if such a factor existed.

8. Any damages suffered by Ms. Phillips were proximately caused by her own conduct and not by any unlawful policy, custom, conduct, practice, or procedure promulgated or tolerated by Starbucks.

9. Ms. Phillips fails to establish any basis for asserting punitive damages. Further, Starbucks has engaged in no conduct that would warrant the imposition of punitive damages.

10. Ms. Phillips has failed to mitigate her damages, if any, and Starbucks is entitled to an offset to the extent of any mitigation by Ms. Phillips.

11. To the extent Ms. Phillips seeks recovery for mental and emotional distress, including the recovery of medical expenses thereby incurred, such claims are barred by the exclusive remedy provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 *et seq*.

12. Starbucks reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

**WHEREFORE**, Starbucks respectfully requests that the Court enter judgment in its favor and against Ms. Phillips, together with costs, attorney's fees, and such further relief as this Court deems just and proper.

Dated: March 5, 2020

/s/ Marc D. Esterow
Richard R. Harris (*admitted pro hac vice*)
Marc D. Esterow (NJ No. 210102016)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
rharris@littler.com
mesterow@littler.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2020, the foregoing document was filed using the District of New Jersey's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ *Marc D. Esterow*
Marc D. Esterow