IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>     *Plaintiff*,<br>v.<br><br>STARBUCKS CORPORATION d/b/a<br>STARBUCKS COFFEE COMPANY,<br><br>     *Defendant*. | CIVIL ACTION NO.: 1:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J. |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF HER MOTION TO COMPEL DISCOVERY FROM DEFENDANT**

**I. INTRODUCTION**

Plaintiff, Shannon Phillips ("Plaintiff" or "Ms. Phillips") respectfully submits this Reply Memorandum in further support of her Motion to Compel Discovery from Defendant ("Motion to Compel") [Dkt. Ent. 50]. Consistent with this Court's policies and procedures, this Reply addresses a singular discrete legal issue raised by the Defendant in its Memorandum of Law in Opposition to Plaintiff's Motion to Compel ("Opposition") [Dkt. Ent. 51].[1] In addressing only Defendant's newly raised argument, the Plaintiff does not concede to any aspect of the Defendant's Opposition, including its multiple misrepresentations of the facts surrounding Plaintiff's Motion and the basis of this Action. As set forth by Plaintiff's earlier briefing and the record, Plaintiff is entitled to full and complete responses to her long outstanding document requests directed to the Defendant, including specifically (1) any and all documents related to Paul Sykes' separation of employment

---

[1] This is a District of New Jersey case; however, given the Court's Scheduling Order of June 19, 2020 [Dkt. Ent. 31], Plaintiff submits her present Reply in compliance with Your Honor's policy governing reply memorandums. To the extent that this Court determines that the Local Rules for the District of New Jersey apply, the Plaintiff asks that her present submission be construed as a Motion for Leave to File a Reply Memorandum of Law pursuant to L. Civ. R. 7.1(d)(3).

1

from the Defendant, and (2) any and all documents related to the Defendant's internal investigation into pay disparities within its Philadelphia Market beginning in April 2018.

The Defendant should be sanctioned for their intentional withholding of a responsive document for purpose of prejudicing the Plaintiff by surprise in the penultimate deposition of the case. Not only was the Plaintiff intentionally surprised during Mr. Sykes' deposition by the wrongfully withheld document, but she was also intentionally deprived of the opportunity to use the withheld document during discovery and depositions of other witnesses. The withheld document directly refers to a decision-maker in Plaintiff's termination, Camille Hymes ("Hymes"), and assigns negative motives to Ms. Hymes and her conduct during the time period directly at issue in this Action. Defendant's intentional conduct has resulted in prejudice to the Plaintiff as set forth below and in her Motion to Compel. As a result, the Plaintiff respectfully requests that this Court grant her Motion to Compel.

## II. LEGAL ARGUMENT

### A. Documents Related To Paul Sykes' Separation From Starbucks Are Clearly Responsive To No Fewer Than Seven Of Plaintiff's Existing Document Requests

Because documents related to Paul Sykes' separation from Starbucks – including, without limitation, Mr. Sykes' resignation and complaint letter which the Defendant purposefully withheld before, during, and after using same at Mr. Sykes' deposition – are clearly relevant to this litigation and responsive to multiple of Plaintiff's outstanding document requests, Plaintiff is entitled to review these materials. Incredibly, through its Opposition, the Defendant now argues that Ms. Phillips improperly seeks to propound new document requests upon the Defendant *vis a vis* her Motion to Compel and that it is not obligated to provide documents responsive to same because they are untimely. Opposition p. 16. The Defendant's argument in this respect is illustrative of its

2

apparent bad faith in responding to Plaintiff's existing document requests. According to the Defendant, the Federal Rules of Civil Procedure require that a Plaintiff (who does not have custody, possession, or control of the Defendant's documents) identify a document by voluminous, specific, and precise detail in order to require the Defendant to produce it. Plaintiff is, of course, not clairvoyant, and if this Court accepts the Defendant's definition of what the Fed. R. Civ. P. 33 and 34 require, then civil discovery for an employment plaintiff is rendered of limited use and endemic prejudice assured.

As discussed at length in her opening Memorandum of Law, Paul Sykes' resignation and complaint letter, the only document related to Paul Sykes' separation from Starbucks that the Defendant has produced to date, and documents related to the resignation and complaint letter, are undisputedly responsive to multiple of Plaintiff's Requests for Production, including, without limitation, those requesting documents related to the April 2018 arrests and the Defendant's efforts to revitalize its public image thereafter (RPD Nos. 14 and 16); personnel changes resulting from the April 2018 arrests (RPD No. 15); the personnel file of Camille Hymes, including documents related to her performance and discipline (and, logically, complaints lodged against her) (RPD No. 18); witness statements (RPD No. 25); documents that the Defendant intends to use at any deposition (RPD No. 26); and/or documents that relate to any factual denial or affirmative defense asserted by the Defendant in this matter (RPD No. 31).[2][3] It cannot be that a document which is responsive to no fewer than seven (7) document requests only becomes "relevant" or "responsive"

---

[2] *See* Plaintiff's First Set of Requests for Production of Documents (attached as **Exhibit C** to Plaintiff's Motion to Compel).

[3] The Defendant attempts to parse its conduct for the Court as to why it was not required to produce the document as relevant to its defenses, and thus implicated by RPD No. 31, by alleging that it is not using anything having to do with Paul Sykes' resignation as a "defense," but rather as a means of testing his credibility. To the extent that any party is alleging that any witness in this case is less than credible, that is part of a party's defense. This is particularly true where the Plaintiff must prove intentional discrimination by the Defendant to prevail.

3

when the party seeking its production learns that it has been improperly withheld. Yet, that is precisely what the Defendant argues in its Opposition.

The Defendant's assertion that documents related to Paul Sykes' separation from Starbucks were not implicated by Plaintiff's document requests because Plaintiff did not specifically identify Mr. Sykes as a custodian and/or include his name within the body of her document requests only evidences that the Defendant intentionally withheld the document. In *Younes v. 7-Eleven*, the court rejected a nearly identical argument from the defendant, noting that "the federal rules do not and should not require plaintiffs to use 'magic words' to obtain clearly relevant discovery" and that "production requests should not be read or interpreted in an artificially restrictive or hyper technical manner to avoid disclosure of information fairly covered by the discovery request." 312 F.R.D. 692, 709 (D.N.J. 2015). The *Younes* court further explained that the defendant "may not delegate to plaintiff the duty to identify its relevant requested discovery" because it is "not plaintiff's burden to specifically identify" the purportedly omitted term "before they receive responsive information." *Id*. Ultimately, "[i]f litigants are to have any faith in the discovery process, they must know that parties cannot fail to produce highly relevant [discovery] within their possession with impunity. Parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant [discovery]." *Id*. at 706-707.

The Defendant implausibly argues that Mr. Sykes testified in a manner that was inconsistent with the letter and that it was only *after* Mr. Sykes' purportedly inconsistent testimony that defense counsel – who clearly had the letter at the ready for immediate use during the deposition and who clearly was prepared to rebut objections from Plaintiff's counsel regarding its

improper withholding and use of the letter[4] – first intended to use the letter. However, this argument is belied by Mr. Sykes' testimony which was entirely consistent with the letter.[5] However, since Plaintiff's counsel was not in possession of the letter – or even aware of its existence – she did not elicit details contained within the letter during her examination of Mr. Sykes. Defense counsel, on the other hand, knew about the letter and was in possession of the letter at all relevant times, and was thus in the unique position to read large swaths of the letter into the record and ask Mr. Sykes if he recalled writing the quoted language. The Defendant's alleged attempt to "impeach" Mr. Sykes occurred against the backdrop of his repeated testimony during questioning by both sides that he could not recall certain events which occurred years ago.[6]

Yet, even accepting the Defendant's argument as true, it is telling that the Defendant does not offer any explanation for why it did not: (1) email a copy of the letter to Plaintiff's counsel when they decided to use it during Mr. Sykes' deposition, including during the break directly preceding Defendant's examination of Mr. Sykes to allow Plaintiff and her counsel to review the document; (2) indicate in response to any discovery request that they were withholding a document over an objection as required by Fed. R. Civ. P. 26; or (3) explain why the complaint letter is not responsive to the multiple requests the Plaintiff identified in her Motion except for generally stating it did not intend to use the letter in its defense. The Defendant cannot plausibly dispute that the letter is evidence of a personnel change in Philadelphia following the arrests at issue in Ms. Phillips' case: Mr. Sykes writes at length about the poor conduct of the Defendant to its employees

---

[4] *See* Deposition of Paul Sykes ("Sykes Dep.") 43:10-45:17 (attached hereto as **Exhibit 1**).
[5] *See* Sykes Dep. 7:17-10:5.
[6] 9:1-10:19; 16:1-11; 18:21-20:4

in the weeks that followed those arrests in his resignation letter and indicates the conduct was a factor in his resignation.[7]

To be clear, Paul Sykes' resignation and complaint letter, and any and all documents related to the resignation and complaint letter, have, at all times, been relevant to this litigation and responsive to the Plaintiff's document requests. Other documents relating to Paul Sykes' separation from Starbucks have, at all times, been relevant to this litigation and responsive to the Plaintiff's document requests. The Defendant's obligation to produce these documents was not triggered by Plaintiff becoming aware of their existence following a protracted "gotcha" game culminating in the Defendant's surprise use of Mr. Sykes' resignation and complaint letter during the penultimate deposition in this matter, but by the plain language of Plaintiff's document requests to which the Defendant has maintained an ongoing obligation to respond for nearly fifteen (15) months. The Defendant should be compelled to provide a thorough response.

### III.  CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Memorandum of Law in Support of her Motion to Compel Discovery from Defendant, Plaintiff respectfully requests that this Court grant her Motion.

Respectfully Submitted,

**CONSOLE MATTIACCI LAW, LLC**

Dated: July 1, 2021  BY:  /s/ Katherine C. Oeltjen
Stephen G. Console (040281983)
Katherine C. Oeltjen (57372013)
Holly W. Smith (admitted *pro hac vice*)
110 Marter Avenue, Suite 502
Moorestown, NJ 08057

*Attorneys for Plaintiff*

---

[7] *See* Mr. Sykes' June 15, 2018 resignation and complaint letter (attached as **Exhibit H** to Plaintiff's Motion to Compel).

6

## CERTIFICATE OF SERVICE

    I, Katherine C. Oeltjen, Esquire, hereby certify that on this 1st day of July, 2021, I caused the foregoing Plaintiff's Reply Memorandum of Law in Further Support of her Motion to Compel Discovery and all accompanying materials to be served upon counsel of record for the Defendant via ECF.

*Katherine C. Oeltjen*