IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>                *Plaintiff*,<br><br>   v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY<br><br>                *Defendant.* | CIVIL ACTION NO.: 2:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J. |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SUR-REPLY IN FURTHER SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Shannon Phillips ("Plaintiff" or "Ms. Phillips"), by and through her undersigned counsel, hereby moves this Court for leave to file a Sur-Reply in further support of her opposition to Defendant's, Starbucks Corporation d/b/a Starbucks Coffee Company ("Defendant" or "Starbucks") Motion for Summary Judgment.[1] In support thereof, Plaintiff submits the following:

1.    On November 12, 2021, Defendant filed its Motion for Summary Judgment. [Dkt. Ent. 70].

2.    On December 23, 2021, Plaintiff filed her opposition to Defendant's Motion for Summary Judgment. [Dkt. Ent. 79].

3.    On January 6, 2022, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Defendant's Reply"). [Dkt. Ent. 82].

---

[1] Plaintiff's counsel has read Your Honor's policies and procedures regarding the filing of any further briefing following the moving party's reply. Because the foregoing conflicts with the Local Rules of the District of New Jersey (the forum for this case) which permit a sur-reply with leave of Court (*see* L.R. 7.1(d)(6)), Plaintiff files her present Motion in the event that this Court concludes that the Local Rules of the District of New Jersey are controlling.

1

4. At fifteen (15) pages, Defendant's Reply does not comport with this Court's policies and procedures which limit Reply submissions to ten (10) pages.

5. Furthermore, Defendant's Reply violates the Federal Rules of Civil Procedure and Third Circuit case law interpreting same insofar as it (1) advances new arguments not raised in its opening brief, and (2) contains factual averments which contradict those contained in its Statement of (purportedly) Undisputed Facts submitted in support of its Motion.

6. For example, in its Reply, Defendant argues *for the first time* that Plaintiff was not qualified for her position despite conceding that Plaintiff met the second prong of her *prima facie* burden (qualification) in its opening brief. *See* Defendant's Reply, footnote 3; *cf.* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, p. 6 ("Here, Ms. Phillips' *prima facie* case fails at the third element.").

7. Defendant's challenge to the qualification element of Plaintiff's *prima facie* discrimination case was waived. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court.")

8. By way of further example, Defendant argues *for the first time* and in contrast to its own Statement of (purportedly) Undisputed Facts that "the decision to terminate Ms. Phillips' employment was already made as of May 4, 2018." Defendant's Reply, footnote 4; *cf.* Defendant's Statement of Undisputed Facts in Support of its Motion for Summary Judgment ¶ 75 ("Because strong leadership was essential during that time, on May 9, 2018, Ms. Hymes decided to terminate Ms. Phillips from her Regional Director role.").

9. Defendant's conflicting statements regarding the date that Plaintiff's termination decision was made is evidence of pretext and summary judgment should be denied on Defendant's conflicting timeline offered for the first time in its reply, alone. *See Cullen v. Select Med. Corp.*, 779 F. App'x 929, 932 (3d Cir. 2019) (reversing summary judgment and finding pretext where defendant gave "inconsistent explanations of when the decision to fire [plaintiff] was made.").

10. The interests of justice require that Plaintiff, the non-moving party, be permitted to address these newly raised arguments because they implicate material issues and are capable of impacting the outcome of Defendant's Motion.

WHEREFORE, Plaintiff respectfully requests that this Court grant her present Motion and issue an Order in the form attached hereto.

Respectfully Submitted,

**CONSOLE MATTIACI LAW, LLC**

Dated: <u>January 12, 2022</u>     By:     */s/ Katherine C. Oeltjen*
Stephen G. Console, Esquire
Katherine C. Oeltjen, Esquire
Holly W. Smith, Esquire
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7677

*Attorneys for Plaintiff,
Shannon Phillips*