IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | CIVIL ACTION NO.: 2:19-cv-19432 |
| *Plaintiff*, | |
| v. | Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY | |
| *Defendant.* | |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction**

Pursuant to the Court's Order granting Plaintiff's Motion for Leave to File a Sur-Reply [Dkt. Ent. 85], Plaintiff submits her present Sur-Reply Memorandum of Law in Further Opposition to Defendant's Motion for Summary Judgment. Consistent with this Court's policies and procedures, Plaintiff's Sur-Reply addresses two (2) arguments raised by Defendant for the first time in its Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgement ("Reply"). In addressing only Defendant's newly raised arguments, Plaintiff does not concede to any legal argument or factual assertion contained in Defendant's Reply.[1] As demonstrated by

---

[1] Because it is not a "new" issue that the Parties disagree over the operative facts in this Action, Plaintiff will not address Defendant's unsupported argument that Plaintiff's Response to Defendant's Statement of Facts ("SOF") and Statement of Affirmative Facts ("SOAF") (collectively, "Opposition Facts") "thwarted" the purpose of Rule 56 such that (1) Defendant's SOF should be deemed admitted and (2) Plaintiff's SOAF should be deemed disputed aside from observing that Defendant's position is absurd. Plaintiff met her obligation under Rule 56(c)(1) by providing citations to the record in support of her SOF and SOAF. Defendant cannot now insist that any fact it doesn't like is simply "argument." Viewing Defendant's own statement of facts through the lens it articulates in its Reply would necessitate throwing out of many of its own "facts" as legal argument; for example, how can Defendant's purportedly legitimate non-discriminatory reason or Plaintiff's termination be a "fact," if Plaintiff's assertion that her race was the reason for her termination (supported by citation to the record) is "argument." Federal Rule of Civil Procedure 56 and Local Rule 56.1 provides uniform rules of the road for each side. Finally, the clear disagreement over the facts in this case simply

1

Plaintiff's earlier briefing and the factual record as a whole, Defendant has not met its affirmative burden of establishing that no reasonable jury could determine that Defendant discriminated against Plaintiff on the basis of her race and retaliated against Plaintiff because of her complaint of race discrimination. As a result, and amid numerous genuine disputes of material fact, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety.

## II. Defendant Waived its Argument Attacking the Qualification Element of Plaintiff's *Prima Facie* Burden by Failing to Raise this Argument in its Moving Brief

In its discussion of Plaintiff's *prima facie* discrimination burden, Defendant's moving brief states the following: "To establish a *prima facie* case of [] discrimination, the plaintiff must show (1) she was qualified for the job which she held; (2) despite her qualifications, she was terminated by her employer; and (3) sufficient evidence to allow a reasonable fact finder to conclude, given the totality of circumstances, that the employer treated her less favorably because of her race. **Here, Ms. Phillips' *prima facie* case fails at the third element.**" *See* Moving Brief p. 6 (emphasis added and internal citations omitted). Throughout its six (6) page analysis of Plaintiff's *prima facie* discrimination case, Defendant advances various arguments intended to establish that Plaintiff "has not presented any evidence that the adverse actions she alleges [] raise an inference of unlawful discrimination" but does not make a single reference to the qualification prong of Plaintiff's *prima facie* burden. *Id*. pp. 6-11. Consistent with Defendant's moving brief, Plaintiff, in turn, confined her *prima facie* analysis to demonstrating that her termination occurred under circumstances giving rise to an inference of race discrimination. Opposition Brief, pp. 9-16.

Now, in a footnote to its Reply, Defendant asserts **for the first time** that Plaintiff did not satisfy the qualification prong of her *prima facie* burden, stating: "Although Ms. Phillips alleges

---

highlights the inappropriateness of Defendant's Motion for Summary Judgment on that ground alone. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

2

that Starbucks concedes she was qualified for the role, Starbucks has always maintained that she was terminated for her poor performance[.] Therefore, Ms. Phillips was not qualified for the position." Reply, p. 6. In other words, Defendant essentially argues that Plaintiff should have interpreted its stated reason of "poor performance" as a challenge to the qualification element *prima facie* case. However, "[s]ummary judgment cannot be granted based upon an implication" and Plaintiff should not be expected to make Defendant's arguments for them. *Santiago v. City of Vineland,* 107 F. Supp. 2d 512, 552 (D.N.J. 2000). Rather, "the crafting of [Defendant's] arguments is a task which their attorneys ostensibly were retained to perform". *Id.* at 553. Moreover, nothing in the *McDonnell Douglas* burden shifting framework automatically renders an employee who was (allegedly) terminated for poor performance as unqualified for purposes of the *prima facie* analysis. *See Jalil v. Avdel Corp.*, 873 F.2d 701, 707 (3d Cir. 1989) (rejecting lower court's determination that plaintiff's performance issues embodied in defendant's stated reason rendered plaintiff, an eight (8) year employee, unqualified for purposes of his *prima facie* burden).

By failing to challenge the qualification element of Plaintiff's *prima facie* case, Defendant has conceded that she was qualified for her position purposes of its Motion for Summary Judgement. The law is clear that "an issue is waived unless a party raises it in its opening brief." *Laborers' Intern. Union of North America, AFL-CIO*, 26 F.3d 375, 398 (3d Cir. 1994). The rationale for this rule is self-evident: "allowing a party to argue a matter for the first time in the reply prevents the non-moving party from demonstrating that the record does not support the moving party's factual assertions and from presenting an analysis of the new argument." *Walker v. Viad Corp*, 2019 U.S. Dist. LEXIS 24614, at *39-41 (E.D. Pa. Feb. 14, 2019) (Slomsky, J.); *see also Bayer AG v. Schein Pharm., Inc.,* 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd,* 301 F.3d 1306 (Fed. Cir. 2002) (same). As such, "[t]here is cause for concern where a movant presents new

arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant." *Alston v. Forsyth*, 379 Fed. App'x 126, 129 (3d Cir. 2010).

Courts within the Third Circuit routinely decline to consider arguments raised by a party for the first time in its reply. *See e.g.*, *Tri-Realty Co. v. Ursinus Coll.*, 124 F. Supp. 3d 418, 454 n.36 (E.D. Pa. 2015) (declining to grant summary judgment on grounds raised for the first time in the defendant's reply brief); *United States v. McNish*, 2021 U.S. Dist. LEXIS 225561, at *18 (E.D. Pa. Nov. 22, 2021) (Slomsky, J.) ("The Court will not address this [newly raised] claim because Defendant did not raise it in a timely manner, failing to mention it prior to his supplemental Reply brief."); *Bland v. Lewis*, 2016 U.S. Dist. LEXIS 91381, at *7 (E.D. Pa. July 12, 2016) (declining to address the merits of arguments raised for the first time in defendants' reply brief).

Because Defendant's untimely argument that Plaintiff was not qualified for her position was not included in Defendant's moving brief and Plaintiff was not afforded notice and the opportunity to respond to same, this argument was waived. Assuming *arguendo* that consideration of Defendant's waived argument were proper, Defendant's footnote argument which, notably, does not apprise this Court of the applicable legal standard and states only that "Ms. Phillips was not qualified for the position" is plainly insufficient. "It is the *moving party's burden to demonstrate that it is entitled to summary judgment.*" *Santiago*, 107 F. Supp. 2d at 552 (emphasis in original). With respect to the qualification element of Plaintiff's *prima facie* case, Defendant has not met its affirmative burden of demonstrating that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

Plaintiff anticipates that Defendant will use its procedurally unusual Sur-Reply to Plaintiff's Sur-Reply to develop its legal argument regarding the qualification issue for the first

4

time. Defendant is not entitled to a third bite at the apple. Consideration of this (or any other) waived argument contained in Defendant's forthcoming Sur-Reply to Plaintiff's Sur-Reply would result in clear prejudice to Plaintiff because Plaintiff will never have the opportunity to meaningfully respond while remaining within the bounds of the Federal Rules of Civil Procedure, the Local Rules for the District of New Jersey, and the policies and procedures of this Court.[2] Defendant's need to brief *ad nauseum* only reinforces the presence of disputed material facts rendering summary judgment wholly inappropriate in this case.

Because Defendant failed to challenge the qualification element of Plaintiff's *prima facie* case in its moving brief and because its legally inadequate attempt to do so in its Reply is insufficient to meet its burden under the summary judgment standard, Plaintiff respectfully requests that this Court reject Defendant's newly minted argument contained herein and in its anticipated Sur-Reply to Plaintiff's Sur-Reply.

### III. **Defendant's Continually Shifting Explanations Regarding the Timing of its Decision to Terminate Plaintiff is Evidence of Pretext**

Going one step further than simply advancing a new argument not contained in its moving brief (discussed in Section II, *supra*), Defendant's Reply contains a factual assertion regarding the timing of Plaintiff's termination which blatantly contradicts the facts offered in support of its Motion. In its Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment ("Statement of Facts"), Defendant asserts: "on **May 9, 2018**, Ms. Hymes decided to terminate Ms. Phillips from her Regional Director role." SOF ¶ 75 (emphasis added).

---

[2] *See e.g.*, *Kabbaj v. Simpson*, 2013 U.S. Dist. LEXIS 55582, at *24 n.74 (D. Del. Mar. 7, 2013) (quoting *Contram Commodity Trading Co v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) ("The general rule against sur-replies and other post reply briefing fairly and reasonably assists the Court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word."); *In re Elec. Ins. Co. v. Electrolux N. Am., Inc.*, 2010 U.S. Dist. LEXIS 114655, at *4 (D.N.J. Oct. 26, 2010) ("The purpose of [Local Rule 7.1(d)(6)] is two-fold: first, to preserve the Court's time and ensure expedited resolution of cases; second, to prevent attorneys from engaging in a battle for the last word of any argument.")

In its Reply, Defendant now contends: "the decision to terminate Ms. Phillips' employment was already made as of **May 4, 2018**." Reply p. 11 (emphasis added).[3] To put a finer point on it, in the two (2) month period between filing its Motion for Summary Judgment and its Reply, Defendant has shifted its position on a material and, in fact, critical issue in this case: the timing of Defendant's decision to terminate Plaintiff. For this reason alone, summary judgment on Plaintiff's retaliation claims should be denied.

The reason for Defendant's shifting position on the timing of its decision to terminate Plaintiff is manifest: if Defendant's assertion that its termination decision was finalized on May 4th was accepted as true, then Plaintiff's retaliation claim based on protected activity occurring on May 8th would fail. However, the date that Defendant decided to terminate Plaintiff is not a moving target and Defendant's inability to maintain a consistent position on this issue highlights the existence of material factual disputes rendering summary judgment on Plaintiff's claims improper. *See UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F. Supp. 362, 384 n.20 (D.N.J. 1995) (denying summary judgment where defendants' reply brief contained factual assertions inconsistent with those contained in its initial brief, reasoning "nothing in defendants' reply brief convinces the court to do anything other than to permit the presentation of evidence regarding the dates [in dispute] to the jury for its consideration.").

---

[3] Defendant's assertion is not supported by the materials upon which they rely. As evidenced by the text message conversation contained at Defendant's **Exhibit K,** as of May 7th, Defendant was still considering various options for Plaintiff, including a "coffee break". In Starbucks vernacular, a "coffee break" is a sabbatical. Pinto Tr. 166:22-167:1 (**Exhibit 5** to Plaintiff's Opposition); Smith Tr. 54:6-8 (**Exhibit 4** to Plaintiff's Opposition). While on a coffee break, an individual remains an employee of Starbucks and is entitled to receive insurance and other benefits. Hymes Tr. 295:6-297:10; 305:24-306:4 (**Exhibit 7** to Plaintiff's Opposition). Defendant's witnesses unequivocally testified that a coffee break is not the same as a termination. Smith Tr. 54:10-13; Hymes Tr. 295:6-297:10; 305:24-306:4.

Looking past **Exhibit K,** the sworn testimony of each of parties to the text exchange contradicts Defendant's assertion that the decision to terminate Plaintiff was made as of May 4th. Ms. Smith testified that as of both May 4th and 7th, the decision to terminate Plaintiff had not been made. Smith Tr. 50:21-51:4. Mr. Pinto testified that the decision to terminate Plaintiff was made *after* the May 8th conversation during which Plaintiff engaged in protected activity. Pinto Tr. 172:12-22. Ms. Hymes testified that a reason for Plaintiff's termination was that she was "insubordinate" during the May 8th meeting during which Plaintiff engaged in protected activity. Hymes Tr. 50:22-51:11; 177:14-178:19.

Moreover, Defendant's shifting explanation regarding the timing of its decision to terminate Plaintiff is evidence of pretext. *See e.g.*, *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 310 (3d Cir. 2012) (reversing summary judgment where defendant "repeatedly contradicted [itself] on the timing of [termination] decision", reasoning that "these contradictions go to the very core of [defendant's] proffered reason for terminating [plaintiff]" and inconsistencies were evidence of pretext); *Cullen v. Select Med. Corp.*, 779 F. App'x 929, 932 (3d Cir. 2019) (reversing summary judgment where defendant "offered inconsistent explanations of when the decision to fire [plaintiff] was made", reasoning that same constituted "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."). As such, Plaintiff respectfully requests that this Court incorporate the foregoing into Plaintiff's pretext analysis contained at Section III.A.3 of her Opposition Brief.

## IV. Conclusion

For the foregoing reasons and the reasons set forth in Plaintiff's earlier briefing, Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgement in full and permit Plaintiff to present her claims of race discrimination and retaliation to a jury.

Respectfully Submitted,

**CONSOLE MATTIACI LAW, LLC**

Dated: February 1, 2022    By:    */s/ Katherine C. Oeltjen*
Stephen G. Console, Esquire
Katherine C. Oeltjen, Esquire
Holly W. Smith, Esquire
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7677

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, Katherine C. Oeltjen, Esquire, hereby certify that on the first (1st) day of February, 2022, I served the foregoing on counsel for Defendant via electronic case filing as follows:

Richard R. Harris, Esquire
Hannah M. Lindgren, Esquire
**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

*Attorneys for Defendant*

*Katherine C. Oeltjen*
