UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432 |
| v. | : Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : FILED VIA ECF |
| Defendant. | : |

**DEFENDANT'S SUR-REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks" or "Defendant"), files this brief response to Plaintiff Shannon Phillips' Sur-Reply (ECF 86) pursuant to the Court's January 26, 2022 Order (ECF 85) and respectfully avers as follows:

Ms. Phillips claims that Starbucks states for the first time in its Reply that: (1) Ms. Phillips was not qualified for the position and (2) that Starbucks made the decision to terminate her on May 4, 2018. Whether Starbucks raised these arguments in its Opening Brief does not mean that the court cannot consider them in ruling on Starbucks' Summary Judgment motion. "[A] court has discretion to consider new arguments" raised in a Reply Brief. *DeSimone v. U.S. Claims Servs., Inc.*, No. 19-6149, 2020 WL 1164794, at *5, n.7 (E.D. Pa. Mar. 11, 2020). Further, "[a] party is not prejudiced by new arguments raised in a reply brief if the court allows the party an opportunity to respond to the newly raised issues in a sur-reply brief." *Id.*[1] Therefore, since this Court allowed

---

[1] Notably, none of the cases that Ms. Phillips cites to in support of her argument that Starbucks' arguments in its Reply should be disregarded involve a plaintiff, like her, who had the opportunity to file a Sur-Reply in response to "new" arguments raised by the defendant. *See, e.g. Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("[W]hen a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (a District Court should not consider new evidence raised in the reply to a motion for summary judgment without giving the nonmoving party an opportunity to respond).

Ms. Phillips the opportunity to respond to Starbucks' arguments in its Reply through her Sur-Reply, she cannot establish that she was prejudiced by any new arguments raised.

Further, at no time did Starbucks concede in its Opening Brief that Ms. Phillips was qualified for her position. Indeed, Starbucks established more than an implication that Ms. Phillips was not qualified for her position. In its Opening Brief, Starbucks outlined extensively Ms. Phillips' performance deficiencies, which it has always maintained was the reason for her termination. It is undisputed that:

- On May 2, 2018, Ms. Hymes testified that she communicated to Ms. Phillips that Starbucks needed strong leadership. On that same day, according to Ms. Hymes, Ms. Phillips admitted that she did not think she was "built for this" and her role following the arrests was difficult for her. (SOF ¶ 24.)

- According to Ms. Hymes, the "overwhelming theme" that emanated from the roundtables following the April 2018 arrests was that partners in the Philadelphia region "did not trust [Ms. Phillips]," and "partners in distress . . . cannot be led through crisis in an effective way with excellence if they do not trust their leader." (SOF ¶ 72.)

- Paul Pinto (White) similarly observed that Ms. Phillips was neither physically nor emotionally present following the April 2018 arrests. (SOF ¶ 28.)

- Mr. Pinto classified Ms. Phillips' leadership as "completely paralyzed" and driven by "panic" following the April 2018 arrests. (SOF ¶ 29.)

- On May 4, 2018, Zeta Smith texted Mr. Pinto stating that "[t]hings need to escalate with Shannon. She has crashed and burned." (SOF ¶ 73.)

Nevertheless, whether or not Ms. Phillips is qualified for her position, there is absolutely no evidence that Starbucks discharged Ms. Phillips under circumstances that raise an inference of discrimination or retaliation. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183-84 (3d Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, *all other facts are rendered immaterial*, and the moving party is 'entitled to summary judgment as a matter of law' because

the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."). As articulated in Starbucks' Opening and Reply Briefs, Ms. Phillips' theory of her case that her termination was discriminatory because it was part of Starbucks' plan to rid its Philadelphia market of White leaders in the wake of the April 2018 arrests is completely illogical because Starbucks replaced Ms. Phillips with a White employee on May 9, 2018.  (SOF ¶ 80.)

Moreover, that Starbucks already made the decision to end Ms. Phillips' employment as of May 4, 2018 (as demonstrated by a text message where Ms. Smith tells Mr. Pinto that he needs "to help Camille [Hymes] with a plan for Shannon to exit") does not contradict the fact that Ms. Hymes decided to terminate Ms. Phillips' employment on May 9, 2018.  (*See* Exh. K.)  Ms. Phillips' inability to lead her team following the April 2018 arrests was immediately apparent, and Starbucks began to make preparations to end her employment as of May 4, 2018, as demonstrated in Ms. Smith's text message to Mr. Pinto.  (*See* Exh. K.)  That Ms. Hymes ultimately made the decision to terminate Ms. Phillips' employment on May 9, 2018, does not alter the fact that Starbucks already discussed ending her employment before she opposed Mr. Trinsey's suspension. Further, Starbucks has never expressed shifting reasons for Ms. Phillips' termination.  Starbucks has *consistently* maintained that it terminated Ms. Phillips' employment because of her ineptitudes as a leader following the April 2018 arrests.

Even if this Court ignores the timing between the decision to terminate Ms. Phillips' employment and her opposition to Mr. Trinsey's suspension, there is ample evidence demonstrating that Starbucks did not retaliate against Ms. Phillips.  In particular, Ms. Phillips' disagreement with Starbucks' legitimate employment decision to suspend a potential perpetrator of discrimination pending an investigation into his behavior does not constitute protected activity.

3

For the reasons set forth herein, along with those arguments set out in its Brief in support of its Motion for Summary Judgment and Reply brief, Starbucks respectfully requests that the Court enter judgment in its favor and against Ms. Phillips and dismiss her case with prejudice.

| | |
|---|---|
| Date: February 8, 2022 | Respectfully submitted, |
| | /s/ Hannah M. Lindgren |
| | Hannah M. Lindgren (NJ No. 292082019) |
| | hlindgren@littler.com |
| | Richard R. Harris (admitted *Pro Hac Vice*) |
| | rharris@litter.com |
| | Tara Param, (admitted *Pro Hac Vice*) |
| | tparam@littler.com |
| | LITTLER MENDELSON P.C. |
| | Three Parkway |
| | 1601 Cherry Street, Suite 1400 |
| | Philadelphia, PA 19102.1321 |
| | Telephone:   267.402.3000 |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

    I, Hannah M. Lindgren, hereby certify that on the 8th day of February 2022, the foregoing document was filed using the District of New Jersey's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Hannah M. Lindgren*
Hannah M. Lindgren