IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>            Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>            Defendant. | CIVIL ACTION<br>NO. 19-19432 |

### FIFTH AMENDED SCHEDULING ORDER

**AND NOW**, this 14th day of November 2022, it is **ORDERED** that the Fourth Amended Scheduling Order (Doc. No. 57) is **VACATED** and substituted as follows:

    1.    On or before **February 13, 2023**, counsel for each party shall serve upon counsel for every other party:

        (a)    a copy of each exhibit the party expects to offer at trial, together with an index of all trial exhibits marked with consecutive numbers;

        (b)    the curriculum vitae for each expert witness expected to testify;

        (c)    proposed stipulations; and

        (d)    a specific designation of each discovery item expected to be offered into evidence.

    2.    No later than **February 27, 2023**, the parties shall file their pretrial memoranda. Each party's pretrial memorandum shall include the following information:

        (a)    a detailed factual summary of the party's contentions;

   (b) the identity of each fact, liability, and damages witness to be called at trial with a statement of the nature of the expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

   (c) the identity of each expert witness to be called at trial with a concise statement of each opinion to be offered by the expert;

   (d) a curriculum vitae for each expert witness;

   (e) designation of videotaped trial testimony;

   (f) designation of deposition testimony to be offered at trial specifying witness, pages, and line numbers;

   (g) a list of each item of monetary damages claimed, including, as appropriate, computations of lost earnings and loss of future earning capacity, medical expenses, property damage, and any other economic loss; or, if relief other than monetary damages is sought, information adequate for framing an order granting the relief sought;

   (h) stipulations, if any;

   (i) objections to and the grounds for the objections to the admissibility of any item of evidence expected to be offered by another party; and

   (j) a statement of any anticipated legal issues on which the Court will be required to rule.

  3. All motions in limine and any other pretrial motions shall be filed no later than **March 13, 2023**.  Responses, if any, shall be filed no later than **March 20, 2023**.

  4. No later than **March 20, 2023**, the parties shall file <u>joint</u> proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.  Each party also shall file proposed jury instructions, verdict forms or special interrogatories

on those issues not agreed upon by the parties in their joint submission.  Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate.  Jury instructions shall also be sent to Chambers on the date of filing referred to in this paragraph on a disc in .doc (Word) format.

      5.      Prior to the final pretrial conference, counsel shall confer on proposed voir dire questions and, if possible, agree on proposed voir dire questions.  Unless the parties agree otherwise, they shall submit to the Court their final voir dire questions no later than **March 20, 2023**.

      6.      Prior to the final pretrial conference, counsel shall confer regarding stipulations and exhibits.  Counsel shall resolve, if possible, objections to exhibits and witnesses.  Failure to confer shall result in the imposition of sanctions.

      7.      A final pretrial conference will be held on **March 27, 2023 at 2:30 p.m. in Chambers (Room 13614)**.

      8.      At the final pretrial conference, the parties shall provide the Court with one copy of each exhibit and three copies of a schedule of exhibits which shall briefly describe each exhibit.  At the commencement of trial, the parties shall provide the Court with copies of each exhibit.  Exhibits shall be arranged and tabbed in a ring binder.

      9.      At the final pretrial conference, counsel shall be prepared to argue pending motions in limine, and objections to witnesses and exhibits.  Counsel shall be prepared to state their objections to voir dire, witnesses, and exhibits, and to respond to opposing counsel's objections.  It is expected that counsel will have complied with the requirement to confer

regarding voir dire, witnesses, and exhibits set forth in paragraphs 10 and 11, leaving for the Court only those objections the parties could not resolve.

10. Only those exhibits, discovery items, and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial.

11. No later than **March 13, 2023**, any party objecting to deposition testimony shall file the objections, setting forth the page and line numbers of the challenged testimony and a clear statement of the basis for each objection. The objecting party must provide the Court with a copy of the portions of the deposition transcript with the challenged testimony highlighted. Failure to comply with these requirements shall constitute a waiver of all objections.

12. This case will be listed for trial in the District of New Jersey on **April 3, 2023 at 9:30 am in Courtroom #1**, in the **U.S. Courthouse & Post Office Building, 401 Market St., Camden, New Jersey 08102**. Counsel and all parties shall be prepared to commence trial on the scheduled date. All counsel are **attached** for trial.

13. If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, no later than ten (10) business days prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be presented in the manner prescribed in paragraph 16.

For all filings submitted and conferences held pursuant to this scheduling order, and for all pretrial and trial proceedings referred to herein, counsel shall follow Judge Slomsky's Policies and Procedures, a copy of which can be found online at www.paed.uscourts.gov.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.