**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHANNON PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY,<br><br>Defendant. | : | Civil Action No. 1:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J.<br><br>ORAL ARGUMENT REQUESTED<br><br>**FILED VIA ECF** |

---

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

---

Richard R. Harris (*admitted pro hac vice*)
Tara Param (*admitted pro hac vice*)
Hannah M. Lindgren (NJ No. 292082019)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
rharris@littler.com
tparam@littler.com
hlindgren@littler.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION .......... 1

II. LEGAL ARGUMENT .......... 2

A. Standard of Review .......... 2

B. The Court Should Have Applied A Heightened Standard When Analyzing Ms. Phillips' Reverse Discrimination Claim Under The NJLAD And Section 1981 .......... 2

C. This Court Should Not Have Relied On Mr. Sykes' and Mr. Trinsey's Unfounded Opinions about Ms. Phillips' Performance And The Reason For Her Termination .......... 7

D. This Court Should Not Have Substituted Its Business Judgment For Starbucks' Legitimate Business Decision .......... 9

III. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adamson v. Multi Community Diversified Servs., Inc.*,
514 F.3d 1136 (10th Cir. 2008) ....................6

*Allia v. Target Corp.*,
No. CIVA07-4130....................6

*Anderson v. Exxon Co.*,
89 N.J. 483 (1982) ....................10

*Aurelio v. Bd. of Educ. of the Borough of Carteret*,
No. CIV.A.06-3146(JLL), 2009 WL 1794800 (D.N.J. June 23, 2009), *aff'd sub nom. Aurelio v. Bd. of Educ. of Borough of Carteret*, 373 F. App'x 263 (3d Cir. 2010) ....................3

*Bergen Commercial Bank v. Sisler*,
157 N.J. 188 (1999) ....................5

*Billet v. CIGNA Corp.*,
940 F.2d 812 (3d Cir. 1991)....................7

*Boykins v. CLBW Assocs.*,
No. CIV. A. 11-6126, 2013 WL 6506309 (E.D. Pa. Dec. 11, 2013)....................7

*Brewer v. Quaker State Oil Refining Corp.*,
72 F.3d 326 (3d Cir. 1995)....................9, 10

*Conkwright v. Westinghouse Elec. Corp.*,
933 F.2d 231 (4th Cir.1991) ....................7, 8

*DeJarnette v. Corning Inc.*,
133 F.3d 293 (4th Cir. 1998) ....................7, 8

*Ditzel v. University Medicine and Dentistry of New Jersey*,
962 F. Supp. 595 (D.N.J. Apr. 14, 1997)....................4, 5

*Erhart v. City of Atlantic City*,
2005 WL 8174791 (D.N.J. Feb. 10, 2005) ....................4

*Erickson v. Marsh & McLennan Co.*,
117 N.J. 539 (1990) ....................3

*Flizack v. Good News Home for Women, Inc.*,
346 N.J. Super. 150, 787 A.2d 228 (App. Div.2001) ....................................................3

*Garrett v. City of Camden*,
2022 WL 3646569 (D.N.J. Aug. 24, 2022) ....................................................2

*Glavan v. City of Irvington*,
No. L–6270–02, 2008 WL 2840881 (App. Div. July 25, 2008)....................................................3

*Gonzalez v. Crosby*,
545 U.S. 524 (2005)....................................................2

*Healy v. New York Life Ins. Co.*,
860 F.2d 1209 (3d Cir. 1988)....................................................10

*Iadimarco v. Runyon*,
190 F. 3d 151 (3d Cir. 1999)....................................................3

*Jason v. Showboat Hotel & Casino*,
329 N.J. Super. 295 (App. Div. 2000) ....................................................9

*Jones v. Univ. of Pennsylvania*,
Civ. A. No. 00-2695, 2003 U.S. Dist. LEXIS 6623....................................................10, 11

*Kemp v. United States*,
142 S. Ct. 1856 (2022)....................................................2

*Kirschling v. Atlantic City Bd. Of Educ.*,
10 F.Supp. 3d 587 (D.N.J. Mar. 31, 2014) ....................................................4

*Marino v. Westfield Board of Education*,
2020 WL 1032504 ....................................................5

*Mastro v. Potomac Elec. Power Co.*,
447 F.3d 843 (D.C. Cir. 2006) ....................................................5

*McQuillan v. Petco Animal Supplies Stores, Inc.*,
No. CIV.A. 13-5773 FLW, 2014 WL 1669962 (D.N.J. Apr. 28, 2014)....................................................3

*Miller v. New Jersey*,
144 Fed. Appx. 926 (3d Cir.2005)....................................................5

*Murphy v. Housing Auth. and Urban Redevelopment Agency of the City of Atlantic City*,
32 F. Supp. 2d 753,764-65 (D.N.J. 1999), *aff'd*, 208 F. 3d 206 (3d. Cir. 2000) ....................................................5

*Murphy v. Housing Authority and Urban Redevelopment Agency of City of Atlantic City*,
32 F. Supp. 2d 753 (D.N.J. 1999) ....................4, 5

*O'Lone v. New Jersey Dept. of Corr.*,
313 N.J. Super. 249 (App. Div. 1998) ....................5

*Oakley v. Wianecki*,
345 N.J. Super. 194, 784 A.2d 727 (App.Div.2001) ....................3

*Palatnick v. The Home Depot, Inc.*,
2006 WL 680981 (D.N.J. Mar. 10, 2006)....................4, 5

*Paris v. Lockheed Martin Corp.*,
2013 U.S. Dist. LEXIS 77453 (D.N.J. June 3, 2013) ....................10

*Phelan v. City of Chicago*,
347 F.3d 679 (7th Cir. 2003), *cert. denied*, 541 U.S. 989 (2004)....................5

*Preston v. Vanguard Group*, *Inc.*
No. 14-7243, 2015 WL 7717296 (E.D. Pa. Nov. 30, 2015) ....................6

*Sarmiento v. Montclair State Univ.*,
513 F. Supp. 2d 72 (D.N.J. 2007) ....................10

*Smith v. Flax*,
618 F.2d 1062 (4th Cir.1980) ....................7

*Sutherland v. Michigan Dep't of Treasury*,
344 F.3d 603 (6th Cir. 2003) ....................5

*Thompson v. Bridgeton Bd. Of Educ.*,
9 F. Supp. 3d 446 (D.N.J. 2014) ....................4

**Statutes**

Title VII of the Civil Rights Act of 1964....................1

42 U.S.C. § 1981 .................... *passim*

The New Jersey Law Against Discrimination ....................3

**Other Authorities**

Federal Rule of Civil Procedure 60(b)....................2

Rule 60(b)(1)....................2

## I. INTRODUCTION

Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks") respectfully requests that this Court grant its Motion for Reconsideration of the portion of its August 31, 2022 Order denying Starbucks' Motion for Summary Judgment of Plaintiff Shannon Phillips' ("Ms. Phillips") reverse race discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the New Jersey Law Against Discrimination ("NJLAD").

*First,* Starbucks respectfully submits that this Court should have applied a heightened standard to Ms. Phillips' reverse race discrimination claim under NJLAD and Section 1981. Failing to require a plaintiff to submit any evidence of "background circumstances that support the suspicion that the defendant is that unusual employer who discriminates against the majority," is an error of law that requires reversal. In fact, Ms. Phillips provided no evidence to meet this heightened standard – in particular, given that Starbucks promptly replaced Ms. Phillips by someone within her protected class, which destroys any inference that Starbucks terminated Ms. Phillips as part of a plan to remove White employees in leadership.

*Second*, it was also an error of law to rely on the unfounded and entirely speculative opinions of Mr. Sykes and Mr. Trinsey about Ms. Phillips' performance. As *Ms. Phillips' subordinates*, they are not in a position to evaluate Ms. Phillips' performance. Their opinions are legally irrelevant. And, as such, a reasonable jury could not find pretext based on their speculative opinions.

*Third*, it was also an error to not give deference to the business judgment of Starbucks. By finding that Starbucks' decision not to discipline Mr. Sykes evidences disparate treatment – even though Mr. Sykes is not a comparator and was held to an entirely different standard of performance

to Ms. Phillips – the Court inadvertently positioned itself as a "super-personnel" department by second guessing the legitimate business decision of Starbucks.

As a result of these errors of law, Starbucks respectfully requests that this Court vacate the portion of its August 31, 2022 Order denying Starbucks' Motion for Summary Judgment as to Ms. Phillips' reverse race discrimination, and dismiss all of Ms. Phillips' claims with prejudice.

## II. LEGAL ARGUMENT

### A. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a final judgment under a limited set of circumstances. *See* Fed. R. Civ. P. 60(b); *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances include mistake, excusable neglect, newly discovered evidence, fraud, inadvertence, or surprise. *See* Fed. R. Civ. P. 60(b); *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). Rule 60(b) also provides "a catchall," which allows a party to seek relief from a final judgment "for 'any other reason that justifies relief.'" *See Garrett v. City of Camden*, 2022 WL 3646569, *10 (D.N.J. Aug. 24, 2022) (quoting *Kemp*, 142 S.Ct. at 1861)). "The term 'mistake' in Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 213 L. Ed. 2d 90, 142 S. Ct. 1856, 1858 (2022). Under this standard, and for the reasons outlined below, Starbucks respectfully requests that this Court reconsider its decision to deny Starbucks' motion for summary judgment as to Ms. Phillips' discrimination claim and, instead, grant summary judgment in Starbucks' favor as to all of Ms. Phillips' claims against Starbucks.

### B. The Court Should Have Applied A Heightened Standard When Analyzing Ms. Phillips' Reverse Discrimination Claim Under The NJLAD And Section 1981

It was an error of law to apply a heightened standard when analyzing Plaintiff's reverse race discrimination case under the NJLAD and Section 1981 claims.[1]

---

[1] This Court also erred by not granting Starbucks' Motion for Summary Judgment as to Ms.

In cases alleging discrimination by a member of "a class that has not historically been victimized by discrimination" under the NJLAD, the District of New Jersey has applied a heightened standard for a plaintiff to establish their *prima facie* case. *See Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 552 (1990). In this Court's Opinion, it applied the standard set under *Iadimarco v. Runyon*, 190 F. 3d 151, 158 (3d Cir. 1999). However, the standard under *Iadimarco* only applies to reverse race discrimination claims under Title VII.

While, under *Iadimarco,* a plaintiff is not required to meet a heightened standard to allege reverse discrimination under Title VII, the Courts in this Circuit have not applied the same standard to reverse discrimination claims under NJLAD. "[P]laintiff alleges discrimination pursuant to the NJ LAD. Post-*Iadimarco* New Jersey courts have continued to follow the heightened standard set forth in *Erickson. See, e.g., Flizack v. Good News Home for Women, Inc.,* 346 N.J. Super. 150, 158, 787 A.2d 228 (App. Div.2001); *Oakley v. Wianecki,* 345 N.J. Super. 194, 201, 784 A.2d 727 (App.Div.2001); *Glavan v. City of Irvington,* No. L–6270–02, 2008 WL 2840881, at *6 (App. Div. July 25, 2008) (altering analytical framework where plaintiff is not a member of the minority and requiring plaintiff to show that "she has been victimized by an unusual employer who discriminates against the majority"). Thus, in New Jersey, the *Erickson* standard remains the law." *Aurelio v. Bd. of Educ. of the Borough of Carteret*, No. CIV.A.06-3146(JLL), 2009 WL 1794800, at *3–4 (D.N.J. June 23, 2009), *aff'd sub nom. Aurelio v. Bd. of Educ. of Borough of Carteret*, 373 F. App'x 263 (3d Cir. 2010); *McQuillan v. Petco Animal Supplies Stores, Inc.,* No. CIV.A. 13-5773 FLW, 2014 WL 1669962, at *4 (D.N.J. Apr. 28, 2014) (citations omitted) ("[T]he prima facie stage is slightly modified and heightened" when the plaintiff is part of a majority group);

---

Phillips' Title VII claim. Even under the standard set in *Iadimarco*, Ms. Phillips cannot establish her reverse race discrimination claim, as outlined in Starbucks' Motion for Summary Judgment and Sections C and D of this Brief, *infra*.

*Palatnick v. The Home Depot, Inc.*, 2006 WL 680981, *9 (D.N.J. Mar. 10, 2006) (applied the heightened "background circumstances" standard to plaintiff's reverse gender discrimination claim under NJLAD); *Kirschling v. Atlantic City Bd. Of Educ.*, 10 F.Supp. 3d 587, 554 (D.N.J. Mar. 31, 2014) ("Under th[e] modified, heightened standard[], Plaintiff must establish . . . background circumstances supporting the suspicion that the Board is the unusual employer who discriminates against the majority."); *Erhart v. City of Atlantic City*, 2005 WL 8174791, *5 (D.N.J. Feb. 10, 2005) ("Under the NJ LAD . . . you must apply what is called the background circumstances approach. Under this test, an employee alleging reverse discrimination must show by a preponderance of the evidence that her employer is the unusual employer who discriminates against the majority."); *Ditzel v. University Medicine and Dentistry of New Jersey,* 962 F. Supp. 595, 603 (D.N.J. Apr. 14, 1997) ("[I]n addition to satisfying the same analysis routinely applied to typical discharge cases, the unique nature of reverse discrimination claims compel[s] the Court to modify the first prong by requiring that the employee demonstrate that 'he has been victimized by an 'unusual employer who discriminates against the majority.''"); *Murphy v. Housing Authority and Urban Redevelopment Agency of City of Atlantic City*, 32 F. Supp. 2d 753, 766 (D.N.J. 1999) ("In a reverse discrimination case [based on disparate treatment], a prima facie case is established upon a showing [(1)] that background circumstances support the suspicion that the defendant is that unusual employer who discriminated against the majority; and … [(2)] that the employer treated similarly situated employees differently because of their race.'"); *Thompson v. Bridgeton Bd. Of Educ.*, 9 F. Supp. 3d 446, 458 (D.N.J. 2014) (plaintiff failed to make a *prima facie* case of reverse race discrimination when she could not show that defendants were the unusual employer who discriminate against the majority).

The Courts in this jurisdiction have applied the same heightened standard to claims of

reverse race discrimination under Section 1981. *See Ditzel v. University of Medicine and Dentistry of New Jersey*, 962 F.Supp. 595, n. 1 (D.N.J. Apr. 14, 2997) (requiring that plaintiff demonstrate "he has been victimized by an 'unusual employer who discriminates against the majority'" in both his NJLAD and Section 1981 claims); *Palatnik v. The Home Depot*, *Inc.*, 2006 WL 680981, *9 (D.N.J. Mar. 10, 2006) (applies the heightened "background circumstances" standard to Section 1981 reverse gender discrimination claim); *Marino v. Westfield Board of Education*, 2020 WL 1032504, *4 (D.N.J. Mar. 3, 2020 (also applies heightened "background circumstances" standard to Section 1981 reverse gender discrimination claim).

Under this heightened standard to establish a *prima facie* claim of reverse discrimination, a plaintiff must show that she has "been victimized by an 'unusual employer who discriminates against the majority.'" *O'Lone v. New Jersey Dept. of Corr.*, 313 N.J. Super. 249, 254 (App. Div. 1998) (*quoting Erickson, supra*, 117 N.J. at 551)); *see also Murphy v. Housing Auth. and Urban Redevelopment Agency of the City of Atlantic City*, 32 F. Supp. 2d 753,764-65 (D.N.J. 1999), *aff'd*, 208 F. 3d 206 (3d. Cir. 2000); *Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 214 (1999). To that end, a plaintiff must allege certain "background circumstances that support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Miller v. New Jersey,* 144 Fed. Appx. 926, 929 (3d Cir.2005); *Murphy v. Hous. Auth. and Urban Redev. Agency,* 32 F.Supp.2d 753, 764–65 (D.N.J.1999), *aff'd,* 208 F.3d 206 (3d Cir.2000).

This heightened standard applies because the generous "inference of discrimination" that arises from satisfying the minimal *prima facie* case is predicated entirely on the plaintiff being in a "socially disfavored" minority group. *See Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 850-51 (D.C. Cir. 2006); *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 614-15 (6th Cir. 2003); *Phelan v. City of Chicago*, 347 F.3d 679, 684-85 (7th Cir. 2003), *cert. denied*, 541 U.S.

989 (2004); *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1149-50 (10th Cir. 2008). When the plaintiff is in an "historically favored group," such an inference is not warranted unless there is some proof that the employer discriminates against the majority. *See id.* By failing to apply the heightened standard to Ms. Phillips' NJLAD and Section 1981 claims of reverse race discrimination against Starbucks, the Court committed an error of law.

Starbucks anticipates that Ms. Phillips' will argue that she can meet this heightened standard based on the flawed theory that "Starbucks discriminated against her and other Caucasian employees to rectify its public image after the [April 12, 2018 arrests of two Black customers] garnered significant attention in the national news media." ECF 92 at 1. However, in reality, Ms. Phillips only identifies Ben Trinsey. Moreover, as explained in Starbucks' brief in support of its Motion for Summary Judgment, this argument, upon closer inspection, falls apart. This theory becomes nonsensical when paired with the undisputed fact that Starbucks placed another ***White employee*** in a leadership position to replace Ms. Phillips following the April 2018 arrests. Therefore, it is difficult to imagine that a juror would find that Starbucks removed Ms. Phillips because she is White to fix its public image following the arrests of the two Black customers, while at the same time replacing her by another White employee in leadership. Plaintiff cannot even establish an inference of discrimination based on traditional means, let alone the heightened standard that she must meet in this case. *See Allia v. Target Corp.*, No. CIVA07-4130 NLHAMD, 2010 WL 1050043, at *5 (D.N.J. Mar. 17, 2010) ("Plaintiff has not provided any evidence that Target's decision to terminate her from the Gloucester store was in any way related to plaintiff being white. Plaintiff has not demonstrated that she was replaced by a person of a minority race, that a minority employee of her same status was treated more favorably, or that race was ever an issue in the Gloucester store during her six months as the top HR executive there."); *Preston v.*

*Vanguard Group*, *Inc.* No. 14-7243, 2015 WL 7717296, at **11-12 (E.D. Pa. Nov. 30, 2015) (granting summary judgment on §1981 discrimination claim where plaintiff had no evidence of discrimination other than her own subjective beliefs and could not show she was replaced by someone outside her protected class); *Boykins v. CLBW Assocs.*, No. CIV. A. 11-6126, 2013 WL 6506309, at *8 (E.D. Pa. Dec. 11, 2013) (holding African-American plaintiff failed to establish *prima facie* case of race discrimination to overcome employer's motion for summary judgment because plaintiff ultimately was replaced by another African-American employee).

By failing to apply the heightened standard to Ms. Phillips' race discrimination claim, this Court erred. Therefore, Starbucks respectfully requests reconsideration of its Motion for Summary Judgment as to Ms. Phillips' reverse race discrimination claim under NJLAD and Section 1981.

### C. This Court Should Not Have Relied On Mr. Sykes' and Mr. Trinsey's Unfounded Opinions about Ms. Phillips' Performance And The Reason For Her Termination

The reliance on the unfounded opinions of Mr. Sykes and Mr. Trinsey about Ms. Phillips' performance was also an error of law. As *Ms. Phillips' subordinates*, they are not in a position to evaluate Ms. Phillips' performance. Therefore, this Court should have granted Starbucks' motion for summary judgment on Ms. Phillips' claims under Title VII, NJLAD and Section 1981.

With respect to opinion testimony, Courts have repeatedly explained that "what matters is the perception of the decision maker." *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991); *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("'It is the perception of the decision maker which is relevant,' not the self-assessment of the plaintiff."). A coworkers' testimony concerning an employee's job performance is "close to irrelevant." *Id.* at 299; *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir.1980); *Conkwright v. Westinghouse Elec. Corp.,* 933 F.2d 231, 235 (4th Cir.1991) (footnote omitted) (That plaintiff's coworkers "may have thought that [she] did a good

job, or that [she] did not 'deserve' [to be discharged], is close to irrelevant."); *DeJarnette*, 133 F.3d at n.3 ("DeJarnette's coworkers' opinion testimony is substantially irrelevant . . .").

In this Court's Opinion, it relies on testimony of Mr. Sykes and Mr. Trinsey that Ms. Phillips "was 'very, very present' in the Philadelphia market after the incident." ECF 92 at 17. Mr. Sykes' and Mr. Trinsey's testimony, based upon the law, is irrelevant, not probative, and a reasonable jury therefore could not find that Starbucks' decision to terminate Ms. Phillips' based on performance was pretextual. As Ms. Phillips' subordinates, Mr. Sykes and Mr. Trinsey's opinions concerning Ms. Phillips' performance are irrelevant because neither were in a position to review her performance. *See DeJarnette*, 133 F.3d at 299; *Conkwright,* 933 F.2d at 235. Mr. Sykes and Mr. Trinsey's perception of Ms. Phillips' performance is irrelevant because neither were responsible for evaluating her performance in response to the April 2018 arrests or made the decision to terminate Ms. Phillips' employment based on her leadership failures. Therefore, their opinion testimony should not be relied on by this Court as evidence of pretext. Instead, this Court should only have relied on the testimony of Ms. Hymes – Ms. Phillips' supervisor – who testified that Ms. Phillips was overwhelmed, lacked awareness of how critical the situation had become, and demonstrated a complete absence of leadership during the incident. SOF ¶¶ 22-25.

Relying on the opinions of Mr. Sykes and Mr. Trinsey – the two District Managers Ms. Phillips supervised – about Ms. Phillips' performance amounts to nothing more than post-hoc guessing of Starbucks' legitimate business decisions concerning Ms. Phillips' ability to lead her team. The law is clear, however, that such second guessing is not probative and a jury cannot consider the same at trial. Therefore, respectfully, the Court should reconsider its denial of summary judgment on this issue.

**D. This Court Should Not Have Substituted Its Business Judgment For Starbucks' Legitimate Business Decision**

It was also an error to disregard Starbucks' business judgment by questioning its decision to terminate Ms. Phillips' employment based on her failures of leadership in the wake of the April 2018 arrests.

In the absence of evidence of discrimination, courts should not second-guess the business judgment of an employer. The New Jersey Appellate Court, in *Jason v. Showboat Hotel & Casino*, 329 N.J. Super. 295 (App. Div. 2000), noted,

> a firm's business judgment of highly subjective criteria, exercised in good faith will not be second-guessed in the absence of some evidence of impermissible motives. We must be mindful that judicial intervention in the private employment context has a limited purpose. Anti-discrimination laws do not permit courts to make personnel decisions for employers. They simply require that an employer's personnel decisions be based on criteria other than those proscribed by law.

*Jason v. Showboat Hotel & Casino*, 329 N.J. Super. 295, 307-08 (App. Div. 2000) (citation omitted) (internal quotation marks omitted). Further, "'[t]here is no princip[le] of law that requires that a business' decision be popular with employees. As long as the decision is not based on unlawful . . . discrimination, 'the courts have no business telling [companies] . . . how to make personnel decisions, which may be objectively or subjectively based.'" *Maiorino,* 302 N.J. Super. at 345-46 (citation omitted).

By disagreeing with Starbucks' assessment of Ms. Phillips' performance, Starbucks' legitimate business decision to terminate her employment based on her failure to lead her team is being questioned. In *Brewer v. Quaker State Oil Refining Corp.*, the Third Circuit held,

> [w]e do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the [law] does not interfere. Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior.

*Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 332 (3d Cir. 1995); *see also Anderson v. Exxon Co.*, 89 N.J. 483, 496 (1982) ("There should be no second-guessing the employer.").

As the Third Circuit explained, a court's "inquiry must concern pretext, and is not an independent assessment of how we might evaluate and treat a loyal employee," because discrimination laws were "not intended to be a vehicle for judicial second-guessing of business decisions, nor [were they] intended to transform the courts into personnel managers." *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1216 (3d Cir. 1988) (quoting *Thornbrough v. Columbus and Greenville Railroad Co.*, 760 F.2d 633, 647 (5th Cir. 1985)); *see also Paris v. Lockheed Martin Corp.*, 2013 U.S. Dist. LEXIS 77453, *7 (D.N.J. June 3, 2013) (noting "[t]he task of the Court is not to second-guess employment decisions, but is instead to determine whether the employment decisions were motivated by an illegal discriminatory purpose") (citation omitted).

Based on deference to an employer's business judgment mandated by the Third Circuit, an employee cannot use her disagreement with her manager's assessment of her or her comparator's skills to show that an employer's actions were discriminatory. *See Sarmiento v. Montclair State Univ.*, 513 F. Supp. 2d 72, 89 (D.N.J. 2007) (holding plaintiff's disagreement with assessment of candidates' qualifications in failure to hire case could not establish pretext); *Jones v. Univ. of Pennsylvania*, Civ. A. No. 00-2695, 2003 U.S. Dist. LEXIS 6623, at **17-19; 28-29 (E.D. Pa. Mar. 20, 2003) (rejecting plaintiff's theory that she could create genuine issue of material fact in

discrimination case by offering her own testimony about her view of her job performance where employer claimed her performance was unsatisfactory).

Here, this Court held "there is meager documentary evidence to support Defendant's claim that, 'after thirteen years of undisputedly stellar performance,' Plaintiff's actions in the twenty-seven days between the incident and Plaintiff's termination were 'so severe that the situation "could not be recovered"[.]'" ECF 92 at 18. However, by disregarding Starbucks' assessment of Ms. Phillips' performance, this Court is, respectfully, substituting its own judgment for that of Starbucks'. As this Court recognized, Starbucks' legitimate, non-discriminatory reason for terminating Ms. Phillips' employment was her failure to lead and perform her role as Regional Director of Operations after the April 2018 arrests. ECF 92 at 15. This Court also noted that several of Ms. Phillips' supervisors testified she was "physically and mentally absent from meetings," "appeared overwhelmed," "lacked awareness of how critical the situation was for Starbucks and its partners," and "failed to perform the essential functions of a Regional Director." *Id.* Moreover, in its holding, this Court is disregarding the exigent circumstances facing Starbucks during those twenty-seven days, which required Starbucks to act quickly to address the situation. Starbucks was in a state of crisis and had to act quickly to address the failures that led to the arrest of the two Black customers in its 18th and Spruce Store. SOF ¶ 39. Consequently, this Court should not second guess Starbucks' business judgment.

This Court also notes that there is evidence of disparate treatment because Starbucks did not terminate or discipline Mr. Sykes, an African American employee in an entirely different position to Ms. Phillips. ECF 92 at 12. As a predicate matter, Mr. Sykes is not a relevant comparator because he was in a different position, under a different supervisor, and subject to different standards of performance to Ms. Phillips. SOF ¶ 9. As a District Manager, as opposed

to a Regional Director, Mr. Sykes was subjected to different performance standards to Ms. Phillips and did not have the same responsibilities to lead his team as Ms. Phillips. Moreover, to question Starbucks' business decisions as it relates to Mr. Sykes and Ms. Phillips once again demonstrate that this Court acted as a "super-personnel department" by questioning Starbucks' legitimate business decisions.

Starbucks respectfully represents this Court is not in a position to reexamine its business decision, and therefore erred in that regard.

## III. CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that this Court grant its motion for reconsideration, vacate the portion of its August 31, 2022 Memorandum Order and Opinion denying summary judgment on Ms. Phillips' race discrimination claim, and issue an Order granting Starbucks' Motion for Summary Judgment as to all claims in Ms. Phillips' Complaint.

Respectfully submitted,

*s/ Hanna M. Lindgren*

Richard R. Harris (*admitted pro hac vice*)
Tara Param (*admitted pro hac vice*)
Hannah M. Lindgren (NJ No. 292082019)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
rharris@littler.com
tparam@littler.com
hlindgren@littler.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

Dated: January 9, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January 2023, the foregoing document was filed using the United States District Court for the District of New Jersey ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*s/ Tara Param*
Tara Param