**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

SHANNON PHILLIPS,

      *Plaintiff*,

 v.

STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE
COMPANY

      *Defendant.*

CIVIL ACTION NO.: 2:19-cv-19432

Hon. Joel H. Slomsky, U.S.D.J.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiff, Shannon Phillips, by and through her undersigned counsel, hereby opposes Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company's Motion for Reconsideration ("Motion") [Dkt. Ent. 107]. Defendant's Motion fails to identify any legitimate factual or legal basis for asking this Court to reconsider its detailed and well-reasoned decision denying summary judgment on all of Plaintiff's race discrimination claims. In truth, Defendant's Motion is a frivolous request for the Court to simply change its mind on certain issues and to correct its counsel's errors on another.[1] Defendant's Motion should be swiftly denied.

## II. STANDARD OF REVIEW

"Reconsideration is not a chance to tell a Court that it was wrong. **It is a narrow remedy to tell a Court that it missed something.** Where, as here, a reconsideration motion just asks a

---

[1] Notably, Defendant does not take the position that the portion of the Court's Opinion *granting* summary judgment to Defendant on certain of Plaintiff's claims contained any "clear errors of law."

court to rethink its analysis, it fails at the outset." *Nichols v. Ruch*, 2021 U.S. Dist. LEXIS 36165, at *4 (E.D. Pa. Feb. 26, 2021) (emphasis added).

A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 420 (E.D. Pa. 2014). "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Evans v. United States*, 173 F. Supp. 2d 334, 335 (E.D. Pa. 2001).

Courts should only grant reconsideration "sparingly." *Id.* A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time or to rehash arguments which have already been briefed by the parties and considered and decided by the Court. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). "Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not." *Id.*

## III.    LEGAL ARGUMENT

Defendant does not, and could not, argue that there has been an intervening change in controlling law or that there is new evidence previously unavailable. Rather, Defendant claims that reconsideration is warranted on the third ground – namely, because the Court committed the following errors of law when rendering its summary judgment opinion: (1) failing to apply a "heightened legal standard to Ms. Phillips' reverse race discrimination claim under NJLAD and Section 1981"; (2) relying on the "unfounded and entirely speculative opinions of Mr. Sykes and Mr. Trinsey about Ms. Phillips' performance"; and (3) failing to "give deference to the business judgment of Starbucks." *See Motion*, pp. 1-2. Although Defendant gives lip service to the words

"error of law", it comes nowhere near establishing one. In truth, Defendant's Motion is a baseless attempt to relitigate its summary judgment arguments which were deliberately and appropriately rejected by this Court in its summary judgment Opinion, and to raise new legal arguments which were waived by Defendant when it failed to include same in its moving papers in the first instance.

### A. The Court Did Not Commit a Clear Error of Law When It Applied the Legal Standard Defendant Provided and Advocated For in its Motion

Defendant asserts that the Court should have applied a heightened standard to Plaintiff's NJLAD and Section 1981 claims and its failure to do so constitutes an error of law. Specifically, Defendant asserts that the Court erred in applying the legal standard set forth in *Iadimarco*[2] to Plaintiff's *prima facie* case under the NJLAD and Section 1981 and should have, instead, applied the standard set forth in *Erickson*.[3] Defendant's argument is fatally flawed for a reason which Defendant notably omits from its Motion: Defendant failed to cite to – let alone advocate for the application of – *Erickson* in its Motion for Summary Judgment.

Before reaching the merits of a motion for reconsideration, a court must decide whether the arguments are properly raised. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003). A motion for reconsideration may address only dispositive factual matters or controlling decisions of law that were **presented to, but not considered by,** the court in the course of making the decision at issue. **Matters may not be introduced for the first time on a reconsideration motion.**" *Id.* (internal citations omitted and emphasis added). "This raise-or-waive rule is essential to the proper functioning of our adversary system because even the most learned judges are not clairvoyant." *United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010). The law "do[es] not require district judges to anticipate and join arguments that are never raised

---

[2] *Iadimarco v. Runyon*, 190 F.3d 151 (3d Cir. 1999)
[3] *Erickson v. Marsh & McLennan Co., Inc.*, 569 A.2d 793 (N.J. 1990)

3

by the parties[;] instead, courts rely on the litigants not only to cite relevant precedents, but also to frame the issues for decision." *Id.*

In its Motion for Summary Judgment, Defendant provided the Court with the following description of the applicable legal standard for Plaintiff's *prima facie* "reverse discrimination" burden, which the Court applied: [4]

> "The Third Circuit has adopted a modified McDonnell Douglas standard in reverse discrimination cases. *Iadimarco v. Runyon*, 190 F.3d 151 at 163 (3d Cir. 1999). To establish a prima face case of reverse discrimination, the plaintiff must show (1) she was qualified for the job which she held; (2) despite her qualifications, she was terminated by her employer; and (3) sufficient evidence to allow a reasonable fact finder to conclude, given the totality of circumstances, that the employer treated her less favorably because of her race. *See Mosca v. Cole*, 384 F. Supp. 2d 757, 765 (D.N.J. 2005), *aff'd* 217 F. App'x 158 (3d Cir. 2007); see also *Iadimarco*, 190 F.3d at 163."

Defendant also included this directive to the Court:[5]

> "Claims under Title VII, the NJLAD, and § 1981 are governed under the same legal framework and analyzed co-extensively. *See Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 180 (3d Cir. 2020) ("Claims brought under NJLAD and § 1981 are analyzed under the same framework."); *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) ("[§ 1981] claims are subject to the same analysis as discrimination claims under Title VII . . . .")."

Defendant's lack of transparency about its failure to cite what it now asserts is the correct legal standard and applicable legal authority is glaring. At no point in Defendant's moving memorandum, reply memorandum, or procedurally unusual sur-reply memorandum – a combined forty (40) pages of legal advocacy – did Defendant cite to *Erickson* or any case applying same in arguing that Plaintiff's NJLAD and Section 1981 claims should be analyzed under the "heightened standard." *See* Summary Judgment record, generally. Instead, throughout its summary judgment briefing, Defendant repeatedly cited to *Iadimarco* and advocated for dismissal of all of Plaintiff's

---

[4] *See* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment [Dkt. Ent. 70-1], pp. 4-5.
[5] *See id.* p. 4

race discrimination claims (Title VII, NJLAD, and Section 1981) under that framework. It is wholly disingenuous for Defendant to claim now, fifteen (15) months after its initial motion and a full year after the conclusion of all supplemental briefing, that the Court committed a "clear error of law" when it applied the *Iadimarco* framework to Plaintiff's *prima facie* case when that is the exact standard that *Defendant* moved for summary judgment under.

A sister Third Circuit court denied a defendant's motion for reconsideration under nearly identical circumstances in *Mitchell v. Twp. of Willingboro Municipality Gov't.*[6] There, the defendant argued on reconsideration that the Court committed an error of law for failing to apply a New Jersey Supreme Court case relating to qualified immunity which the defendant itself had failed to identify in its underlying motion. The *Mitchell* court denied the defendant's motion for reconsideration on this ground, opining:

> "To the extent the Defendant makes new arguments for qualified immunity based on *State v. Golotta*, this is improper for a motion for reconsideration. **This case was decided by the New Jersey Supreme Court in 2003 and was readily available to the Defendant when he filed his brief for summary judgment.** The Defendant offers **no explanation** for his failure to make these arguments in his initial moving papers."

913 F. Supp. 2d at 79 (emphasis added).

Other courts within this District have similarly denied motions for reconsideration premised on the court having overlooked controlling case law which was omitted from the party's underlying moving papers. *See e.g.*, *Feit v. Great-West Life & Annuity Ins. Co.,* 460 F. Supp. 2d 632, 644 (D.N.J. 2006) (finding that cases and legal theory were not overlooked when not referenced in moving party's brief); *Cafaro v. HMC Int'l, LLC,* 2009 U.S. Dist. LEXIS 66491, at *1 (D.N.J. July 30, 2009) (finding that where a case is not presented to court in moving papers, it is not overlooked by court'; *see also Galletta v. Velez,* 2014 U.S. Dist. LEXIS 19720, at *2 (D.N.J.

---

[6] 913 F. Supp. 2d 62, 79 (D.N.J. 2013).

Feb. 18, 2014) ("a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs"); *BAPU Corp. v. Choice Hotels Int'l, Inc.,* 2010 U.S. Dist. LEXIS 84231, at *1 (D.N.J. Aug. 17, 2010) ("this court cannot consider . . . [an] argument . . . raised for the first time in [a] motion for reconsideration").

The extreme deviation from the Third Circuit's "raise-or-waive" rule that Defendant seeks is unprecedented and Defendant has made no attempt to jutify it. When analyzing Defendant's summary judgment motion, the Court applied the exact legal standard proposed by Defendant and briefed by the parties. Whatever the reason for Defendant's failure to identify *Erickson* until more than a year after it moved for summary judgment, the Court's failure to rewrite Defendant's summary judgment arguments for it and apply a more exacting standard to Plaintiff's NJLAD and Section 1981 claims does not constitute a clear error of law. It is, frankly, not the Court's job to correct a litigant's mistakes – particularly when that litigant is the moving party on summary judgment. Holding otherwise would diminish lawyer accountability and invite losing parties to seek bite after bite from the same apple. That result violates the spirit and the letter of Fed. R. Civ. P. 54.

**B. Even If the Court Considers Defendant's Waived Legal Standard Argument, Plaintiff Easily Meets The Newly Articulated Standard**

Even if the Court were to apply the *Erickson* legal standard to Plaintiff's NJLAD and Section 1981 claims, which it should not because Defendant waived that argument by moving under and advocating for the application of an entirely different standard, Plaintiff's race discrimination claim still survives summary judgment. Under *Erickson*, a plaintiff can establish that the defendant is the "unusual employer who discriminates against the majority" by setting forth record evidence which could allow a jury to find that the defendant "had some **reason** or

inclination to discriminate against the majority class." *Bergen Commercial Bank*, 723 A.2d at 957

(emphasis added). The following **undisputed** facts (without limitation) do just that:

- The April 2018 arrests "garnered significant attention in the national news media" and "the public response to the incident was of general concern because of the appearance that an instance of racial discrimination had occurred at the 18th and Spruce Store." Plaintiff's Statement of Facts ("PSOF") [Dkt. Ent. 79] ¶¶ 27-30.

- Following the arrests, "race was definitely the topic of conversation" among Defendant's leadership. PSOF ¶ 31.

- After Starbucks reached a settlement with the two Black men arrested at the 18th and Spruce store, the company issued a public statement that "Starbucks will continue to take actions that stem from this incident to repair and reaffirm our values and vision for the kind of company we want to be." *Id*. ¶ 30.

- Within one week of Starbucks' public promise to "take actions" stemming from the incident, Defendant terminated Plaintiff and suspended Mr. Trinsey pending an investigation into a "pay disparity" lodged by one of his subordinates. Both Plaintiff and Mr. Trinsey are white. *Id*. ¶¶ 34-50.

- Meanwhile, the company was in receipt of several race discrimination complaints implicating Mr. Sykes, the Black District Manager who was responsible for the 18th and Spruce store where the arrests took place. Defendant conducted no investigation into those complaints and took no adverse action against Mr. Sykes in connection with the arrests, despite him being (in his own words) "closest to it." *Id*. ¶¶ 57-66.

- The only three employees who suffered any negative employment action "stemming from" the arrests were white. PSOF ¶ 33.

Starbucks' "reason or inclination to discriminate against the majority class" is crystalized

by the following statement in Defendant's Motion: "the **exigent circumstances facing Starbucks**

**during those twenty-seven days** [] required Starbucks to act quickly to address the situation.

**Starbucks was in a state of crisis** and **had to act quickly** to address the failures that led to the

arrest of the two Black customers in its 18th and Spruce store." *Motion* p. 12 (emphasis added).

In sum, during the days and weeks that followed the April 2018 Arrests, Starbucks was

under intense scrutiny by local and national media outlets and civic organizations. Defendant was

widely perceived to have engaged in race discrimination against Black customers and the

Starbucks brand – and the company's bottom line – were under attack. The highest levels of Starbucks' leadership understood the gravity of the situation and personally and publicly vowed to "take actions" to prove to the public that the company was not racist. Unfortunately, those "actions" included terminating Plaintiff because she is white. The record evidence, viewed in the light most favorable to Plaintiff, clearly permits a reasonable jury to find that as of May 9, 2018, Defendant was the "unusual employer who discriminates against the majority."

### C. The Court Did Not Commit a Clear Error of Law When It Considered the Sworn Testimony of Disinterested Witnesses

Defendant asserts that the Court committed an error of law when it considered on the "unfounded opinions of Mr. Sykes and Mr. Trinsey" in its summary judgment analysis. *Motion* p. 8. As a threshold matter, this argument was already fully briefed by the parties at the summary judgment stage and was considered by the Court. As such, this portion of Defendant's Motion is merely Defendant asking the Court to change its mind. That is not a proper ground for reconsideration. *See Evans*, 173 F. Supp. 2d at 335.

As set forth in Plaintiff's Opposition, the Third Circuit specifically allows a plaintiff to rely on subordinate and co-worker testimony to demonstrate pretext.[7] Mr. Sykes' and Mr. Trinsey's perceptions of Plaintiff's performance as a Starbucks leader in the wake of the April 2018 arrests is anything but "unfounded". Mr. Sykes and Mr. Trinsey are the only two individuals reporting to

---

[7] *See Sempier,* 45 F.3d at 731-732; *see also Lawrence v. Nat'l Westminster Bank,* 98 F.3d 61, 67 (3d Cir. 1996) (reversing summary judgment for employer, reasoning that plaintiff's reliance on "depositions of his subordinates, which cast [plaintiff] in a positive light" and portrayed plaintiff as "enthusiastic" and "very interested in his business" … "cast sufficient doubt on [defendant's] proffered reason [of poor performance] to create a material issue of fact."); *Colgan v. Fisher Sci. Co.*, 935 F.2d 1407, 1422 (3d Cir. 1991) (reversing summary judgment and admonishing district court for refusing to consider co-worker statements regarding plaintiff's performance in its pretext analysis, concluding co-worker statements raised genuine issue of material fact for purposes of pretext); *Gosnell v. Runyon*, 926 F. Supp. 493, 501-02 (M.D. Pa. 1995) (considering co-worker statement regarding plaintiff's good performance to refute defendant's stated reason of poor performance, finding that discrepancy gave rise to credibility issue sufficient to preclude summary judgment); *Nagle v. Comprehensive Women's Health Servs., P.C.*, 2018 U.S. Dist. LEXIS 9722, at *31-32 (M.D. Pa. Jan. 19, 2018) (statements by co-workers exhibiting plaintiff's positive performance are "plainly relevant" to the issue of pretext and "go directly to the issue of whether defendant's stated reasons for firing [plaintiff] were pretextual and unworthy of credibility.").

Plaintiff during this time who were deposed in this case and, accordingly, their testimony is the most reliable basis for testing Defendant's assertion that Plaintiff "failed to lead" her team through Starbucks' self-induced public relations crisis. And contrary to Defendant's assertion that "a jury cannot consider same at trial", *see Motion* p. 9, the jury will hear live testimony from Mr. Sykes *and* Mr. Trinsey and will absolutely be permitted to consider same when reaching its verdict. The Court committed no error of law in considering these witnesses' testimony in rendering its summary judgment decision and concluding that "a jury could find pretext because [Mr. Sykes' and Mr. Trinsey's] testimony contradicts the reason given by Defendant for Plaintiff's termination." *Opinion*, p. 18.

### D. The Court Did Not Commit a Clear Error of Law When It Resolved Fact Disputes and Drew Inferences in Plaintiff's – the Non-Moving Party's – Favor

Lastly, Defendant argues that the Court erred in "disregard[ing] Starbucks' business judgment by questioning its decision to terminate Ms. Phillips' employment based on her failures of leadership in the wake of the April 2018 arrests." *Motion* p. 9. Specifically, Defendant asserts that the Court inappropriately "second guessed Starbucks' business judgment" in the following ways: (1) considering the "meager documentary evidence to support Defendant's claim that, 'after thirteen years of undisputedly stellar performance,' Plaintiff's actions in the twenty-seven days between the incident and Plaintiff's termination were 'so severe that the situation could not be recovered"; and (2) considering evidence related to the disparate treatment afforded to Mr. Sykes, the Black District Manager in charge of the 18th and Spruce store where the arrests occurred, in the wake of the 2018 Arrests.

Defendant argues, in essence, that the Court should have simply accepted its asserted legitimate nondiscriminatory reason for terminating Plaintiff and skipped the pretext stage of the *McDonnell Douglas* burden-shifting analysis. That is, of course, not the law.

***First***, the Court did not err in considering the **undisputed** fact that Defendant failed to produce a single document demonstrating that Plaintiff was "incapable of leading her team" or "failed to perform the essential functions of her role as Regional Director" during the twenty-seven (27) days following the April 2018 arrests. As set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, the law is clear that one reasonable inference to be drawn from Defendant's inability to produce documentary evidence supporting its asserted reason for Plaintiff's termination is that the asserted reason is false and pretextual. The Court was not required to credit the unsubstantiated testimony of Camille Hymes on this issue – particularly where her credibility is squarely in dispute. The Court appropriately considered the **undisputed** lack of documentation supporting the reason for Plaintiff's termination in its pretext analysis.

***Second***, the Court did not err in considering evidence related to the disparate treatment afforded to Black and white Starbucks employees in the wake of the April 2018 arrests, including the treatment of Mr. Sykes. **Mr. Sykes himself believes that Plaintiff's race played a role in her termination and that his race played a role in his retention**, testifying: "what message would that send if they let me go and there is these conversations about race and I am the Black leader that's there." The Court was not required to credit Defendant's reasons for retaining Mr. Sykes while ignoring the testimony of Mr. Sykes himself; in fact, under the Rule 56 standard, the Court was **required** to consider this evidence and afford Plaintiff all reasonable inferences to be drawn from same. The Court appropriately considered the evidence that Starbucks made race-based

10

personnel decisions in the immediate wake of the April 2018 arrests in rendering its summary judgment opinion.

As set forth above, Defendant is essentially arguing that this Court should have resolved all factual disputes in the light most favorable to it and drawn all reasonable inferences stemming from those disputed facts in its favor. **This is the exact opposite of the summary judgment standard.** The Court did not commit any clear error of fact by abiding by Fed. R. Civ. P. 56.

## IV.   CONCLUSION

Dissatisfaction with the Court's ruling is not a proper basis for reconsideration. Neither is a desire to present new legal arguments which could have been – but inexplicably were not – raised by the moving party in the underlying motion. Litigants are not entitled to a "second bite at the apple." Defendant has not and cannot articulate any legitimate basis for asking this Court to rethink its decision denying summary judgment on Plaintiff's race discrimination claims. As such, Plaintiff respectfully requests that Defendant's Motion be denied.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By:     _/s/ Katherine C. Oeltjen_
        Laura C. Mattiacci, Esq.
        Katherine C. Oeltjen, Esq.
        Holly W. Smith, Esq. (*admitted pro hac vice*)
        1525 Locust Street, Ninth Floor
        Philadelphia, PA 19102
        (215) 545-7676

Dated: February 23, 2023                    *Attorneys for Plaintiff, Shannon Phillips*