UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432 |
| v. | : Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : ORAL ARGUMENT REQUESTED |
| Defendant. | : **FILED VIA ECF** |

### DEFENDANT'S PRE-TRIAL MEMORANDUM

Pursuant to the Court's Sixth Amended Scheduling Order (Dkt. No. 109), and Judge Slomsky's Scheduling and Motion Policies and Procedures, Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), by and through undersigned counsel, submits the following Pre-Trial Memorandum.

**A.      Starbucks' Detailed Factual Summary**

On April 12, 2018, two Black men – Donte Robinson and Rashon Nelson – were arrested at the Starbucks store located at 18th and Spruce Street in Philadelphia while waiting for a business meeting. Mr. Robinson and Mr. Nelson were only in the store for *approximately three minutes* when the Store Manager, Holly Hylton, called the police who arrested them. By the following weekend, a recording of the incident had two million hits on the internet and sparked protests throughout Philadelphia. The arrests resulted in an emotional outpouring from the City of Philadelphia as well as outrage from partners (Starbucks' name for employees) who reported to Plaintiff Shannon Phillips ("Ms. Phillips"). In response to this crisis, Starbucks closed its more than 8,000 stores in the United States in order to conduct racial

1

bias training of its nearly 175,000 partners. Starbucks also held roundtable discussions throughout the city of Philadelphia from April 23, 2018 to May 5, 2019. Starbucks' response to the incident remains the largest corporate response in American history.

In stark contrast to this emotional response, Ms. Phillips, who served as the Regional District Manager overseeing the Philadelphia market, had no response. During this time of crisis, the Starbucks' Philadelphia market needed a leader who could perform. Ms. Phillips failed in every aspect of that role. Indeed, Ms. Phillips could not see (and still cannot see to this day) why Ms. Hylton should not have called the police on two Black men for doing absolutely nothing. Rather, Ms. Phillips is satisfied that Ms. Hylton "probably thought she was doing the right thing" and simply followed Starbucks' policy. Instead of exhibiting outrage as a response to the arrests, Ms. Phillips now somehow attempts to transform herself into the victim by stating Starbucks terminated her because she is White.

During a time where Starbucks employees were desperately seeking strong and reliable leadership, Ms. Phillips' supervisors noted that she appeared overwhelmed and lacked awareness of how critical the situation was for Starbucks and its partners. Additionally, she did not attend scheduled meeting or showed up late. In some instances, she was unreachable by her team. Ms. Phillips often appeared disengaged and stood in the corner at meetings where she was expected to serve as a leader, including during meetings where Starbucks' executive leadership was present. Ms. Phillips was also frequently unable to respond to questions and did not lead the discussion during partner roundtable sessions. Ms. Phillips' failure to lead her team during the crisis was her downfall and the reason for her termination. However, now she is full of excuses.

Ms. Phillips' first excuse is that she was not disciplined during her employment with Starbucks; and, therefore, she was terminated due to her race, not her performance. What Ms. Phillips fails to mention is that Ms. Hymes had multiple conversations with her following the arrests about her failure to be present and her inability to lead her team in this time of crisis. Despite these conversations, Ms. Phillips did not change her behavior, and continued her pattern of absenteeism and poor leadership. Specifically, one morning, Ms. Hymes called Ms. Phillips because she was noticeably absent from a roundtable meeting. Ms. Phillips, sounded like she had just woken up, explained that she was not feeling well and that she would not be attending the meeting. Through these conversations and observations of Ms. Phillips' behavior, it was clear to Ms. Hymes that Ms. Phillips could not begin to comprehend the severity of the situation or why her behavior was problematic.

Zeta Smith (Black), Divisional Senior Vice President, also noted that Ms. Phillips failed to attend meetings, showed up late for critical meetings and calls, and was unreachable. Nathalie Cioffi (White), Partner Resources Director, noted that Ms. Phillips demonstrated a lack of leadership and "lack of understanding of the partners' sentiment." Paul Pinto, Vice President Partner Resources (White), described Ms. Phillips' performance in the weeks following the arrests as "completely paralyzed and driven by panic."

Ms. Phillips' next excuse is that Paul Sykes (Black), District Manager overseeing the 18th and Spruce store, was not terminated from Starbucks after the arrests. Therefore, Ms. Phillips' alleges that her termination could not be based on her poor leadership ability, but rather race. However, Ms. Phillips cannot point to any Black employee in her same position who displayed the lack of leadership or empathy that she did in the weeks following the April 2018 arrests. Rather, Ms. Phillips' attempt to use Mr. Sykes as an example of a Black employee

who was given preferential treatment fails, because Mr. Sykes was a District Manager and *reported* to Ms. Phillips. Therefore, he was not in the same position as Ms. Phillips, and did not have the same level of responsibility. Additionally, using Mr. Sykes as a comparator is inappropriate because he did not display a lack of leadership, unlike Ms. Phillips. Rather, Ms. Cioffi noted that Mr. Sykes was present during roundtables, and acknowledged the severity of the situation. Most significantly, Mr. Sykes displayed strength in his ability to lead – the very attribute Ms. Phillips failed to demonstrate.

Running out of excuses, Ms. Phillips now equates her termination to an insulting conspiracy by Starbucks to rid the Philadelphia Market of its White employees in order to correct its public image following the arrests of the two Black customers. There is no evidence to support this theory. In fact, the evidence demonstrates the opposite. *Ms. Phillips was replaced by another White employee.* Had Starbucks been seeking to rectify its public image by firing White employees in leadership connected to the arrests, then Starbucks would not have hired a White employee to replace Ms. Phillips.

Finally, Ms. Phillips attempts to use Benjamin Trinsey, Philadelphia District Manager, to support her conspiracy because he is a White employee who no longer works for Starbucks following the arrests. However, Starbucks did not terminate Mr. Trinsey. In May 2018, several employees complained of Mr. Trinsey's treatment towards partners, including his inappropriate comments about race and sexuality in addition to allegations of pay disparities. Starbucks suspended Mr. Trinsey so that it could investigate these partners' complaints of race and sex discrimination against Mr. Trinsey. Ms. Phillips repeated denial of Starbucks' requests that she suspend Mr. Trinsey to allow Starbucks to investigate the claims against him because of her

4

friendship with Mr. Trinsey further emphasizes Ms. Phillips' lack of awareness regarding the issues in her market, in particular those involving race.

Starbucks did not expect Ms. Phillips to be the perfect leader, however, it did expect her to be present with a willingness to try and listen. Ms. Phillips could not even do that.

### B. Starbucks' Witnesses

#### 1. Plaintiff Shannon Phillips (Fact, Liability and Damages Witness)

Starbucks will call Ms. Phillips to testify about her job duties at Starbucks; her allegations of discrimination against Starbucks; the circumstances leading to the termination of Ms. Phillips' employment with Starbucks, including her poor performance and lack of leadership following the April 12, 2018 arrest; and her alleged economic and non-economic damages, mitigation of damages, and her alleged emotional distress damages.

#### 2. Camille Hymes, Corporate VP, Partnerships, Partner Experience & Community Impact (Fact and Liability Witness)

Starbucks will call Ms. Hymes, Ms. Phillips' supervisor from 2015 until her termination, to testify regarding Ms. Phillips' role at Starbucks; Ms. Phillips' job performance, including her poor performance and lack of leadership following the April 12, 2018 arrests; Ms. Phillips' allegations that Ms. Hymes terminated her because of her race; and the decision-making process surrounding the decision to terminate Ms. Phillips' employment.

#### 3. Paul Pinto, Former Vice President of Partner Resources (Fact and Liability Witness)

Starbucks will call Mr. Pinto, former Vice President of Partner Resources, to testify regarding Ms. Phillips' job performance, including her poor performance and lack of leadership following the April 12, 2018 arrests; the decision-making process surrounding the decision to terminate Ms. Phillips' employment; and Starbucks' relevant policies and procedures.

5

    **4.**    **Nathalie Cioffi, Partner Resources Director (Fact and Liability Witness)**

Starbucks will call Ms. Cioffi, Partner Resources Director, to testify regarding Ms. Phillips' job performance, including her poor performance and lack of leadership following the April 12, 2018 arrests; the decision-making process surrounding the decision to terminate Ms. Phillips' employment; and Starbucks' relevant policies and procedures.

    **5.**    **Zeta Smith, Divisional Senior Vice President (Fact and Liability Witness)**

Starbucks will call Ms. Smith, former Divisional Senior Vice President, to testify regarding Ms. Phillips' job performance, including her poor performance and lack of leadership following the April 12, 2018 arrests; and the decision-making process surrounding the decision to terminate Ms. Phillips' employment.

    **6.**    **Ebony Johnson, Former Partner Resources Manager (Fact and Liability Witness)**

Starbucks will call Ms. Johnson, former Partner Resources Manager, to testify regarding Ms. Phillips' job performance, including her poor performance and lack of leadership following the April 12, 2018 arrests.

    **7.**    **Shannon Boldizsar, Former Senior Manager of Government Affairs (Fact and Liability Witness)**

Starbucks will call Ms. Boldizsar, former Senior Manager of Government Affairs, to testify regarding Starbucks' response to the arrests and Starbucks' recommendation of Ms. Phillips for the TLA Position.

    **8.**    **Marcus Eckensberger, Regional Vice President (Fact and Liability Witness)**

Starbucks will call Mr. Eckensberger, Regional Vice President, to testify regarding replacing Ms. Phillips and the circumstances following the April 12, 2018 arrests.

    **9.     Michael Rose, Regional Director of Operations (Fact and Liability Witness)**

Starbucks will call Mr. Rose, Regional Director of Operations, to testify regarding the circumstances following the April 12, 2018, arrests.

    **10.    Angela Grass, Store Manager (Fact and Liability Witness)**

Starbucks will call Ms. Grass, Store Manager, to testify regarding the circumstances following the April 12, 2018 arrests.

**C.    Starbucks' Expert Witness**

Howard Silverstone will testify regarding Ms. Phillips' claim for economic loss and opinion regarding Plaintiff's expert report.

**D.    Curriculum *Vitae* for Each Expert**

*See* Curriculum *Vitae* of Howard Silverstone, attached hereto as Exhibit A.

**E.    Designation of Videotaped Trial Testimony**

Not Applicable.

**F.    Designation of Deposition Testimony to be Offered at Trial**

Not Applicable.

**G.    List of Each Item of Monetary Damage**

Starbucks does not seek any damages but reserves its right to file a Bill of Costs under Federal Rule of Civil Procedure 54. Starbucks denies that Ms. Phillips is entitled to any damages or other relief.

**H.    Stipulations**

*See* Starbucks Proposed Stipulations, attached hereto as Exhibit B.

**J.**     <u>**Anticipated Legal Issues**</u>

Starbucks is awaiting this Court's decision on its Motion for Reconsideration, filed on January 12, 2023. Starbucks also intends to file motions *in limine* pursuant to this Court's Scheduling Order.

| | |
|---|---|
| Dated: May 1, 2023 | Respectfully submitted, |

*/s/ Hannah M. Lindgren*
Tara Param (*admitted pro hac vice*)
Hannah M. Lindgren (NJ No. 292082019)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
tparam@littler.com
hlindgren@littler.com

Richard R. Harris (*admitted pro hac vice*)
**HOLLAND & KNIGHT**
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2023, the foregoing document was filed using the United States District Court for the District of New Jersey ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                                                               */s/ Hannah M. Lindgren*
                                                                               Hannah M. Lindgren