IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION d/b/a<br>STARBUCKS COFFEE COMPANY,<br><br>　　　　　　　Defendant. | CIVIL ACTION<br>NO. 19-19432 |

## ORDER

**AND NOW**, this 12th day of May 2023, upon consideration of Defendant's Motion for Reconsideration (Doc. No. 107), Plaintiff's Response in Opposition (Doc. No. 112), and Defendant's Reply (Doc. No. 115), it is **ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 107) is **DENIED**.[1]

---

[1] **I. Introduction**

On October 28, 2019, Plaintiff Shannon Phillips ("Plaintiff" or "Phillips") commenced this action against Defendant Starbucks Corporation ("Defendant"). (Doc. No. 1.) On May 27, 2020, this case was transferred to the Honorable Joel H. Slomsky of the Eastern District of Pennsylvania. (Doc. No. 28.) On August 17, 2020, Plaintiff filed a Second Amended Complaint asserting violations of three statutes: (1) 42 U.S.C. § 2000e-5 ("Title VII") (Count I); (2) 42 U.S.C. § 1981 ("Section 1981") (Count II); and (3) the New Jersey Law Against Discrimination ("NJLAD") (Count III). (Doc. No. 36 at ¶¶ 77-95.)

On November 11, 2021, Defendant filed a Motion for Summary Judgment. (Doc. No. 68.) An Amended Motion for Summary Judgment was also filed. (Doc. No. 70.) On August 31, 2022, the Court granted in part and denied in part the Amended Motion for Summary Judgment. (Doc. Nos. 92, 93.) Next, on January 12, 2023, Defendant filed the Motion for Reconsideration presently before the Court. (Doc. No. 107.) Plaintiff filed a Response in Opposition on February 23, 2023. (Doc. No. 112.) On March 9, 2023, Defendant filed a Reply. (Doc. No. 115.)

1

## II. Legal Standards

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).

> Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." Lawrence v. Emigrant Mortg. Co., Civ. No. 11–3569, 2012 WL 5199228, *2 (D.N.J., Oct. 18, 2012). Nor may such a motion be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Comm. Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Further, where a party merely has a difference of opinion with the court's decision . . . reconsideration is not the appropriate vehicle. Dubler v. Hangsterfer's Laboratories, Civ. No. 09–5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Thus "[t]he only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached." G–69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

Takata v. Riot Blockchain Inc., No. 18-2293, 2019 WL 2710273, at *1 (D.N.J. June 26, 2019). "Allowing a motion for reconsideration to go forward is an 'extraordinary remedy' to be granted 'sparingly.'" AHS Hosp. Corp. v. Ippolito, No. 19-12052, 2019 WL 3985647, at *1 (D.N.J. Aug. 20, 2019) (citing NL Indus., Inc. v. Com. Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996)).

Here, Defendant moves for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). This rule provides in part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). As the Rule suggests, motions for reconsideration made under Rule 54(b) occur when the Court issues an interlocutory order, such as in the present case that involves only a "grant[] of partial summary judgment." See Beno v. Murray Am. River Towing, Inc., No. 16-1128, 2017 WL 3301445, at *3 (W.D. Pa. Aug. 3, 2017) (citation omitted). In ruling on a Rule 54(b) motion for reconsideration, "[t]he substantive standards . . . are no different than a motion for reconsideration filed pursuant to [District of New Jersey] Local Civil Rule

7.1(i)."  Harding v. Jacoby & Meyers, LLP, No. 15-6559, 2021 WL 2472323, at *2 (D.N.J. June 16, 2021) (citation omitted).

District of New Jersey Local Civil Rule 7.1(i) states:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i).

Further, in ruling on a motion for reconsideration pursuant to Rule 54(b), the "standards articulated in Rule [] . . . 60(b) are not binding . . . [but] courts frequently look to these standards for guidance in considering such motions."  Beno, 2017 WL 3301445, at *3 (citation omitted). Those standards are: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  Clear error of law occurs when the court misapplies or fails to recognize controlling precedent.  See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3d Cir. 2018) (citing Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015)).

As noted, these standards "are not binding," but instead a court may "reconsider them [interlocutory orders] when it is consonant with justice to do so."  Beno, 2017 WL 3301445, at *3 (citation omitted); Ownbey v. Aker Kvaerner Pharms. Inc., No. 2:07-cv-2190, 2017 WL 3872377, at *4 (D.N.J. Sep. 1, 2017) (internal quotation marks and citation omitted).  This discretion is countered by the Third Circuit's recognition that "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions."  In re Anthanassious, 418 F. App'x 91, 96 (3d Cir. 2011).

### III. Analysis

Defendant argues that the Court committed legal error by: (1) not "apply[ing] a heightened standard when analyzing Plaintiff's reverse race discrimination case under the NJLAD and Section 1981 claims"; (2) relying "on the unfounded opinions of Mr. Sykes and Mr. Trinsey about Ms. Phillips'[s] performance"; and (3) "disregard[ing] Starbucks'[s] business judgment by questioning its decision to terminate Ms. Phillips'[s] employment . . . ." (Doc. No. 107-1 at 3, 8-9.)

#### A. Application of Heightened Standard

Defendant first argues that the Court should have applied a heightened standard to its analysis of the NJLAD and Section 1981 claims. (Id. at 3-7.)  In support of this argument, Defendant

avers that the Court's application of Iadimarco v. Runyon, 190 F.3d 151 (3d Cir. 1999), as opposed to Erickson v. Marsh & McLennan Co., 569 A.2d 793, 799 (N.J. 1990), to Plaintiff's NJLAD and Section 1981 claims was an error of law. (Doc. No. 107-1 at 3-7.) The Erickson standard requires a plaintiff to establish the following in a non-Title VII reverse discrimination case: that he or she has "been victimized by an 'unusual employer who discriminates against the majority.'" Erickson, 569 A.2d at 799 (citations omitted). Defendant does not challenge the Court's application of Iadimarco to Plaintiff's Title VII claims.

Plaintiff, in her Response, argues that Defendant did not "cite to – let alone advocate for the application of – Erickson in its Motion for Summary Judgment." (Doc. No. 112 at 3.) In support of this argument, Plaintiff relies on Yurecko v. Port Auth. Trans-Hudson Corp., which states: "the motion [for reconsideration] may address only 'dispositive factual matters or controlling decisions of law' that were presented to, but not considered by, the court in the course of making the decision at issue. 'Matters may not be introduced for the first time on a reconsideration motion.'" 279 F. Supp. 3d 606, 609 (D.N.J. 2003) (citation omitted). For some reason, Defendant failed to present Erickson for the Court's consideration, even though the case is well-established and often relied on, as evidenced by the bevy of cases cited in Defendant's Motion for Reconsideration.

Erickson is the controlling law for reverse discrimination claims asserted under the NJLAD. In addition, Defendant cites three cases in support of its claim that Erickson also applies to Section 1981 claims, but this contention does not appear to be completely accurate. One case is on point in favor of Defendant and states "[i]n Count Seven, Plaintiff also alleges a violation under 42 U.S.C. § 1981. Because this presumably is a reverse race discrimination claim, the Court's analysis of plaintiff's reverse discrimination claim under the NJLAD will also apply to his § 1981 claim." Ditzel v. Univ. of Med. and Dentistry of New Jersey, 962 F. Supp. 595, 603 n.1 (D.N.J. 1997). The other two, however, do not address Section 1981 at all. See Marino v. Westfield Bd. of Educ., No. 16-361, 2020 WL 1032504, at *1 (D.N.J. Mar. 3, 2020); Palatnik v. The Home Depot, Inc., No. 04-1229, 2006 WL 680981, at *1 (D.N.J. Mar. 10, 2006). Further, the heightened Erickson standard has not always been applied to Section 1981 claims. See, e.g., Finley v. Camden County Bd. of Chosen Freeholders, No. 08-1666, 2011 WL 2473298, at *9 (D.N.J. June 20, 2011) (citing Iadimarco, 190 F.3d at 161).

Regardless, even if the Erickson standard were applied here at the summary judgment stage, the outcome would not change, and the Court would not grant summary judgment on the NJLAD and Section 1981 claims. A genuine dispute of material fact still arises in this case for the reasons noted in the Opinion dated August 31, 2022. (Doc. No. 92 at 7-19.)

B. Reliance on Coworker Testimony

Next, Defendant argues that the Court should not have considered the testimony of Ms. Phillips' coworkers, Mr. Sykes and Mr. Trinsey. (Doc. No. 107-1 at 8-9.) Defendant bolsters this argument by contending that under the law, a "coworkers'[s] testimony," such as that of Mr. Sykes and Mr. Trinsey, "concerning an employee's job performance is 'close to irrelevant'" and instead "'what matters is the perception of the decision maker.'" (Id. at 8.) Defendant

asserts that Mr. Sykes and Mr. Trinsey were Ms. Phillips's "subordinates," and therefore did not contribute to her eventual evaluation and termination. (Id. at 8-9.) Finally, Defendant argues that the Court's reliance on their opinions "amounts to nothing more than post-hoc guessing of Starbucks'[s] legitimate business decisions concerning Ms. Phillips'[s] ability to lead her team . . . [and that] such second guessing is not probative . . . ." (Id. at 9.)

In her Response, Plaintiff asserts that: (1) "this argument was already fully briefed by the parties at the summary judgment stage and was considered by the Court . . . [and is therefore] merely Defendant asking the Court to change its mind" and (2) Third Circuit precedent "allows a plaintiff to rely on subordinate and co-worker testimony to demonstrate pretext." (Doc. No. 112 at 8.)

The Court agrees. As referenced above, "a motion seeking reconsideration may not be used by a party to 'restate arguments that the court has already considered.'" Takata, 2019 WL 2710273, at *1 (citing Lawrence, 2012 WL 5199228, at *2). In its Motion for Summary Judgment, Defendant asserted that: (1) "Mr. Sykes'[s] perception of Ms. Phillips as a strong leader has no bearing on this case"; (2) "Ms. Phillips supervised Mr. Sykes, thus he was her subordinate"; (3) "it is the perception of those who supervised Ms. Phillips . . . that ultimately bears any significance"; and (4) "the opinions of Ms. Phillips'[s] subordinates relative to her leadership skills are irrelevant in a pretext analysis because what matters is the perception of the decisionmaker." (Doc. No. 70-1 at 9, 18.) The Court considered these matters and elected to incorporate Mr. Sykes's and Mr. Trinsey's statements in its Opinion. (See Doc. No. 92 at 16-17.) Moreover, the Third Circuit has allowed consideration of the testimony of subordinates in the analysis in cases similar to this one. See, e.g., Lawrence v. Nat'l Westminster Bank, 98 F.3d 61, 67 (3d Cir. 1996); Colgan v. Fisher Sci. Co., 935 F.2d 1407, 1422 (3d Cir. 1991).

C.  Business Judgment

Lastly, in arguing that the Court disregarded Starbucks's business judgment, Defendant claims that "[i]n the absence of evidence of discrimination, courts should not second-guess the business judgment of an employer." (Doc. No. 107-1 at 9-12.) In this regard, Defendant contends that "by disregarding Starbucks'[s] assessment of Ms. Phillips'[s] performance, this Court is, respectfully, substituting its own judgement for that of Starbucks'[s]." (Id. at 11.) Defendant also disagrees with the Court's discussion of disparate treatment, stating that Mr. Sykes was "not a relevant comparator" and to "question Starbucks'[s] business decisions as it relates to Mr. Sykes and Ms. Phillips once again demonstrate that this Court acted as a 'super-personnel department' by questioning Starbucks'[s] legitimate business decisions." (Id. at 12.)

Again, Defendant's arguments here were considered by the Court in deciding the Motion for Summary Judgment. In its Motion for Summary Judgment, Defendant argued that Mr. Sykes was "not a suitable comparator." (Doc. No. 70-1 at 8.) Furthermore, it cited case law stating that "[Courts] do not sit as a super-personnel department that reexamine[] an entity's business decisions." (Id. at 19.) The Court considered, and found unpersuasive, these arguments in its Opinion. (See Doc. No. 92 at 13-14.) As such, Defendant, is merely "restat[ing] arguments that the Court has already considered."

5

### IV. Conclusion

For these reasons, Defendant's Motion for Reconsideration (Doc. No. 107) is denied.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.