IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>       *Plaintiff*,<br><br>  v.<br><br>STARBUCKS CORPORATION<br>d/b/a STARBUCKS COFFEE<br>COMPANY<br><br>       *Defendant*. | CIVIL ACTION NO.: 2:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J. |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO PRECLUDE DEFENDANT FROM CALLING
MICHAEL ROSE AND ANGELA GRASS AS TRIAL WITNESSES**

  Pursuant to Fed. R. Civ. P. 37, Plaintiff, Shannon Phillips, by and through her undersigned counsel, hereby moves this Court for an Order precluding Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks" or "Defendant"), from calling Michael Rose and Angela Grass to testify at trial. For the reasons set forth below, Plaintiff respectfully requests that this Court issue an Order in the form attached.

**I.  RELEVANT FACTUAL BACKGROUND**

  Plaintiff initiated her present lawsuit against Starbucks on October 28, 2019 – nearly four (4) years ago. Fact discovery closed on September 3, 2021. Since the close of fact discovery, the parties submitted five (5) briefs in connection with Defendant's Motion for Summary Judgment and four (4) briefs in connection with Defendant's Motion for Reconsideration of the Court's decision denying summary judgment on Plaintiff's race discrimination claims. Trial is slated to begin on June 5, 2023 – three (3) weeks from today.

1

On May 1, 2023, *vis a vis* its Pretrial Memorandum, Defendant identified ***for the first time*** Michael Rose ("Mr. Rose") and Angela Grass ("Ms. Grass") as "fact and liability" witnesses in this case and indicated that it intended to call these individuals to testify at trial "regarding the circumstances following the April 12, 2018 arrests." [Dkt. Ent. 116]. Neither Mr. Rose nor Ms. Grass was included as a witness on Defendant's (or Plaintiff's) Initial Disclosures. None of the twelve (12) witnesses deposed in this matter mentioned Mr. Rose within their testimony; in response to questioning from Plaintiff's counsel regarding a document introduced as a deposition exhibit, Ms. Grass was identified by Camille Hymes ("Ms. Hymes") as the store manager who took over the 18th and Spruce store following the April 12, 2018 arrests but was not otherwise discussed or referenced during Ms. Hymes' or any other witness's testimony.

**II.     LEGAL ARGUMENT**

Fed. R. Civ. P. 26(a) requires a party to make initial disclosures of, among other things, the identity of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) requires a party to supplement or correct its initial disclosures and responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Fed. R. Civ. P. 37(c)(1) provides an enforcement mechanism for Rules 26(a) and 26(e): "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To avoid mandatory

2

exclusion under Rule 37, the non-producing party has the burden to prove "substantial justification for its conduct or that the failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). "Substantial justification" is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with [Rule 26's mandatory disclosure requirements]". *Id*. "A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Id*.

Ultimately, the Court has discretion in deciding whether to exclude or permit the testimony of a previously undisclosed witness and is guided to consider the following factors: (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the excluded evidence." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012). These factors militate in favor of an Order excluding Mr. Rose and Ms. Grass from testifying at trial.

*First*, the degree of surprise and corresponding risk of prejudice to Plaintiff is high. Neither witness appeared in any meaningful way in the thousands of pages of documents exchanged in this litigation, was mentioned in any of Defendant's interrogatory responses, or substantively discussed during any of twelve (12) depositions that were taken in this case. Plaintiff has, quite literally, no idea what Mr. Rose or Ms. Grass will say at trial or even the general substance of any information that they may have. Allowing these witnesses to testify would be the epitome of an unfair surprise.

***Second***, the prejudice caused by Defendant's failure to disclose Mr. Rose and Ms. Grass cannot be cured. Trial begins in three weeks and Plaintiff's counsel has already spent months preparing for trial based on the record created during the nearly two (2) years of fact discovery. *See Stambler v. RSA Security, Inc.,* 212 F.R.D. 470, 471-72 (D. Del. 2003) (prejudice found where plaintiff would be forced to depose fact witness six weeks before trial).

***Third***, although Defendant's reason for failing to identify Mr. Rose and Ms. Grass remains unknown, the fact that it did so just weeks before trial raises the specter of bad faith.

***Fourth***, given the fact that Mr. Rose and Ms. Grass appeared almost nowhere in the extensive discovery record and that Defendant itself does not appear to have determined that they were relevant witnesses until just weeks before trial, Defendant cannot plausibly argue that their testimony is important.[1]

In sum, Defendant should not be permitted to benefit from its failure to comply with Rule 26's **mandatory** disclosure requirements. Allowing Mr. Rose and Ms. Grass to testify at trial when Plaintiff has been deprived of the opportunity to depose them or otherwise prepare to rebut their unknown testimony would be tantamount to trial by ambush. Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), this Court should exercise its discretion to exclude Mr. Rose and Ms. Grass from testifying at trial.[2]

---

[1] Notably, a central argument in Defendant's Motion for Summary Judgment and one of the three (3) arguments raised in Defendant's Motion for Reconsideration was that the testimony of Plaintiff's subordinates is not relevant. Mr. Rose and Ms. Grass were both Plaintiff's subordinates.

[2] To the extent that Plaintiff's present Motion is denied and she becomes aware of the anticipated testimony of Mr. Rose and/or Ms. Grass before trial, Plaintiff reserves her right to file a motion *in limine* to preclude and/or limit these witnesses' trial testimony.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter the Proposed Order submitted herewith precluding Defendant from calling Mr. Rose and Ms. Grass as trial witnesses.

Respectfully submitted,

**CONSOLE MATTIACI LAW, LLC**

Dated: May 15, 2023     By:     /s/ Katherine C. Oeltjen
Laura C. Mattiacci, Esquire
Katherine C. Oeltjen, Esquire
Holly W. Smith, Esquire (*pro hac vice*)
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676

*Attorneys for Plaintiff*