UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432 |
| v. | : Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : FILED VIA ECF |
| Defendant. | : |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY ANGELA GRASS AND MICHAEL ROSE**

**I.    INTRODUCTION**

Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks") submits this Memorandum to oppose Plaintiff Shannon Phillips' ("Ms. Phillips") Motion *in Limine* to Preclude testimony by Angela Grass and Michael Rose. Both Ms. Grass and Mr. Rose's identities have been disclosed numerous times during discovery. Contrary to Ms. Phillips' assertions, there is no prejudice to her by allowing these individuals to testify at trial and Ms. Phillips is also unable to meet the other requisite factors required for the implication of this harsh sanction. Therefore, this Court should deny Ms. Phillips' Motion *in Limine*.

**II.    ARGUMENT**

    **A. Ms. Phillips Cannot Meet The Factors Required To Strike Angela Grass and Michael Roses' Testimony**

"The imposition of sanctions for abuse of discovery under [Federal Rule of Civil Procedure] 37 is a matter within the discretion of the trial court." *Newman v. GHS*

1

*Osteopathic*, *Inc.*, *Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) (citation omitted). The factors this Court considers when deciding to exclude evidence under Rule 37(b)(2) are as follows:

> (1) the prejudice or surprise to Plaintiffs; (2) the ability of Plaintiffs to cure that prejudice; (3) the extent to which the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness of Defendants in failing to comply with the court's order.

*Allstate Life Ins. Co. v. Stillwell*, No. 15-8251, 2020 WL 832898, at *6 (D.N.J. Feb. 20, 2020) (citations omitted). "[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Norfolk S. Ry. Co. v. W. Va. R.R.*, 2:11-cv-1588, 2015 WL 4377766, at *2 (W.D. Pa. July 15, 2015) (quoting *McCann v. Miller*, 502 F. App'x 163, 172 (3d Cir. 2012)). Furthermore, the Third Circuit has held that the district court did not abuse its discretion, where a party failed to list a potential witness in its initial disclosures, and the court did not exclude testimony at trial because the opposing party knew of that witness well in advance of trial. *See Archway Ins. Servs. v. James River Ins. Co.*, 507 F. App'x 270, 274 (3d Cir. 2012) (noting that witness had been identified "in a pretrial memorandum filed well over thirty days prior to trial").

In *Norfolk S. Ry. Co.*, the Western District denied the defendants' motion *in limine* to preclude testimony of a witness who was not included in plaintiffs' initial disclosures. 2015 WL 4377766, at *4. In permitting this witness to testify at trial, the court reviewed the four factors articulated *supra*. *Id.* at *2. In reviewing these factors, the court explained that defendants knew of the witness' identity during discovery and "could have easily noticed his deposition . . . [b]ut they apparently chose not to do so." *Id.* at *3. The court also added that this witness was "identified on numerous documents (*i.e.*, various e-mail chains) . . . throughout the discovery phase of this litigation." *Id.* at *3. The court held that the defendants could not meet the remaining factors to exclude the witness because defendants could cross examine this witness at trial, and

2

that the witnesses' limited testimony would not cause a disruption to the trial proceedings. *Id.* at *4. Lastly the court opined that there was no bad faith on the part of the moving party from allowing this witness to testify at trial. Therefore, although the plaintiffs did not list the witness on their initial disclosures, the court allowed the witness to testify. *See id.*

For the very same reasons, this Court should allow Ms. Grass and Mr. Rose to testify in this case. Ms. Phillips cannot meet any of the factors that favor preclusion of this testimony. *First*, there is no prejudice to Ms. Phillips from allowing Ms. Grass and Mr. Rose to testify. Both Ms. Grass and Mr. Rose's identities were disclosed in the pretrial memorandum filed on May 1, 2023. This is over 30 days before the start of the trial. Further, Ms. Phillips was aware of Ms. Grass' identity as a witness to this matter as early as *January 29, 2021*, during Camille Hymes' deposition. Further, Ms. Grass' name appears within documents that Starbucks produced in this matter, including in the text message exchange between Ben Trinsey and Ms. Phillips, which the parties agreed to include as an exhibit to this matter. Similarly, Ms. Phillips was also familiar with Mr. Rose since he reported to Ms. Phillips and his name was included in various documents that have been produced during this litigation. Therefore, Ms. Phillips was well aware of the existence of these individuals and could have deposed them if she wanted.

*Second*, even if Ms. Phillips can establish she would suffer prejudice if this Court allows Ms. Grass and Mr. Rose to testify (which she cannot), her attorneys will have the opportunity to cross examine these individuals at trial, which cures any prejudice.

*Third*, allowing Ms. Grass and Mr. Rose to testify at trial will not disrupt trial proceedings. As explained in Starbucks' pretrial memo, these individuals have narrow and specific information related to the environment "following the April 12, 2018 arrests." Given the narrow topic of their testimony, Ms. Phillips is hard-pressed to argue that this will create a "disruption" at trial.

*Fourth*, Ms. Phillips cannot establish any bad faith or willfulness on the part of Starbucks. There is no evidence to show that Starbucks concealed Ms. Grass and Mr. Rose's identities.

### B. Michael Rose and Angela Grass's Testimony Is Relevant

"There is a strong preference under the Rules of Evidence for admitting any evidence that may be relevant and assist the trier of fact in reaching a decision." *Shannon v. Hobart*, No. 09-5220, 2011 WL 442119, at *1 (E.D. Pa. Feb. 8, 2011) (citing Fed. R. Evid. 401 defining "relevant evidence" as any evidence which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Here, Mr. Rose and Ms. Grass' testimony is relevant to this matter. Ms. Phillips' entire theory of the case is that Starbucks had a plan to "get rid of white people" following the April 2018 arrests. Ms. Grass replaced Holly Hylton, the Store Manager who called the police in the 18th and Spruce Store in April 2018. Therefore, her testimony will provide key evidence for Starbucks that it did not have a scheme to rid the market of White employees in leadership. Further, Mr. Rose, as Regional Director of Operations, has important knowledge of the atmosphere at Starbucks following the April 2018 arrests. Therefore, Ms. Grass and Mr. Rose's possess relevant testimony and should be allowed to testify at trial.

### III. CONCLUSION

Starbucks respectfully requests that the Court deny Ms. Phillips' Motion *in Limine* to Preclude testimony of Ms. Grass and Mr. Rose.

| | |
|---|---|
| Dated: May 22, 2023 | Respectfully submitted, |

/s/ Hannah M. Lindgren
Tara Param (*admitted pro hac vice*)
Hannah M. Lindgren (NJ No. 292082019)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
tparam@littler.com
hlindgren@littler.com

Richard R. Harris (*admitted pro hac vice*)
**HOLLAND & KNIGHT**
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

## **CERTIFICATE OF SERVICE**

    I, Hannah M. Lindgren, hereby certify that on this 22nd day of May 2023, I filed the foregoing document using the United States District Court for the District of New Jersey ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                                 */s/ Hannah M. Lindgren*
                                                    Hannah M. Lindgren