UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432 |
| v. | : Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : |
| Defendant. | : **FILED VIA ECF** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM OFFERING CERTAIN EVIDENCE AT TRIAL**

## I.     INTRODUCTION

Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks") submits this Memorandum in opposition to Plaintiff Shannon Phillips' ("Ms. Phillips") Motion *in Limine* precluding Starbucks from presenting the following at trial: (1) video evidence of the April 12, 2018 arrests; and (2) documentary or testimony evidence from Defendant's economic loss expert on any topic for which he is not qualified to render an expert opinion.[1]  First, the video evidence of the April 12, 2018 arrests is relevant to this case and will provide the jury with essential context concerning the crisis atmosphere that required Starbucks to look to Ms. Phillips for strong leadership. Second, Mr. Silverstone is more than qualified to testify as to the topics contained in expert report, which include Ms. Phillips' inability to mitigate her damages, and he does not require

---

[1] Starbucks does not oppose Ms. Phillips' Motion *in Limine* to preclude evidence related to Ms. Phillips dismissed and/or withdrawn claims against Starbucks and the text message exchange between Ms. Phillips and Mr. Pinto related to Ms. Phillips' $10 million demand.

any vocational specialization to offer his expert opinion on these topics. Therefore, this Court should deny Ms. Phillips' Motion *in Limine*.

II.   **ARGUMENT**

    A.   **Video Evidence Of The April 12, 2018 Arrests Provides Essential Background Information Concerning Ms. Phillips' Performance Deficiencies**

The video of the April 12, 2018 arrests provides essential background to the jury of the circumstances that led to Ms. Phillips' termination and will be authenticated through Starbucks' witness testimony.

"There is a strong preference under the Rules of Evidence for admitting any evidence that may be relevant and assist the trier of fact in reaching a decision." *Shannon v. Hobart*, No. 09-5220, 2011 WL 442119, at *1 (E.D. Pa. Feb. 8, 2011) (citing Fed. R. Evid. 401 defining "relevant evidence" as any evidence which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") Furthermore, "[b]ackground evidence is 'universally offered and admitted as an aid to understanding.'" *See* Fed. R. Evid. 401, advisory committee notes.

Here, the videos of the 2018 arrests will provide critical background evidence to the jury. Starbucks terminated Ms. Phillips after she failed to exhibit leadership in the aftermath of the April 2018 arrests and the crisis created by public outrage over the incident. The arrests of Rashon Nelson and Donte Robinson, the subject of the video, is the source of the crisis. Much of Ms. Phillips' poor leadership can be attributed to her inability to understand the gravity of the arrests, and the implication of the arrests on Black partners within the organization. For Starbucks to articulate to the jury the gravity of these arrests, it is essential for the jury to see the actual arrests. Moreover, for the jury to understand the environment following the arrests in an unbiased and neutral way, there is no better way than for the jury to view the actual arrests themselves.

Ms. Phillips incorrectly argues that Starbucks should be precluded from using the arrest video at trial as a sanction for violating the rules of discovery (Pl's Motion In Limine, p. 4). However, Starbucks was not required to produce this video in discovery. Rather, this video is publicly available on the internet, and is not in Starbucks' possession, custody or control. *Sherrill v. City of Hoboken*, No. 16-3092, 2018 WL 5630028, at *3 (D.N.J. Oct. 31, 2018) ("A party cannot be required to produce records that it does not possess"); *see also* Fed. R. Civ. P. 34(a)(1).

Ms. Phillips also argues in her motion *in limine* that even if the arrest video is relevant, the video violates the rule of completeness and cannot be authenticated. (Pl's Motion in Limine, p. 4-5). First, the rule of completeness does not apply because Starbucks would show the video in its entirety and Starbucks is not cherry picking a portion of the video. Further, the video will be authenticated through Starbucks' witness testimony. Under Rule 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901(b) provides a non-exhaustive list of examples of appropriate methods for authenticating evidence. These include: "[t]estimony that an item is what it is claimed to be" and "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(1); *United States v. Mebrtatu*, 543 F. App'x 137, 140 (3d Cir. 2013). Starbucks will offer the testimony of several witnesses at trial who will testify that they viewed the video and that the video accurately depicts the video that they saw of the arrests, thereby authenticating the video. The arrest video, therefore, it is the best evidence of what occurred during the arrests. *See* Fed. R. Evid. 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.").

Therefore, Starbucks respectfully requests that this Court deny Ms. Phillips' motion to preclude video evidence of the arrests.

### B.  Mr. Silverstone Is Qualified To Testify About The Topics Discussed In His Expert Report

Mr. Silverstone is qualified to give testimony on all aspects of his expert report and offer his expert opinion on Ms. Phillips' mitigation efforts because the report admissible under Fed. R. Evid. 401 and 402 and because he is a qualified expert under Fed. R. Evid. 702.

Under Fed. R. Evid. 702, an expert opinion is admissible to assist the trier of fact to understand evidence if (1) "the testimony is based upon sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods; and" (3) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *In re Asbestos Prod. Liab. Litig. (No. VI)*, No. 10-CV-03202, 2012 WL 252919, at *2 (E.D. Pa. Jan. 25, 2012). The Third Circuit has interpreted Rule 702 as requiring three elements: "(1) the proffered witness must be an expert, *i.e.,* must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge[, i.e. reliability]; and (3) the expert's testimony must assist the trier of fact." *United States v. Schiff,* 602 F.3d 152, 172 (3d Cir. April 7, 2010) (quoting *Pineda v. Ford Motor Co.,* 502 F.3d 237, 243–44 (3d Cir.2008)) (citations omitted). "Rule 702 is to be interpreted liberally in favor of admission." *In re Asbestos Prod. Liab. Litig. (No. VI)*, No. 10-CV-03202, 2012 WL 252919, at *2.

Ms. Phillips' argument that Mr. Silverstone is not qualified to provide expert testimony on Ms. Phillips' mitigation efforts because he lacks a specific specialization is wholly unpersuasive. "An 'expert's testimony is not limited to the area in which he or she [] specialize[s],' but 'the party offering the expert must demonstrate that the expert has the necessary expertise.'" *Keller v. Feasterville Fam. Health Care Ctr.*, 557 F. Supp. 2d 671, 675 (E.D. Pa. 2008) (internal citations

omitted). An expert should not be disqualified simply because they are not "the best qualified or because the expert is without the appropriate specialization." *Id.* Whether the expert is the "best qualified" goes to the weight of the testimony, not its admissibility. *Id.*; *see also Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 781–82 (3d Cir. 1996) ("[I]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate.").

Courts have also agreed that economic experts may testify at trial regarding their analysis of plaintiff's job search as compared to one set of guidelines or their own experience. *See Yang v. Navigators Grp., Inc.*, No. 13- 2073, 2017 U.S. Dist. LEXIS 75990, at *7 (S.D.N.Y. May 18, 2017) ("Finding it sufficiently reliable, the Court will allow this portion of [the expert's] analysis, since it is relevant and may aid the trier of fact in determining whether Plaintiff was actively seeking comparable employment in order to mitigate her alleged damages"); *Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09-1145, 2012 WL 5408420, at *3 (D. Conn. Nov. 6, 2012) (This testimony may include "the nature and degree of efforts which typify an average or successful job search, . . . and how [the plaintiff's] efforts compare to what are typical-or successful-efforts"); *Joffe v. King & Spalding LLP*, 17-CV-3392, 2019 WL 4673554, at *10 (S.D.N.Y. Sep. 24, 2019) ("[expert may] may, in any event, testify as to what a reasonable job search, in her experience, typically consists of, and how Plaintiff's job-search efforts compare.").

Here, Mr. Silverstone should be permitted to testify at trial regarding his analysis of what a reasonable job search, in his experience, typically consists of, and how Ms. Phillips' job-search efforts compare. As demonstrated by his curriculum vitae, Mr. Silverstone is a highly qualified and experienced forensic and investigative accounting experience with decades of experience in

the field. In preparation of his report, Mr. Silverstone reviewed various industry and governmental publications. Further, Mr. Silverstone has testified on this very topic on countless occasions and is qualified to provide his expert testimony in this area. Therefore, he is more than qualified to testify on the substance of his report. Further, Mr. Silverstone does not need a specific vocational expertise to provide his expert opinion on Ms. Phillips' damages and her mitigation efforts given his long-standing expertise offering his expert opinion on these very topics.

Therefore, Starbucks respectfully requests that this Court deny Ms. Phillips' motion *in limine* to preclude Starbucks from introducing any aspect of Mr. Silverstone's expert report or opinions of Ms. Phillips' mitigation efforts.

### III. CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that the Court deny Ms. Phillips' Motion *in Limine* to Preclude Starbucks from presenting certain evidence at trial.

| | |
|---|---|
| Dated: May 22, 2023 | Respectfully submitted, |

/s/ Hannah M. Lindgren
Tara Param (*admitted pro hac vice*)
Hannah M. Lindgren (NJ No. 292082019)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
tparam@littler.com
hlindgren@littler.com

Richard R. Harris (*admitted pro hac vice*)
**HOLLAND & KNIGHT**
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com

*Attorneys for Defendant,
Starbucks Corporation d/b/a
Starbucks Coffee Company*

**CERTIFICATE OF SERVICE**

    I, Tara Param, hereby certify that on this 22nd day of May 2023, I filed the foregoing document using the United States District Court for the District of New Jersey ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.



                                                   */s/ Tara Param*
                                                   Tara Param