UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432 |
| v. | : Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : |
| Defendant. | : **FILED VIA ECF** |

**DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS**

In accordance with the Court's Sixth Amended Order Setting Jury Trial [ECF No. 109], Defendant Starbucks Corporation d/b/a Starbucks Coffee Company, respectfully submits its Amended Proposed Jury Instructions. The amendments to the jury instructions were made in bold. Defendant respectfully requests the opportunity to make changes and to supplement these instructions based upon developments at trial and any errors or omissions in the Parties' submissions.[1]

---

[1] Language that is underlined denotes that it is not contained in the Third Circuit's Model Instructions. Furthermore, where an instruction is labeled as "joint," the parties are in agreement over the proposed instruction.

| | |
|---|---|
| Dated: May 30, 2023 | Respectfully submitted, |

/s/ Tara Param
Tara Param (*admitted pro hac vice*)
Hannah M. Lindgren (NJ No. 292082019)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
tparam@littler.com
hlindgren@littler.com

Richard R. Harris (*admitted pro hac vice*)
**HOLLAND & KNIGHT**
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

**JOINT PROPOSED JURY INSTRUCTION NO. 1**

**Title VII, Section 1981, and NJLAD Introductory Instruction[2]**

In this case the Plaintiff Ms. Phillips, makes a claim under two Federal Civil Rights statutes and a state statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex (including sexual orientation or transgender status), or national origin.

More specifically, Ms. Phillips claims that she was terminated by Starbucks because of Ms. Phillips' race, because she is Caucasian or White.

Starbucks denies that Ms. Phillips was discriminated against in any way. Further, Starbucks asserts that it terminated Ms. Phillips because of her poor leadership and ability to be emotionally and physically present during a time of crisis caused by the arrests of two customers at the Starbucks store located at 18th and Spruce Street and the subsequent public outrage.

I will now instruct you more fully on the issues you must address in this case.

---

[2] Third Circuit Court of Appeals Model Jury Instruction 5.0 and 6.0 (April 2022 and August 2020).

PROPOSED JURY INSTRUCTION NO. 2

**Elements of a Section 1981, Title VII Claim, NJLAD—Reverse Discrimination— Disparate Treatment— Pretext[3]**

In this case Ms. Phillips is alleging that Starbucks terminated Ms. Phillips because she is White. In order for Ms. Phillips to recover on this discrimination claim against Starbucks, Ms. Phillips must prove that Starbucks intentionally discriminated against Ms. Phillips. This means that Ms. Phillips must prove that her race was a determinative factor in Starbucks' decision to terminate Ms. Phillips.

To prevail on this claim, Ms. Phillips must prove both of the following by a preponderance of the evidence:

First: Starbucks terminated Ms. Phillips; and

Second: **"but for" Ms. Phillips' race Starbucks would not have terminated her employment**.

To prevail on this claim, Ms. Phillips must also prove the following by a preponderance of the evidence:

First: background circumstances support the **suspicion** that Starbucks is that unusual employer who discriminates against the majority; and

Second: that Starbucks treated similarly situated employees differently because of their race.[4]

[T]he types of 'background circumstances' which might support an inference of [reverse] discrimination [fall] into two categories: (1) evidence indicating that the particular employer at issue has some reason or inclination to discriminate invidiously against [the majority;] and (2)

---

[3] Third Circuit Court of Appeals Model Jury Instruction 5.1.2 (April 2022) and 6.1.2 (August 2020).
[4] *Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 552 (1990).

<u>evidence indicating that there is something `fishy' about the facts of the case at hand that raises an inference of discrimination.</u>"[5]

Although Ms. Phillips must prove that Starbucks acted with the intent to discriminate, Ms. Phillips is not required to prove that Starbucks acted with the particular intent to violate Ms. Phillips federal civil rights. Moreover, Ms. Phillips is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether Starbucks intentionally discriminated against Ms. Phillips. For example, you have been shown statistics in this case. Statistics are one form of evidence that you may consider when deciding whether a defendant intentionally discriminated against a plaintiff. You should evaluate statistical evidence along with all the other evidence.

Ms. Phillips has given a nondiscriminatory reason for its decision to terminate Ms. Phillips. If you believe Starbucks' stated reason and if you find that the termination would have occurred because of defendant's stated reason regardless of Ms. Phillips' race, then you must find for Starbucks. If you disbelieve Starbucks' stated reason for its conduct, then you may, but need not, find that Ms. Phillips has proved intentional discrimination. In determining whether Starbucks' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Starbucks' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Starbucks or believe it is harsh or unreasonable. You are not to consider Starbucks' wisdom. However, you may consider whether Ms. Phillips has proven that Starbucks' reason is merely a cover-up for discrimination.

---

[5] *Murphy v. Housing Authority, Atlantic City*, 32 F. Supp. 2d 753, 764 (D.N.J. 1999) (quoting *Harel v. Rutgers, State University*, 5 F. Supp. 2d 246, 265 (D.N.J. 1998)).

Ultimately, you must decide whether Ms. Phillips has proven that her race was a determinative factor in Starbucks' employment decision. "Determinative factor" means that if not for Ms. Phillips' race, the termination would not have occurred.

## PROPOSED JURY INSTRUCTION NO. 3

**Similarly Situated Employees**[6]

Ms. Phillips claims that Starbucks treated other employees differently than they treated her. Ms. Phillips asserts that this different treatment is evidence of reverse race discrimination. In order to find that Starbuck's treatment of other employees as compared to their treatment of Ms. Phillips is evidence of reverse race discrimination, you must find that the employees with whom Ms. Phillips seeks to compare herself were similarly situated to her in all relevant respects.

Two persons cannot be similarly situated unless they are similar in "all relevant respects." This determination takes into account factors such as the employees' job responsibilities, job performance, and their supervisors and decision-makers. At a minimum, Ms. Phillips must show that the employees to whom she seeks to compare himself had similar job responsibilities, had the same supervisor, and were subject to the same standards.

---

[6] Sources: *Opsatnik v. Norfolk Southern Corp.,* 335 F. App'x. 220, 222-23 (3d Cir. 2009); *Wilcher v. Postmaster Gen.*, No. 10-3075, 2011 U.S. App. Lexis 16556, at *8 (3d Cir. Aug. 9, 2011) (citations omitted); *Robinson v. CONRAIL*, No. 07-1641, 2010 U.S. Dist. LEXIS 102425, at *18-*20 (M.D. Pa. Sept. 28, 2010); *Davis v. City of Phila. Water Dep't*, 57 F. App'x 90, 91 (3d Cir. 2003); *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 305 (3d Cir. 2004); *Bullock v. Children's Hosp. of Phila.*, 71 F. Supp. 2d 482, 489 (E.D. Pa. 1999).

## PROPOSED JURY INSTRUCTION NO. 4

**Elements of a NJLAD Claim – Identical to Elements of Section 1981 Claims[7]**

In addition to his federal claims, Ms. Phillips has brought claims under the New Jersey Law Against Discrimination ("NJLAD"). The NJLAD is a state law that prohibits the discrimination of an individual on the basis of race, and should be interpreted identically to Section 1981. Therefore, all of the instructions I have given to you regarding the elements of a Section 1981 claim also apply to the NJLAD.

---

[7] **Sources:** *Ali v. Woodbridge Twp. Sch. Dist.*, **957 F.3d 174, 180 (3d Cir. 2020);** *Castleberry v. STI Group*, **863 F.3d 259, 263 (3d Cir. 2017).**

## PROPOSED JURY INSTRUCTION NO. 5

**Opinion Is Not Proof**[8]

Ms. Phillips' subjective belief that Starbucks' actions with respect to her employment were not taken because of legitimate, non-discriminatory reasons is not sufficient to create an inference of reverse race discrimination.  To prevail on his claim for reverse race discrimination, Ms. Phillips must do more than express his own disagreement with Starbucks' reasons for its actions; she must demonstrate that those reasons are a pretext for discrimination – that is, that they are a cover-up for race discrimination.

Just as Ms. Phillips' own opinion is not sufficient to support her claims of reverse race discrimination, neither is the opinion of a co-worker or any other individual not involved in the actual decisions about which Ms. Phillips' complains.

---

[8] Sources:  *See Yue Yu v. McGrath*, 597 F. App'x 62, 67-68 (3d Cir. 2014) (holding that the mere subjective belief that a person has acted with discriminatory intent does not support an inference of discrimination); *Groeber v. Friedman & Schuman*, P.C., 555 F. App'x 133, 135 (3d Cir. 2014) (holding that a plaintiff's subjective belief that race played a role in an employment decision is not, alone, sufficient to establish an inference of discrimination); *Smith v. COMHAR, Inc.*, Civ. A. No. 15-4913, 2017 WL 930421, at *9-10 (E.D. Pa. Mar. 9, 2017), *aff'd*, 722 F. App'x 314 (3d Cir. 2018) (holding that statement of co-worker about purported cat's paw subordinate's state of mind has no probative value and does nothing to advance plaintiff's discrimination claims); *Kier v. F. Lackland & Sons, LLC*, 72 F. Supp. 3d 597, 609 (E.D. Pa. 2014) (holding that a "mere subjective belief that the comments were discriminatory, without any objective foundation on which to rest that belief, is insufficient to establish racial animus."); *Tillman v. Redevelopment Auth.*, Civ. A. No. 12–1505, 2013 WL 5594701, at *8 (E.D. Pa. Oct. 11, 2013) ("A plaintiff's own unsubstantiated, subjective beliefs of suspicions alone would not suffice to persuade a rational trier of fact that age was a factor in the termination decision.").

**PROPOSED JURY INSTRUCTION NO. 6**

**Title VII Damages — Compensatory Damages — General Instruction (Introduction)[9]**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Starbucks should be held liable.

If you find by a preponderance of the evidence that Starbucks intentionally discriminated against Ms. Phillips by terminating her employment, then you must consider the issue of compensatory damages. You must award Ms. Phillips an amount that will fairly compensate her for any injury she actually sustained as a result of Starbucks' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Phillips in the position she would have occupied if the discrimination had not occurred. Ms. Phillips has the burden of proving damages by a preponderance of the evidence.

Ms. Phillips must show that the injury would not have occurred without Starbucks' act. Ms. Phillips must also show that Starbuck's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Starbuck's act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Starbucks' actions were motivated by discrimination. In other words, even assuming that Starbuck's actions were motivated by discrimination, Ms. Phillips is not entitled to damages for an injury unless Starbucks discriminatory actions actually played a substantial part in bringing about that injury.

---

[9] Third Circuit Court of Appeals Model Jury Instruction 5.4.1 (April 2022) and 6.4.1 (August 2020).

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Phillips experienced as a consequence of Starbucks' allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Phillips would have earned, either in the past or in the future, if she had continued in employment with Starbucks. These elements of recovery of wages that Ms. Phillips would have received from Starbucks are called "back pay" and "front pay". Under the applicable law, the determination of "back pay" and "front pay" is for the court.

You may award damages for monetary losses that Ms. Phillips may suffer in the future as a result of Starbucks' allegedly unlawful act. For example, you may award damages for loss of earnings resulting from any harm to Ms. Phillips' reputation that was suffered as a result of Starbucks' allegedly unlawful act. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Ms. Phillips would have

earned in the future from Starbucks if she had retained the job.

As I instructed you previously, Ms. Phillips has the burden of proving damages by a preponderance of the evidence. But the law does not require that Ms. Phillips prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**PROPOSED JURY INSTRUCTION NO. 7**

**Nominal damages [10]**

If you return a verdict for Ms. Phillips, but Ms. Phillips has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

---

[10] Third Circuit Court of Appeals Model Jury Instruction 5.4.5 (April 2022) and 6.4.5 (August 2020).

**PROPOSED JURY INSTRUCTION NO. 8**

**Punitive damages**[11]

Ms. Phillips claims the acts of Starbucks were done with malice or reckless indifference to Ms. Phillips' federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Starbucks' personally acted with malice or reckless indifference to Ms. Phillips' federally protected rights.  An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

**[For use where the defendant raises a jury question on good-faith attempt to comply with the law:**

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Starbucks' federal rights, you cannot award punitive damages if Starbucks proves by a preponderance of the evidence that it made a good-faith attempt to comply with the

---

[11] Third Circuit Court of Appeals Model Jury Instruction 5.42 (April 2022) and 6.4.2 (August 2020).

law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Ms. Phillips.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that Starbucks has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Starbucks. You should also consider whether actual damages standing alone are sufficient to deter or prevent Starbucks from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Starbucks may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Starbucks should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Starbucks or others from committing similar wrongful acts in the future.

**PROPOSED JURY INSTRUCTION NO. 9**

**5.4.3   Title VII Damages — Back Pay— For Advisory or Stipulated Jury**[12]

[No instruction as back pay is a legal matter to be determined by the Court.]

---

[12] *Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 78 n.1 (3d Cir. 2009) (explaining in Title VII case that back pay and front pay are equitable remedies to be determined by the court).

**PROPOSED JURY INSTRUCTION NO. 10**

**5.4.4   Title VII Damages — Front Pay — For Advisory or Stipulated Jury[13]**

[No instruction as front pay is a legal matter to be determined by the Court.]

---

[13] *Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 78 n.1 (3d Cir. 2009) (explaining in Title VII case that back pay and front pay are equitable remedies to be determined by the court).

**PROPOSED JURY INSTRUCTION NO. 11**

**No Prejudice, Passion, Bias or Sympathy**[14]

Your oath as jurors requires you to decide this case fairly and impartially, without sympathy, passion, bias or prejudice. You are to decide this case based solely upon the evidence that you find believable and in accordance with the rules of law that I give you.

Sympathy is an emotion which is normal for human beings. No one can be critical of you for feeling some degree of sympathy in this matter. However, that sympathy must play no part in your thinking and in the decision you reach in the jury room.

Similarly, your decision must not be based upon bias or prejudice which you might have developed during the trial, for or against any party.

Your duty is to decide this case impartially and a decision based on sympathy, passion, bias or prejudice would violate that duty.

---

[14] *New Jersey Model Civil Jury Charge 1.12P.*