IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>    Plaintiff,<br><br> v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | CIVIL ACTION<br>NO. 19-19432 |

**ORDER**

**AND NOW**, this 2nd day of June 2023, upon consideration of Plaintiff's Omnibus Motion in Limine to Preclude Defendant from Offering Certain Evidence at Trial (Doc. No. 120) and Defendant's Response in Opposition (Doc. No. 126), it is **ORDERED** that Plaintiff's Omnibus Motion in Limine to Preclude Defendant from Offering Certain Evidence at Trial (Doc. No. 120) is **GRANTED IN PART** and **DENIED IN PART**.[1]

---

[1] **I. Introduction**

On October 28, 2019, Plaintiff Shannon Phillips ("Plaintiff" or "Phillips") commenced this action against Defendant Starbucks Corporation ("Defendant"). (Doc. No. 1.) On May 27, 2020, this case was transferred to the Honorable Joel H. Slomsky of the Eastern District of Pennsylvania. (Doc. No. 28.) On August 17, 2020, Plaintiff filed a Second Amended Complaint asserting violations of three statutes: (1) 42 U.S.C. § 2000e-5 ("Title VII") (Count I); (2) 42 U.S.C. § 1981 ("Section 1981") (Count II); and (3) the New Jersey Law Against Discrimination ("NJLAD") (Count III). (Doc. No. 36 at ¶¶ 77-95.)

On May 15, 2023, Plaintiff filed an Omnibus Motion in Limine to Preclude Defendant from Offering Certain Evidence at Trial. (Doc. No. 120.) On May 22, 2023, Defendant filed its Response in Opposition. (Doc. No. 126.)

**II. Analysis**

Plaintiff moves to preclude the following from being introduced in evidence at trial:

1

> (1) Video evidence of the April 12, 2018 arrests; (2) documentary or testimonial evidence related to Plaintiff's May 8, 2018 settlement demand; (3) documentary or testimonial evidence from Defendant's economic loss expert on any topic for which he is not qualified to render an expert opinion – namely, Plaintiff's mitigation efforts; and (4) evidence related to Plaintiff's dismissed and/or withdrawn claims against Defendant.

In its Response, Defendant does not contest Plaintiff's request to preclude items (2) and (4) above, evidence of her settlement demands or evidence relating to her dismissed and/or withdrawn claims. (Doc. No. 126 at 1 n.1.) Accordingly, the Court need only address items (1) and (3), the video evidence of the arrests and the evidence from Defendant's economic loss expert.

Each item will be addressed in turn.

   a. <u>Video Evidence of the Arrests</u>

First, Plaintiff argues that a 46-second clip depicting the April 12, 2018 arrests may not be introduced at trial. (Doc. No. 120-1 at 3-7.) Plaintiff makes five arguments why this evidence should be excluded: (1) Defendant supplied the video shortly before trial, not during discovery, in violation of Federal Rule of Civil Procedure 26(a)(1)(A); (2) the video cannot be authenticated pursuant to Federal Rule of Evidence 901; (3) the video is incomplete in violation of Federal Rule of Evidence 106; (4) the video "is not relevant to any claim or defense in this matter," the underlying events of the arrests are "not in dispute," and it is irrelevant under Federal Rule of Evidence 401; and (5) the video's "low probative value . . . is substantially outweighed by the risk of unfair prejudice to Plaintiff" because this case is about Ms. Phillips's termination, not about the arrests, and the arrests, which were "an emotional and polarizing topic" would only "risk . . . inflaming the jury and misleading them into believing that Plaintiff – rather than Defendant – is responsible for the arrests having taken place." (<u>Id.</u> at 4-6.)

Defendant, by contrast, contends that the video evidence is admissible (Doc. No. 126 at 2-4), and disputes each of Plaintiff's above-listed arguments. First, Defendant states that it did not violate Federal Rule of Civil Procedure 26 because it "was not required to produce this video in discovery" and because the video is on the internet, it "is not in Starbucks'[s] possession, custody, or control." (<u>Id.</u> at 3.) Second, Defendant argues that Federal Rule of Evidence 901 is not violated because Defendant intends to call witnesses who will confirm their review of the video and the video's accuracy. (<u>Id.</u>) Third, Defendant asserts that Federal Rule of Evidence 106 is inapplicable because Defendant will play the 46-second clip for the jury, which is the entirety of the video it has in its possession. (<u>Id.</u>) Fourth, Defendant asserts that the video evidence is relevant because it "provides essential background to the jury of the circumstances that led to Ms. Phillips'[s] termination" and that "for the jury to understand the environment following the arrests in an unbiased and neutral way, there is no better way than for the jury to view the actual arrests themselves." (<u>Id.</u> at 2.) Defendant does not address Plaintiff's fifth argument, that the video evidence would unduly prejudice Plaintiff.

2

Here, the video evidence of the arrests may be admissible.  The Court has reviewed the 46-second video of the arrest of the two persons at the Starbucks store.  In the video, Philadelphia police officers handcuff two Black males and escort them toward the exit of the store.  The video provides background information on the incident that eventually led to the termination of Plaintiff by Starbucks and is therefore relevant to a defense in this case.  Moreover, Defendant proffers that the video will be properly authenticated and will be played in full.  It is only 46 seconds long and is not unduly prejudicial.  Therefore, it may be admissible at trial.  Accordingly, Plaintiff's Motion (Doc. No. 120) will be denied without prejudice as to item (1) above, the video evidence of the arrests.

   b.  Evidence from Defendant's Economic Loss Experts

Defendant has an economic loss expert by the name of Howard Silverstone.  The Court has reviewed his report and curriculum vitae.  At this time, Plaintiff objects to Mr. Silverstone being called as an expert witness under Rule 702 of the Federal Rules of Evidence.  Plaintiff challenges his qualification as a mitigation expert.  In any event, Plaintiff and Defendant are in the process of attempting to resolve among themselves the admissibility of Silverstone's testimony.  Therefore, Plaintiff's Motion (Doc. No. 120) will be denied without prejudice as to item (3) above, evidence from Defendant's economic loss experts.

## III.  Conclusion

For the foregoing reasons, Plaintiff's Omnibus Motion in Limine to Exclude Certain Evidence at Trial (Doc. No. 120) will be **GRANTED IN PART** and **DENIED IN PART.**  The Motion is **GRANTED** as to item (2) above, evidence of Plaintiff's settlement demands and item (4) above, evidence relating to her dismissed and/or withdrawn claims.  (Doc. No. 126 at 1 n.1.)  The Motion will be **DENIED WITHOUT PREJUDICE** as to item (1) above, the video evidence of the arrests, and item (3) above, evidence from Defendant's economic loss experts.

BY THE COURT:

/s/Joel H. Slomsky, J.
_____
JOEL H. SLOMSKY, J.