IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>                Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>                Defendant. | CIVIL ACTION<br>NO. 19-19432 |

**ORDER**

**AND NOW**, this 2nd day of June 2023, upon consideration of Plaintiff's Motion to Preclude Defendant from Calling Michael Rose and Angela Grass as Trial Witnesses (Doc. No. 121) and Defendant's Response in Opposition (Doc. No. 122), it is **ORDERED** that Plaintiff's Motion to Preclude Defendant from Calling Michael Rose and Angela Grass as Trial Witnesses (Doc. No. 121) is **GRANTED in part and DENIED in part**.[1]

---

[1] **I. Introduction**

On October 28, 2019, Plaintiff Shannon Phillips ("Plaintiff" or "Phillips") commenced this action against Defendant Starbucks Corporation ("Defendant"). (Doc. No. 1.) On May 27, 2020, this case was transferred to the Honorable Joel H. Slomsky of the Eastern District of Pennsylvania. (Doc. No. 28.) On August 17, 2020, Plaintiff filed a Second Amended Complaint asserting violations of three statutes: (1) 42 U.S.C. § 2000e-5 ("Title VII") (Count I); (2) 42 U.S.C. § 1981 ("Section 1981") (Count II); and (3) the New Jersey Law Against Discrimination ("NJLAD") (Count III). (Doc. No. 36 at ¶¶ 77-95.)

On May 15, 2023, Plaintiff filed a Motion to Preclude Defendant from Calling Michael Rose and Angela Grass as Trial Witnesses (the "Motion"). (Doc. No. 121.) On May 22, 2023, Defendant filed its Response in Opposition. (Doc. No. 122.)

Defendant has informed the Court that it will not call Michael Rose as a witness. Accordingly, the Court will grant the Motion as it applies to Mr. Rose.

1

**II. Legal Standards**

Federal Rule of Civil Procedure 26 governs a party's duty to disclose. Fed. R. Civ. P. 26. Subsection (a)(1) provides rules as to initial disclosures and states:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

Id. (a)(1)(A)(i).

Subsection (e) of Rule 26 sets forth a party's responsibility to supplement its disclosures. It provides:

> (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission-- must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Id. (e)(1)(A).

Federal Rule of Civil Procedure 37 works in conjunction with Rule 26, providing guidance for parties faced with discovery disputes. See Fed. R. Civ. P. 37. Specifically, subsection (c)(1) governs a party's failure to either disclose or supplement an earlier response. Id. (c)(1). This subsection states in part:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure was substantially justified or is harmless</u>.

Id. (emphasis added).

### III. Analysis

Plaintiff moves to preclude Angela Grass from testifying at trial. (Doc. No. 121-1 at 1.) Plaintiff asserts that in violation of Federal Rules of Civil Procedure 26 and 37, Defendant failed to disclose its intention to call Ms. Grass at trial in its Initial Disclosures and waited to do so until it filed its Pretrial Memorandum. (Id. at 2.) Further, Plaintiff highlights that while Ms. Grass was referenced in Camille Hymes's deposition, this reference merely identified Ms. Grass as the new store manager. (Id.)

As noted above, Rule 37(c)(1) states that to avoid exclusion of its proposed evidence, a party who fails to disclose information must either show that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification is defined as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Miller v. Warren Hosp. IPA, PA, No. 15-7496, 2018 WL 566214, at *6 (D.N.J. Jan. 26, 2018) (citing Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997)). In other words, [t]he test [for substantial justification] is satisfied if there exists a genuine dispute concerning compliance." Industria DE Alimentos Zenu S.A.S. v. Latinfood U.S. Corp., No. 16-6576, 2022 WL 1683747, at *12 (D.N.J. May 26, 2022) (internal quotation marks omitted) (quoting Kinney v. Trs. of Princeton Univ., No. 04-5252, 2007 WL 700874, at *5 (D.N.J. Mar. 1, 2007) (citation omitted)).

In addition, in determining whether to exclude evidence based upon a failure to disclose, the Court considers the following:

> (1) the prejudice or surprise in fact of the party against whom the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the Rule 37 sanctions would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness of the party failing to make a required disclosure.

McCoy v. GEICO Indemnity Co., No. 20-5597, 2023 WL 2929454, at *7 (D.N.J. Apr. 13, 2023) (citation omitted). It appears that other courts in this District apply a fifth factor: "the importance of the evidence to the case." See, e.g., Yang v. Lin, 2022 WL 2389300, at *2 (D.N.J. July 1, 2022) (citing ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 298 (3d Cir. 2012)).

Here, the defense has proffered a synopsis of the testimony of Angela Grass. It is as follows:

> We anticipate that Ms. Grass will testify concerning her replacement of Holly Hylton as Store Manager ("SM") at Starbucks' 18th and Spruce Street Store and whether she is aware of any discussion concerning race in the decision for Ms. Grass to replace Ms. Hylton. Ms. Grass will also testify concerning her almost 12 years of experience at Starbucks, working as SM at some of Starbucks' most challenging stores. She will also testify concerning her understanding of why she was selected to replace Ms. Hylton, including her experience in stabilizing stores with challenges.

(May 31, 2023 Email to Chambers from Tara S. Param, Esquire.)

In considering whether Grass should be allowed to testify at trial to these matters, the Court will address each factor in turn.

    a. <u>Prejudice or Surprise</u>

Plaintiff first argues that there is no substantial justification for the failure earlier in the litigation to disclose Grass as a witness and that the "corresponding risk of surprise and prejudice . . . is high" because Plaintiff: (1) was not made aware of Ms. Grass through discovery, except for a brief reference during Ms. Hymes's deposition and (2) does not know what Ms. Grass will testify to. (Doc. No. 121-1 at 3.) In this case, the above synopsis provides the substance of the testimony of Grass. Thus, point two is obviated.

Moreover, Defendant disputes the argument that it failed to disclose Glass as a witness and there was prejudice. (Doc. No. 122 at 3.) Specifically, Defendant explains that Ms. Grass's name was: (1) noted in Defendant's Pretrial Memorandum, filed roughly a month before the start of trial; (2) referenced during Camille Hymes's deposition on January 29, 2021; and (3) included "within documents that Starbucks produced in this matter, including in the text message exchange between Ben Trinsey and Ms. Phillips, which the parties agreed to include as an exhibit to this matter." (<u>Id.</u>) And given the prevalence of Grass's position as the replacement for the store manager after the incident on April 12, 2018, and the disclosures of her name in various documents, sufficient notice was available to Plaintiff to anticipate that she may testify at trial.

The Court finds that Plaintiff had sufficient notice that Grass was a potential trial witness and there was no failure to disclose by Defendant. Moreover, any prejudice can be cured, as noted below.

    b. <u>Ability to Cure Prejudice</u>

Second, Plaintiff asserts that Defendant cannot cure the prejudice resulting from its failure to disclose because trial is fast-approaching and Plaintiff's counsel has expended a significant amount of time to prepare. (Doc. No. 121-1 at 4.) Defendant counters this point by arguing that even if the failure to disclose resulted in prejudice, it can be cured through cross-examination. (Doc. No. 122 at 3.) The Court agrees in part. But to further cure any potential prejudice, if Plaintiff wishes to depose Grass during trial, the Court will take a recess to allow a deposition. It is also permissible to interview Grass.

    c. <u>Disruption of an Orderly and Efficient Trial</u>

Plaintiff does not directly address this factor. Defendant asserts that permitting Ms. Grass to testify will not disrupt the trial, for Ms. Grass's testimony is "narrow and specific." (<u>Id.</u> at 3-4.) Here, any delay or disruption of the trial will be de minimis and this factor favors Defendant.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

d. <u>Bad Faith</u>

Fourth, Plaintiff states: "although Defendant's reason for failing to identify . . . Ms. Grass remains unknown, the fact that it did so just weeks before trial raises the specter of bad faith." (Doc. No. 121-1 at 4.) Defendant, by contrast, argues that Plaintiff does not present any evidence in support of a finding that Defendant acted either in bad faith or willfully. (Doc. No. 122 at 4.) The Court agrees and does not find that Defendant acted in bad faith or willfully.

e. <u>Importance of the Evidence</u>

Finally, Plaintiff argues that because Ms. Grass was largely absent from discovery and "Defendant itself does not appear to have determined that . . . [she was a] relevant witness[] until just weeks before trial," the testimony cannot be considered important. (Doc. No. 121-1 at 4.) Defendant does not directly address this final factor, but from the synopsis provided above, her testimony appears to be relevant in this case.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Preclude Defendant from Calling Michael Rose and Angela Grass as Trial Witnesses (Doc. No. 121) is granted in part and denied in part.

5