IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>             Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>             Defendant. | CIVIL ACTION<br>NO. 19-19432 |

**ORDER**

**AND NOW**, this 2nd day of June 2023, upon consideration of Defendant's Motion <u>in Limine</u> to Exclude Statements of Non-Decisionmakers (Doc. No. 119) and Plaintiff's Response in Opposition (Doc. No. 128), it is **ORDERED** that Defendant's Motion in Limine to Exclude Statements of Non-Decisionmakers (Doc. No. 119) is **DENIED**.[1]

---

[1]  **I. Introduction**

On October 28, 2019, Plaintiff Shannon Phillips ("Plaintiff" or "Phillips") commenced this action against Defendant Starbucks Corporation ("Defendant"). (Doc. No. 1.) On May 27, 2020, this case was transferred to the Honorable Joel H. Slomsky of the Eastern District of Pennsylvania. (Doc. No. 28.) On August 17, 2020, Plaintiff filed a Second Amended Complaint asserting violations of three statutes: (1) 42 U.S.C. § 2000e-5 ("Title VII") (Count I); (2) 42 U.S.C. § 1981 ("Section 1981") (Count II); and (3) the New Jersey Law Against Discrimination ("NJLAD") (Count III). (Doc. No. 36 at ¶¶ 77-95.)

On May 15, 2023, Defendant filed a Motion <u>in Limine</u> to Exclude Statements of Non-Decisionmakers (the "Motion"). (Doc. No. 119.) On May 22, 2023, Plaintiff filed a Response in Opposition. (Doc. No. 126.) For reasons discussed below, Defendant's Motion in Limine will be denied.

**II. Legal Standards**

In the Motion, Defendant relies on Federal Rules of Evidence 401, 402, 403, and 701 in support of its argument. The Rules provide as follows:

1

<u>Federal Rule of Evidence 401</u>

Evidence is relevant if:

 (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

 (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

<u>Federal Rule of Evidence 402</u>

Relevant evidence is admissible unless any of the following provides otherwise:

- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

Fed. R. Evid. 402.

<u>Federal Rule of Evidence 403</u>

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

<u>Federal Rule of Evidence 701</u>

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

 (a) rationally based on the witness's perception;

 (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

 (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

**III. Analysis**

Defendant moves to partially exclude the lay opinions of two former Starbucks employees, Paul Sykes and Benjamin Trinsey. (See Doc. No. 119-1 at 2.) Defendant acknowledges that these proposed witnesses "should be permitted to testify as to their personal observations about facts they personally observed," but instead moves to exclude "their lay opinions about incidents for which they lack personal knowledge." (Id.)

   a. <u>Mr. Sykes and Mr. Trinsey's Testimony</u>

Defendant supports its Motion to partially exclude the lay opinions of Mr. Sykes and Mr. Trinsey by contending that the opinions: (1) violate Rule 701; (2) are irrelevant; and (3) would unduly prejudice Defendant. (Id.)

      i. <u>Rule 701</u>

First, Defendant argues that the lay opinions of Mr. Sykes and Mr. Trinsey, stating that Plaintiff "should not have been terminated and that Starbucks terminated her because she is White," would violate Federal Rule of Evidence 701. (Id.) Defendant asserts that these opinions violate this Rule because the testimony "subvert[s] the Federal Rules of Evidence that prohibits [sic] opinions not based on fact." (Id.) Specifically, according to Defendant, the witnesses "do not have any firsthand knowledge with respect to Starbucks'[s] decision to terminate Ms. Phillips, nor were they consulted for their opinions regarding Ms. Phillips'[s] termination." (Id. at 3.)

In the Response in Opposition, Plaintiff asserts that Mr. Sykes's and Mr. Trinsey's testimony is permissible under Rule 701. (Doc. No. 128 at 6-8.) As to Mr. Sykes, Plaintiff asserts that he may testify as to his belief that Plaintiff was fired because she is Caucasian and he was retained because he is African American. (Id.) Specifically, Plaintiff contends that his testimony is permissible because it is based on: "his personal knowledge and observations not only as a District Manager in the Philadelphia market where 'race was definitely the topic of conversation', but his participation in private discussions among Starbucks leadership about the company's desire to send a 'strong message' . . . ." (Id.) Plaintiff notes that this testimony, therefore, "will assist the jury in determining the critical issue in this case – whether Defendant discriminated against Plaintiff because of her race." (Id. at 7.) Plaintiff does not specifically address Mr. Trinsey's testimony as to Defendant's alleged discriminatory animus, but does assert that "Defendant has not met its affirmative burden of proving that opinion testimony from Mr. Sykes and Mr. Trinsey regarding Starbucks' race-based motivations would be inadmissible under Rule 701." (Id. at 8.)

Federal Rule of Evidence 701, <u>supra</u>, governs lay opinion testimony. Fed. R. Evid. 701. This Rule has been interpreted to mean "that a witness is only permitted to giver her opinion or interpretation of an event when she has some personal knowledge of that incident." <u>United</u>

3

States v. Fulton, 837 F.3d 281, 291 (3d Cir. 2016). This testimony "is permitted under Rule 701 because it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event." Id. at 291 (internal quotation marks and citation omitted). The Rule excludes, however, lay opinion testimony that "'merely tells the jury what result to reach'" or otherwise "usurps the jury's rule as fact finder." Id. (citation omitted). So "[w]hile opinion testimony that 'embraces an ultimate issue' to be decided by the trier of fact is not per se inadmissible, such testimony is barred when its primary value is to dictate a certain conclusion." Id. (citation omitted).

The Court agrees with Plaintiff that the lay opinion testimony is permitted under Federal Rule of Evidence 701. Again, under Rule 701, one may provide lay opinion testimony if the testimony is (1) "rationally based on the witness's perception"; (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Here, the expected lay opinion testimony meets each of the above-listed requirements. The testimony is rationally based upon Mr. Sykes's and Mr. Trinsey's perception and will also assist the jury in reaching its verdict. As Plaintiff notes, Mr. Sykes testified that "there was a lot of conversations about race. Primarily, most of the conversations were about race in terms of people feeling like there needs to be action taken. . . . So lots of talk about race. Race was definitely the topic of conversation." Sykes Dep. at 35:9-13, 16-17. This observation stems directly from Mr. Sykes's experience as an employee of the company following the arrests. The testimony does not direct the jury to a foregone conclusion, but merely recounts observations based upon Mr. Sykes's personal knowledge. The same is true of the testimony of Mr. Trinsey. Finally, their testimony is not based on scientific, technical, or other specialized knowledge. Therefore, the testimony is permissible under Rule 701.

    ii. Relevance

Second, Defendant contends that Mr. Sykes's and Mr. Trinsey's opinions are irrelevant and therefore inadmissible under Federal Rules of Evidence 401 and 402 because they: (1) were not decisionmakers and (2) were not proper comparators. (Id. at 4-5.) Defendant first claims that any testimony from these proposed witnesses stating that they "disagree with Starbucks'[s] decision to terminate Ms. Phillips should not be permitted" because (1) they do not have "firsthand knowledge of the reasons surrounding Ms. Phillips'[s] termination"; (2) the four decisionmakers did not meet with either man or consider their input before terminating Ms. Phillips; and (3) neither man "was involved in any manner with the decision-making process." (Id. at 4.) Defendant then argues that their testimony is irrelevant because they were Plaintiff's subordinates and coworkers, and asserts that testimony from coworkers is irrelevant and not probative. (Id. at 4-5.)

In the Response in Opposition, Plaintiff argues that Mr. Sykes's and Mr. Trinsey's testimony regarding Plaintiff's performance "is relevant to rebut Defendant's stated reason for

4

terminating Plaintiff." (Doc. No. 128 at 4.) In support of this statement, Plaintiff highlights that: (1) Plaintiff "directly supported" the men; (2) the men worked with Plaintiff every day in the wake of the arrests and therefore have firsthand knowledge of her response; and (3) the men had "personal knowledge of Starbucks'[s] performance management policies and standards for employee performance." (Id. at 4-5.)

Plaintiff cites case law standing for the proposition that nondecisionmakers may testify as to a defendant's discriminatory animus. (See Doc. No. 128 at 7 (citing Mikulan v. Allegheny Cnty., 2017 WL 2374430, at *7 (E.D. Pa. May 31, 2017); Duran v. Cnty. of Clinton, 2019 WL 2867273, at *4 (M.D. Pa. July 3, 2019)).)

Indeed, as the Third Circuit Court of Appeals held in Walden v. Georgia-Pacific Corp., "stray remarks by nondecisionmakers may be properly used by litigants as circumstantial evidence of discrimination." 126 F.3d 506, 521 (3d Cir. 1997). District courts retain their "normal discretion to exclude such evidence under general relevancy principles." Id. at 521-22 (citing Fed. R. Evid. 401); see also Duran, 2019 WL 2867273, at *4 (". . . [E]vidence of statements by non-decisionmakers and of a discriminatory culture constitute admissible circumstantial evidence of discriminatory motive.") (citing Walden, 126 F.3d at 521).

Mr. Sykes's and Mr. Trinsey's testimony regarding Plaintiff's performance is relevant because it constitutes admissible circumstantial evidence of Defendant's discriminatory animus. Their testimony is therefore admissible under Federal Rules of Evidence 401 and 402.

### iii. Unfair Prejudice

Third, Defendant also moves to partially exclude Mr. Sykes's and Mr. Trinsey's lay opinion testimony on the grounds that "any probative value . . . is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." (Id. at 5.) In short, Defendant asserts that their lay opinion testimony would only detract from the testimony of the four witnesses who were involved in the termination decision and would incorrectly cause the jury to conclude that Mr. Sykes and Mr. Trinsey participated in Ms. Phillips's termination. (Id.)

Plaintiff contends that Defendant "has failed to show how the probative value of this evidence is substantially outweighed by the danger of unfair prejudice under Rule 403." (Id.) Instead, Plaintiff notes, Defendant "is free to argue [that] it never considered Mr. Sykes'[s] or Mr. Trinsey's opinion when deciding to terminate Plaintiff for allegedly not providing them with adequate support, but that should not preclude Mr. Sykes and Mr. Trinsey from rebutting Defendant's assertion that they were somehow deprived of adequate support during this time."

Unfair prejudice is defined as "prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found." United States v. Womack, 55 F.4th 219, 236 (3d Cir. 2022) (citing United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009)). The proposed lay testimony would not result in prejudice arising to this level. Nor is there any indication that the proposed testimony

5

would result in a confusion of the issues or a misleading of the jury. Each witness will testify as to their roles within the company, thereby distinguishing them as either a decisionmaker or a nondecisionmaker.

  b. <u>Mr. Trinsey's Testimony</u>

Defendant then moves to exclude Mr. Trinsey's testimony discussing his belief that his race played a role in his termination. (Doc. No. 119 at 6.) Defendant presents two arguments in support of this request: (1) the testimony constitutes irrelevant "me too" evidence and (2) the testimony violates Federal Rule of Evidence 403. (<u>Id.</u>)

First, Defendant argues that Mr. Trinsey's testimony is impermissible "me too" evidence. (<u>Id.</u>) Defendant contends that "Mr. Trinsey's feelings about the nature of his own departure (where he resigned and was not terminated) from the company are irrelevant as to whether race played a role in Starbucks'[s] decision to terminate Ms. Phillips'[s] employment." (<u>Id.</u>)

Second, Defendant argues that Mr. Trinsey's testimony should be excluded under Rule 403. (<u>Id.</u> at 7.) Specifically, Defendant asserts that Mr. Trinsey's "separation from the Company is unrelated to Starbucks'[s] decision to terminate Ms. Phillips" and "such evidence would not address any of the issues in this matter and would serve only to cause delay and confusion." (<u>Id.</u>) Defendant also asserts that the testimony would not have any probative value, but instead "would create confusion and distract from the only issue in this case . . . ." (<u>Id.</u> at 7-8.)

In her Response, Plaintiff argues that evidence regarding Mr. Trinsey's "suspension and separation" is relevant because it "makes this fact [that Starbucks acted to remove Caucasian employees from its Philadelphia stores] more likely than it would be without such evidence." (Doc. No. 128 at 9.) To emphasize the relevance of Mr. Trinsey's suspension, Plaintiff explains that Mr. Trinsey's suspension "originated form the same decisionmakers, occurred two days (at most) before Plaintiff was terminated, and both Plaintiff and Mr. Trinsey assert they were used as scapegoats to quell ongoing public outrage related to the arrests." (<u>Id.</u>) Plaintiff also argues that this evidence is probative and that Defendant's opposition on grounds of confusion and prejudice "are insufficient to support the preclusion of evidence . . . ." (<u>Id.</u> (citing <u>Bradford v. UPMC</u>, 2008 WL 191706 (W.D. Pa. Jan. 18, 2008)).)

The Third Circuit has held that "me too" evidence is neither <u>per se</u> admissible nor <u>per se</u> inadmissible. <u>Mandel v. M & Q Packaging Corp.</u>, 706 F.3d 157, 167 (3d Cir. 2013) (citation omitted). Rather, "the question of whether evidence of discrimination against other employees by other supervisors is relevant is fact based and depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." <u>Id.</u> (citation omitted).

Several courts within the Third Circuit have denied motions in limine to exclude testimony as to an employer's discriminatory or retaliatory animus from individuals who suffered adverse employment action shortly after the plaintiff. <u>See</u> <u>Bradford</u>, 2008 WL 191706, at *2 ("Where the circumstances involved in the treatment of the other employees are similar to the

6

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

circumstances involved in the plaintiff's treatment, the evidence will generally be allowed."). For example, in Kacian v. Brennan, the court allowed the plaintiff's coworker, who was placed on administrative leave about four weeks after the plaintiff was terminated, to testify as to an employer's retaliatory animus. 2017 WL 933142, at **8-9 (W.D. Pa. Mar. 8, 2017). Additionally, in Schilling v. Napleton's Ellwood City Chrysler, an age discrimination case, the court permitted a coworker whose employment was terminated sixteen days after the plaintiff's to testify that he also believed that his employment was terminated because of his age. 2015 WL 6509436, at **7-8 (W.D. Pa. Oct. 28, 2015).

Here, the circumstances surrounding the termination of Plaintiff and the suspension without pay of Mr. Trinsey appear to be sufficiently similar so that Mr. Trinsey's testimony is relevant evidence of Defendant's racial animus. Mr. Trinsey was suspended without pay by Defendant two days before Plaintiff's employment was terminated. Moreover, both Plaintiff and Mr. Trinsey assert that they were Defendant's scapegoats in response to the public's reaction to the arrests. In other words, they both have the same theory on the adverse employment action taken against them.

The probative value of this evidence is not outweighed by its prejudicial value. Specifically, the evidence will not confuse the jury because Mr. Trinsey was suspended without pay by others with decisionmaking authority. Moreover, Mr. Trinsey can explain to the jury the type of work both he and Plaintiff performed. Thus, Mr. Trinsey's "me too" evidence is admissible.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion in Limine to Exclude Statements of Non-Decisionmakers (Doc. No. 119) is denied.