IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>                   *Plaintiff,*<br>v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY<br><br>                   *Defendant.* | CIVIL ACTION NO.: 2:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J. |

**[PROPOSED] ORDER**

**AND NOW**, on this _____ day of _____, 2023, it is hereby **ORDERED** that Plaintiff's Motion for Sanctions Against Defendant and Renewed Motion *in Limine* to Preclude Defendant from Introducing TR-005 at Trial is **GRANTED.** It is **FURTHER ORDERED** that:

1. The jury will be charged with a permissive adverse inference instruction as follows:

On the Friday evening before trial began, after the Court had closed for the day, Starbucks produced for the first time certain surveillance footage from its 18th and Spruce store from April 12, 2018, the day of the arrests. It is undisputed that Plaintiff requested this footage at the beginning of the case in 2020, but it was not produced until June 2, 2023. The surveillance footage is not time-stamped and was not produced in a continuous feed; rather, it was spliced into 24 separate clips.

You have the right to conclude that Starbucks withheld the April 12th surveillance footage until one business day before trial and took steps to edit the surveillance footage from its true form because Starbucks believed that this evidence would be helpful to Ms. Phillips' case and detrimental to Starbucks' case.

The reason for this rule is that where you would normally expect a party to produce evidence but, without reasonable explanation, it fails to do so, it leaves a natural inference that the non-producing party fears exposure of facts which would be unfavorable to it.

2. The jury will be charged that they are permitted to consider Defendant's conduct surrounding the surveillance footage when determining a punitive damages award.

3. Defendant is precluded from introducing TR-005 as an exhibit at trial.

BY THE COURT:

_____
HON. JOEL H. SLOMSKY, U.S.D.J.