## I.   GENERAL INTRODUCTION TO FINAL JURY INSTRUCTIONS

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## II.    **FUNCTION OF THE JURY AND JUDGE**

Function of the Jury

Members of the Jury, the Judge and the Jury have separate and distinct functions. You, the Jury, must determine what the facts are in this case. You have listened to all the evidence, and from that evidence you will determine what you consider the facts to be.

In deciding what really happened in this case, it is your recollection of the evidence you must follow, not the recollection of the attorneys or even me. If an attorney has stated something to be a fact or if I state something to be a fact at any time, and it is not the same as your recollection of the evidence, then your recollection of the evidence controls.

You must make your determination of the facts solely on the basis of the evidence you have heard and seen, and not for any reason outside the record of this trial. You cannot base your verdict on guess, suspicion, speculation, intuition or conjecture. In short, you must determine where the real truth lies as to the facts in this case. Once you have determined what the facts are, then you must apply the law as I give it to you now.

Function of the Judge

The function of the Judge is to conduct the trial in an orderly, fair, and efficient manner, and to rule upon questions of law during the course of the trial. It is also my function to instruct you as to the law which applies to this case, as I am doing now.

It is your duty to accept the law as I state it. No one can question the facts as you find them. Likewise, you cannot question the law as I give it to you. You may not disregard

2

any instruction.  You must not give special attention to any one instruction, or question the wisdom of any rule of law.

You should consider all the instructions as a whole.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

3

## III.   **EVIDENCE**

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits; and

3.      Any facts that are stipulated – that is, formally agreed to by the parties

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers;

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not

4

evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

## IV.   **QUESTIONS BY THE COURT**

During trial, I may have asked witnesses questions.  Please do not assume that I have any opinion about the subject matter of my questions.

Such questioning was done solely to clarify matters and no opinion should be drawn as to the judge's views on any of the matters to which the questions related.  My questions were not meant to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## V.    EVIDENCE - DIRECT AND CIRCUMSTANTIAL

There are two types of evidence.  One is direct evidence, such as the testimony of an eye witness and any exhibits introduced into evidence.  The other is circumstantial evidence.

Circumstantial evidence is evidence consisting of facts and circumstances surrounding a transaction from which you may infer other connected facts which reasonably follow according to the common experiences of people.

You are to consider only the evidence admitted in this case, but in your considerations you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find to have been proven, such reasonable inferences as you feel justified in the light of your experience.  Inferences are conclusions that reason and common sense lead you to reach, from facts established by the evidence in the case.

No party is required to produce all possible witnesses who may have some knowledge about the facts of the case or produce all possible documents.  It is the quality, not the quantity, of the evidence that is important.

7

## VI.   **INFERENCES**

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.  You may draw from the facts that you find such reasonable inferences as seem justified in light of your experience. However, you are to consider only the evidence in the case and the reasonable inferences that you draw therefrom.

8

## VII.    MOTIONS AND OBJECTIONS

Counsel have made a number of motions and objections during the course of the trial. They have done that according to the law and it is their duty in fairly representing their clients to make such motions and objections. The fact that I have sustained or overruled objections in the course of the trial is not to be taken by you as any indication that I have an opinion as to what your findings should be. My rulings must have no bearing directly or indirectly on your deliberations or the outcome of this case. In ruling, I was applying the rules of evidence and restricting the testimony to only what the rules permit. You, the jury, must confine your considerations to the evidence presented from the witnesses and from any exhibits admitted into evidence.

## VIII.   QUESTIONS ARE NOT EVIDENCE

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, you may not consider the assertion by the lawyer as evidence of that fact.  Only the witness's answers are evidence.  If the witness adopts the assertion of fact in the answer, then you may consider the questions as part of the answer.

You may consider the question since it may put the answer in context or in some way frame the answer.  But again, please remember that only the witnesses' answers are evidence.

## IX.   INADMISSIBLE AND STRICKEN EVIDENCE

If, during the course of the trial, I sustained an objection by counsel to a question asked by other counsel, you are to disregard the question and you must not speculate as to what the answer would have been.

If, after a question was asked and an answer given by a witness, I ruled that the answer should be stricken from the record, you are to disregard both the question and the answer in your deliberations.

## X.   WITNESSES

In your consideration of this case, you must evaluate the credibility of witnesses. You are the sole judges of the credibility of each witness called to testify in this case. Only you can determine the importance or the weight that the witnesses' testimony deserves. I have nothing to do with that determination. After you make your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a part of it, or none of it.

You may judge the credibility of the witnesses by the manner in which they give testimony, their demeanor upon the stand, the reasonableness or unreasonableness of the testimony, the source of their knowledge about what they testify, their interest in the case, the bias the witnesses may have for or against any of the parties, or any circumstances tending to shed light upon the truth or falsity of the witness' testimony.

Consider each witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. It is for you to say what weight you will give to the testimony from any and all witnesses.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an event may simply see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of

12

importance, or to an insignificant detail, and consider whether the discrepancy results from innocent error or from intentional falsehood.

If you believe that any witness has intentionally testified falsely to any material fact of this case, you are free to disbelieve the testimony of that witness in whole or in part, or believe it in part and disbelieve it in part, taking into consideration all the facts and circumstances of the case.

The testimony of a witness may be discredited by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. Generally, the earlier inconsistent or contradictory statements can be used to discredit or impeach the credibility of the witness and not to establish the truth of those earlier statements made elsewhere. However, if the prior statement was given under oath, that earlier statement may be considered for its truth. It is for you to determine whether to believe, all, some or none of the testimony of a witness who has made prior inconsistent or contradictory statements.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood, and whether it concerns an important fact or an unimportant detail.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such a witness

13

concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness' bearing and demeanor, or the inherent improbability of his or her testimony, or for other reasons that such testimony is not worthy of belief.

After you make your own judgment or assessment about the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

In making up your minds and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other.  Your job is to think about the testimony of each witness you heard and decide how much you believe of what he or she had to say, and how much weight to give to that testimony.

14

## XI.    NUMBER OF WITNESSES

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## XII.   BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Plaintiff is the party who brought this lawsuit.  Defendant is the party against which the lawsuit was filed.  In civil cases, the plaintiff has the burden of proving its case by what is called the preponderance of the evidence.  That means that Plaintiff must produce evidence which, considered in the light of all the facts, leads you to believe that what she claims is more likely true than not.

To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, Plaintiff's evidence would have to make the scales tip somewhat on her side. If Plaintiff fails to meet this burden, the verdict must be for Defendant.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## XIII.   INTRODUCTION TO SUBSTANTIVE JURY INSTRUCTIONS

In this case, Plaintiff Shannon Phillips has brought three claims against Defendant Starbucks Corporation. The first claim is under a federal civil rights statute that we refer to as Title VII. This statute prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race. More specifically, Plaintiff claims that she was terminated by Defendant because of her race.

Second, Plaintiff has made a claim under a second federal civil rights statute that we refer to as Section 1981. This statute also prohibits discrimination against an employee because of that person's race. Again, Plaintiff claims that she was terminated by Defendant because of her race in violation of this statute.

It is permissible for a plaintiff to allege a claim under these two civil rights statutes that prohibit employers from discriminating against an employee in the terms and conditions of their employment because of the employee's race because these statutes have different elements under the law. I will shortly describe to you the elements of these two statutes.

Finally, in this case, Plaintiff has made a claim under a New Jersey state civil rights statute referred to as the New Jersey Law Against Discrimination that also prohibits discrimination against an employee by an employer because of an employee's race. Again, I will instruct you on the law on each of the three claims which more fully describes the issues you must address in this case. With respect to these three claims, Defendant denies that Plaintiff was discriminated against in any way.

17

XIV.   **ELEMENTS OF TITLE VII – PRETEXT**

In this case, the first claim of race discrimination is made under Title VII. There are two ways in which Plaintiff may prove a Title VII violation. Plaintiff is alleging that Defendant terminated her because of her race. First, in order for Plaintiff to recover on this discrimination claim against Defendant, Plaintiff must prove that Defendant intentionally discriminated against Plaintiff. This means that Plaintiff must prove that her race was a determinative factor in Defendant's decision to terminate her.

To prevail on this claim, Plaintiff must prove both of the following by a preponderance of the evidence:

First: Defendant terminated Plaintiff; and

Second: Plaintiff's race was a determinative factor in Defendant's decision.

Although Plaintiff must prove that Defendant acted with the intent to discriminate, Plaintiff is not required to prove that Defendant acted with the particular intent to violate Plaintiff's federal civil rights. Moreover, Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether Defendant intentionally discriminated against Plaintiff.

Defendant has given a nondiscriminatory reason for its decision to terminate Plaintiff. If you believe Defendant's stated reason and if you find that the termination would have occurred because of Defendant's stated reason regardless of Plaintiff's race, then you must find for Defendant. If you disbelieve Defendant's stated reason for its conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination. In determining whether Defendant's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Defendant or believe it is harsh or unreasonable. You are not to consider Defendant's wisdom. However, you may consider whether Plaintiff has proven that Defendant's reason is merely a cover-up for discrimination.

Plaintiff does not have to prove that race was the only reason for her termination. But ultimately, you must decide whether Plaintiff has proven that her race was a determinative factor in Defendant's decision to terminate her. "Determinative factor" means that if not for Plaintiff's race, the termination would not have occurred.

## XV.   ELEMENTS OF TITLE VII – MIXED-MOTIVE

There is a second way in which a plaintiff can prove race discrimination under Title VII.   In order for Plaintiff to recover on this discrimination claim against Defendant, Plaintiff must prove that Defendant intentionally discriminated against Plaintiff. This means that Plaintiff must prove that her race was a motivating factor in Defendant's decision to terminate her.

To prevail on this claim, Plaintiff must prove both of the following by a preponderance of the evidence:

First: Defendant terminated Plaintiff; and

Second: Plaintiff's race was a motivating factor in Defendant's decision.

Although Plaintiff must prove that Defendant acted with the intent to discriminate, Plaintiff is not required to prove that Defendant acted with the particular intent to violate Plaintiff's federal civil rights. In showing that Plaintiff's race was a motivating factor for Defendant's action, Plaintiff is not required to prove that her race was the sole motivation or even the primary motivation for Defendant's decision. Plaintiff need only prove that Plaintiff's race played a motivating part in Defendant's decision even though other factors may also have motivated Defendant.

As used in this instruction, Plaintiff's race was a "motivating factor" if her race played a part in Defendant's decision to terminate her.

20

XVI.    **SECTION 1981 - PRETEXT**

Section 1981 is the second statute Plaintiff claims Defendant violated by discriminating against her in her employment based on race.  In order for Plaintiff to recover on this discrimination claim against Defendant, Plaintiff must prove that Defendant intentionally discriminated against Plaintiff. This means that Plaintiff must prove that her race was a determinative factor in Defendant's decision to terminate her.

To prevail on this claim, Plaintiff must prove both of the following by a preponderance of the evidence:

First: Defendant terminated Plaintiff; and

Second: Plaintiff's race was a determinative factor in Defendant's decision.

Although Plaintiff must prove that Defendant acted with the intent to discriminate, Plaintiff is not required to prove that Defendant acted with the particular intent to violate Plaintiff's federal civil rights. Moreover, Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether Defendant intentionally discriminated against Plaintiff.

Defendant has given a nondiscriminatory reason for its decision to terminate Plaintiff. If you believe Defendant's stated reason and if you find that the termination would have occurred because of Defendant's stated reason regardless of Plaintiff's race,

21

then you must find for Defendant. If you disbelieve Defendant's stated reason for its conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination. In determining whether Defendant's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Defendant or believe it is harsh or unreasonable. You are not to consider Defendant's wisdom. However, you may consider whether Plaintiff has proven that Defendant's reason is merely a cover-up for discrimination.

Plaintiff does not have to prove that race was the only reason for her termination. But ultimately, you must decide whether Plaintiff has proven that her race was a determinative factor in Defendant's decision to terminate Plaintiff. Again, "determinative factor" means that if not for Plaintiff's race, the termination would not have occurred.

## XVII.   DAMAGES - COMPENSATORY

I am now going to instruct you on damages. These instructions apply to the Title VII claim and the Section 1981 claim. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendant should be held liable.

If you find by a preponderance of the evidence that Defendant intentionally discriminated against Plaintiff by terminating her, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate her for any injury she actually sustained as a result of Defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Plaintiff in the position she would have occupied if the discrimination had not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without Defendant's act. Plaintiff must also show that Defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Defendant's actions were motivated by discrimination. In other words, even assuming that Defendant's actions were motivated by discrimination, Plaintiff is not entitled to damages

for an injury unless Defendant's discriminatory actions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Plaintiff experienced as a consequence of Defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Plaintiff would have earned, either in the past or in the future, if she had continued in employment with Defendant. These elements of recovery of wages that Plaintiff would have received from Defendant are called "back pay" and "front pay." Under the applicable law, the determination of "back pay" and "front pay" is for the court to decide.

You may award damages for monetary losses that Plaintiff may suffer in the future as a result of Defendant's allegedly unlawful act. For example, you may award damages for loss of earnings resulting from any harm to Plaintiff's reputation that was suffered as a

24

result of Defendant's allegedly unlawful act. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Plaintiff would have earned in the future from Defendant if she had retained the job.

As I instructed you previously, Plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that Plaintiff prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Plaintiff has a duty under the law to "mitigate" her damages- -that means that Plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Defendant. It is Defendant's burden to prove that Plaintiff has failed to mitigate. So if Defendant persuades you by a preponderance of the evidence that Plaintiff failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of Plaintiff's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to

25

determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## XVIII.   **DAMAGES – PUNITIVE**

You will also consider the issue of punitive damages as they apply to the Title VII and Section 1981 claims. Plaintiff claims the acts of Defendant were done with reckless indifference to Plaintiff's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter Defendant and others like Defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if Plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

However, punitive damages cannot be imposed on an employer where its employees acted contrary to the employer's own good faith efforts to comply with the law by implementing policies and procedures designed to prevent unlawful discrimination in the workplace. An award of punitive damages against Defendant is therefore permissible in this case only if you find by a preponderance of the evidence that a management official of Defendant personally acted with reckless indifference to Plaintiff's federally protected rights. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with reckless disregard of Plaintiff's federal rights, you cannot award punitive damages if Defendant proves by a preponderance of the evidence that it made a good-faith attempt to

comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Plaintiff.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that Defendant has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a reckless disregard of federal rights, or to deter a defendant and others like Defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendant from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendant should be punished for its wrongful conduct, and the degree to which an award

of one sum or another will deter Defendant or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon Defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Defendant, you may consider the financial resources of Defendant in fixing the amount of those damages.

## XIX.   ELEMENTS OF NEW JERSEY LAW AGAINST DISCRIMINATION

I will now instruct you on the elements of a discrimination claim under the New Jersey Law Against Discrimination.

Plaintiff claims that Defendant unlawfully discriminated against her by terminating Plaintiff's employment because of Plaintiff's race. Defendant denies these allegations and instead maintains that it terminated Plaintiff because of her performance. If Defendant did, in fact, terminate Plaintiff because of her race, that would be unlawful under the New Jersey Law Against Discrimination.

It is Plaintiff's burden to prove that it is more likely than not that Defendant engaged in intentional discrimination because of Plaintiff's race. That is the ultimate issue you must decide: did Defendant terminate Plaintiff because of her race. Plaintiff may do this directly, by proving that a discriminatory reason more likely than not motivated Defendant's action, or indirectly, by proving that Defendant's stated reason for its action is not the real reason for its action.

You may find that Defendant had more than one reason or motivation for its actions. For example, you may find that Defendant was motivated both by Plaintiff's race and by other, nondiscriminatory factors, such as Plaintiffs' job performance. To prevail, Plaintiff is not required to prove that Plaintiff's race was the only reason or motivation for Defendant's actions. Rather, Plaintiff must only prove that Plaintiff's race played a role in the decision and that it made an actual difference in Defendant's decision. If you find that Plaintiff's race did make an actual difference in Defendant's decision, then you must enter

judgment for Plaintiff. If, however, you find that Defendant would have made the same decision regardless of Plaintiff's race, then you must enter judgment for Defendant.

Because direct proof of intentional discrimination is often not available, Plaintiff is allowed to prove discrimination by circumstantial evidence. In that regard you are to evaluate all of the indirect evidence of discrimination that you find was presented during the trial.

In particular, you should consider whether the explanation given by Defendant for Plaintiff's actions was the real reason for its actions. If you do not believe the reason given by Defendant is the real reason Defendant terminated Plaintiff, you may, but are not required to find that Plaintiff has proven her case of discrimination. You are permitted to do so because, if you find Defendant has not told the truth about why it acted, you may conclude that it is hiding the discrimination. However, while you are permitted to find discrimination based upon your disbelief of Defendant's stated reasons, you are not required to do so. This is because you may conclude that Defendant's stated reason is not the real reason, but that the real reason is something other than illegal discrimination.

Let me give you an example of what I am talking about. Assume that an employee claims plaintiff was discharged because of plaintiff's age and the employer claims plaintiff was discharged because of excessive absenteeism. If you were to conclude that the employer's explanation is false and that it did not really discharge the employee because of excessive absenteeism, you would be permitted to find that the real reason was because of the employee's age. However, you would not be required to find that the real reason was

31

because of the employee's age, because you might find that the real reason had nothing to do with illegal discrimination. For example, you might find that the real reason was because the employer simply did not like the employee.

Plaintiff at all times bears the ultimate burden of convincing you that it is more likely than not that Defendant engaged in intentional discrimination. To decide whether Plaintiff has proved intentional discrimination, you should consider all of the evidence presented by the parties, using the guidelines I gave you in the beginning of my instructions regarding evaluating evidence generally, such as weighing the credibility of witnesses. Keep in mind that in reaching your determination of whether Defendant engaged in intentional discrimination, you are instructed that Defendant's actions and business practices need not be fair, wise, reasonable, moral or even right, so long as Plaintiff's race was not a motivating factor for the termination.

I remind you that the ultimate issue you must decide is whether Defendant engaged in illegal race discrimination by terminating Plaintiff, and that Plaintiff has the burden to prove that discrimination occurred.

## XX.   NEW JERSEY LAW AGAINST DISCRIMINATION DAMAGES - COMPENSATORY

I am now going to instruct you how compensatory damages are considered by you as they apply to the New Jersey Law Against Discrimination.

If you find for Plaintiff, she is entitled to recover fair and reasonable money damages for the full extent of the harm caused, no more and no less.

A plaintiff who is awarded a verdict is entitled to fair and reasonable compensation for any emotional distress she has suffered that was the proximate result of Defendant's unlawful conduct.   Plaintiff is not seeking damages for emotional distress continuing into the future; rather, she is only seeking damages for the emotional distress she has suffered from the date of Defendant's unlawful conduct through the date of your verdict. Emotional distress includes embarrassment, humiliation, indignity, and other mental anguish. The measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances of the case to compensate Plaintiff for her emotional distress.

You should consider the nature, character, and seriousness of any emotional distress. You must also consider the duration of the emotional distress, as any award you make must cover the damages suffered by Plaintiff to the present time. Plaintiff has the burden of proving her damages through credible, competent evidence, although she does not have to offer any witnesses to corroborate her emotional distress; the distress need not be permanent; physical or psychological symptoms are not necessary; and plaintiff need not have obtained any type of professional treatment. Plaintiff's testimony standing alone is enough to support an award of emotional distress damages.  On the other hand, you are

free to disbelieve all or part of Plaintiff's testimony, and if you do, you should act accordingly by either reducing the amount of damages you award for emotional distress or by not awarding any emotional distress damages at all.

The law does not provide you with any table, schedule or formula by which a person's emotional distress may be measured in terms of money. The amount is left to your sound discretion. You are to use your discretion to attempt to make plaintiff whole, so far as money can do so, based upon reason and sound judgment, without any passion, prejudice, bias or sympathy. You each know from your common experience the nature of emotional distress and you also know the nature and function of money. The task of equating the two so as to arrive at a fair and reasonable award of damages requires a high order of human judgment. For this reason, the law can provide no better yardstick for your guidance than your own impartial judgment and experience.

You are to exercise sound judgment as to what is fair, just and reasonable under all the circumstances. You should consider all of the evidence presented by the parties on the subject of plaintiff's emotional distress. After considering the evidence, you shall award a lump sum of money that will fairly and reasonably compensate Plaintiff for any emotional distress you find she has proven.

## XXI.   NEW JERSEY LAW AGAINST DISCRIMINATION DAMAGES–PUNITIVE

You will also consider the issue of punitive damages as they apply to the New Jersey Law Against Discrimination. Specifically, you must first decide whether to award punitive damages against Defendant and, if you decide to do so, what amount must be awarded.

### 1. INTENT OF PUNITIVE DAMAGES

You may award punitive damages to Plaintiff only if you find that she has proved certain additional matters.

The purposes of punitive damages are different from the purposes of compensatory damages. Compensatory damages are intended to compensate Plaintiff for the actual injury or loss she suffered as a result of Defendant's discriminatory conduct. In contrast, punitive damages are intended to punish a wrongdoer and to deter the wrongdoer from similar wrongful conduct in the future. Punitive damages are designed to require the wrongdoer to pay an amount of money that is sufficient to punish Defendant for particular conduct and to deter that party from future discriminatory conduct. Punitive damages are not to be awarded as a routine matter in every case; they are to be awarded only in exceptional cases, to punish a party who has acted in an especially egregious or outrageous matter and to discourage that party from engaging in similar discriminatory conduct in the future. Therefore, Plaintiff is not entitled to punitive damages simply because you have found that Defendant engaged in specific conduct or because you have awarded damages to compensate Plaintiff for her injury. You may award punitive damages to Plaintiff only if you find that she has proved certain additional matters.

35

To support an award of punitive damages here, you must find that Plaintiff has proved, by clear and convincing evidence, that the injury, loss, or harm suffered by her was the result of Defendant's acts or omissions and that Defendant acted in wanton and willful disregard of Plaintiff's rights. Willful or wanton conduct is a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission.

The standard of "clear and convincing evidence", which I mentioned above, means evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. This is different – and less – than proof beyond a reasonable doubt. This is also different – and more – than a preponderance of evidence to support an award of punitive damages.

In determining whether to award punitive damages, consider all relevant evidence, including but not limited to the following: (1) the likelihood, at the relevant time, that serious harm would arise from Defendant's conduct; (2) Defendant's awareness or reckless disregard of the likelihood that such serious harm would arise from its conduct; (3) the conduct of Defendant upon learning that its initial conduct would likely cause harm; and (4) the duration of the conduct or any concealment of that conduct by Defendant.

## 2. PUNITIVE DAMAGES AGAINST DEFENDANT

You must first decide whether an award of punitive damages is justified against Defendant in this case. To award punitive damages against it, you must find that both of the following factors are present:

First, you must find that the discrimination was "especially egregious." If you do not find that the discrimination was especially egregious, then you must not award punitive damages. In a moment, I will define "especially egregious" behavior.

Second, if you do find that the discrimination was especially egregious, you must then also find that at least one of Defendant's "upper management" employees actually participated in, or was willfully indifferent to, the wrongful conduct.

You cannot award punitive damages against Defendant unless there was some involvement by a member of its upper management.

### "Especially Egregious" Conduct

"Especially egregious" conduct is conduct that was that was done with a willful and wanton disregard of the rights of Plaintiff. "Willful and wanton disregard of the rights of the plaintiff" means that an upper management employee deliberately acted with knowledge of a high degree of probability of harm to Plaintiff, and reckless indifference to the consequences of that act.

37

In making your determination as to whether the discriminatory conduct of an upper management employee was especially egregious or outrageous, you must consider all of the evidence surrounding the wrongful conduct, including:

1.    the likelihood that serious harm would arise from the discrimination;

2.    An upper management employee's awareness or reckless disregard of the likelihood that serious harm would arise;

3.    An upper management employee's conduct after learning that their initial conduct would likely cause harm; and

4.    the duration of the wrongful conduct and any concealment of that conduct by an upper management employee.

You may not award punitive damages based solely on a finding of negligence or even gross negligence by an upper management employee. You may not award punitive damages solely because you have determined that discrimination occurred. Rather, as I have said, punitive damages are to be awarded only in those exceptional cases where the discrimination was especially egregious or outrageous.

## "Upper Management"

The second factor you must find is that at least one of Defendant's "upper management" employees was involved with the discrimination. In a moment I will define the kind of involvement that you must find occurred. As an initial matter, though, you

38

must decide whether certain of Defendant's employees were part of its "upper management."

To decide whether employees of Defendant were part of its upper management, you must consider this: the purpose of defining "upper management" is to give employers the incentive to provide voluntary compliance programs and to insist on the effective enforcement of their programs. The employees who acted wrongfully must have had sufficient authority to make the imposition of punitive damages fair and reasonable.

Clearly, upper management includes a corporation's board of directors and its highest-level executive officers. Upper management will also include those employees responsible to formulate the corporation's anti-discrimination policies, provide compliance programs and insist on performance of such programs, and those employees to whom a corporation has delegated responsibility to execute its policies in the workplace, who set the atmosphere or control the day-to-day operations of the unit. This group may include heads of departments, regional managers, or compliance officers.

Not all managerial employees, however, constitute "upper level" management. To decide which employees below the highest levels of management are included in "upper management," you must analyze, weigh, and consider all of the surrounding facts and circumstances.

For an employee on the second tier of management to be considered a member of "upper management," the employee should have either (1) broad supervisory powers over the involved employees, including the power to hire, fire, promote and discipline, or (2)

the delegated responsibility to execute the employer's policies to ensure a safe, productive, and discrimination-free workplace.

If you decide that none of the employees identified by Plaintiff as acting wrongfully were part of upper management of Defendant, you cannot award punitive damages. If you decide that the employees identified by Plaintiff were part of the upper management of Defendant, you must then consider whether any of those upper management employees actually participated in, or were willfully indifferent to, the discrimination that occurred.

"Actual Participation"

To find that upper management "actually participated" in wrongful conduct, you must find that upper management employees not only knew about the wrongful conduct but also engaged in affirmative acts to accomplish that wrongful conduct.

"Willful Indifference"

To find "willful indifference" to wrongful conduct on the part of upper management, you must find that upper management employees knew about the wrongful conduct, but chose to disregard or ignore it rather than stop it. In other words, you cannot award punitive damages against Defendant simply because upper management employees may have been negligent in failing to learn of or reasonably respond to the discrimination; you must instead find that upper management employees actually knew about those allegations and consciously chose to ignore them.

In summary, to award punitive damages against Defendant, you must find by clear and convincing evidence both that an upper management employee engaged in especially egregious conduct, and that the upper management of Defendant either actively participated in the wrongful conduct or was willfully indifferent to it.

### 3. AMOUNT OF PUNITIVE DAMAGES

If you find that Plaintiff has proved that Defendant has engaged in the type of wrongdoing that justifies awarding punitive damages, you must then decide the amount of punitive damages to award. That amount must be based on your sound judgment as to what is fair and reasonable under all the circumstances. As I earlier stated, punitive damages are not to be awarded to compensate Plaintiff for injuries, but to punish Defendant and to deter Defendant from similar future wrongful conduct.

There is no schedule or formula to calculate the amount of punitive damages. The amount of your award of punitive damages must bear some reasonable relationship to the actual injury inflicted and the cause of the injury. You must use your sound discretion in deciding this issue.

In exercising your discretion, you must consider all relevant evidence surrounding the wrongful conduct, including:

1.      the likelihood, at the relevant time, that serious harm would arise from the conduct;

2.      Defendant's awareness or reckless disregard of the likelihood that such serious harm would arise from the conduct;

3.      the conduct of Defendant upon learning that its initial conduct would likely cause harm;

4.      the duration of the conduct or any concealment of it by Defendant;

5.      the profitability, if any, of the discriminatory or harassing conduct to Defendant;

6.      when the discriminatory conduct was terminated; and

7.      Defendant's financial condition and ability to pay the punitive damages award.

In addition, you may also consider:

1.      the nature of the wrongful conduct;

2.      the extent of harm inflicted;

3.      the intent of Defendant;

4.      whether Defendant had adequate policies, procedures, training or monitoring measures designed to prevent discrimination;

5.      whether Defendant took sufficient steps after learning of the wrongful conduct to investigate and address the wrongful conduct; and

42

6.      any other mitigating or aggravating circumstances that you believe should reduce or increase the amount of the damages awarded.

After considering all these factors, you must decide (1) whether punitive damages should be awarded in this case; and (2) if you decide to award punitive damages, what the proper amount should be.

## XXII.   **NOMINAL DAMAGES**

Lastly, I will instruct you on nominal damages. If you return a verdict for Plaintiff, but Plaintiff has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## XXIII.    **RENDERING A VERDICT**

When you retire to consider your verdict, your verdict must be unanimous.  That is, all jurors must agree.  In reaching your verdict, you must determine the facts from all the testimony that you have heard and from the other evidence received during this trial.  You are the sole and exclusive judge of the facts.  Neither I nor anyone else may infringe upon your responsibility in that area.  You must, however, accept the rules of law as I have given them to you, whether you agree with them or not, and apply the law, as I have stated it, to the facts that you find.

Upon retiring to the Jury Room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

A verdict form has been prepared for your use.  For your convenience, you will each have a copy of the verdict sheet.  You will take the verdict form to the Jury Room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson sign and complete each form, and then return with your verdict to the courtroom.

None of you should attempt to communicate with me by any other means than a note signed by the foreperson.  I will not communicate with you on any subject touching the merits of the case other than in writing or orally here in open court.  Any writing from me to you or you to me will be shared with counsel.  At no time during your deliberations

should you reveal, even to me, how you may stand numerically on any question before you.

I have been charging you on the law that you must apply after you have considered what the facts are in this case. Nothing I have said in my charge should be taken by you to indicate in any way what I believe the verdict should be. I have been telling you what the law of the case is. It is for you, the Jury, to return your own verdict following the law as I have given it to you.

You have been chosen and sworn as jurors in this case to try the issues of fact. When you retire to the Jury Room, your functions will be to weigh the evidence in the case and reach a verdict, solely upon the basis of the evidence. Each juror is entitled to his or her opinion. Each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation - to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence - if you can do so without violence to your own judgment.

Each of you must decide the case for yourself, after consideration with your fellow jurors, on the evidence of the case. But you should not hesitate to change an opinion you made which, after discussion with your fellow jurors, appears erroneous. But, if after carefully considering all the evidence and arguments of your fellow jurors, you entertain a conscientious view that differs from others, you are not to yield your conviction simply

46

because you are outnumbered.  Your final vote must reflect your conscientious conviction as to how the issues should be decided.

Your verdict must be unanimous.  It is necessary that each juror agree with the verdict.

You may begin your deliberations.