# Exhibit A

```
1              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
2    _____      CRIMINAL ACTION NUMBER:
     SHANNON PHILLIPS,           :  19-19432
3           Plaintiff,           :
                                 :
4           v.                   :
                                 :
5                                :  JURY TRIAL
     STARBUCKS CORPORATION d/b/a  :  VOLUME 1
6    STARBUCKS COFFEE COMPANY,    :  PAGES 1 - 21
            Defendant.           :
7    _____      :
```

8        Mitchell H. Cohen Building & U.S. Courthouse
         4th & Cooper Streets
9        Camden, New Jersey  08101
         June 5, 2023
10        Commencing at 3:24 p.m.

11   **B E F O R E**:        **THE HONORABLE JOEL H. SLOMSKY**,
                           **UNITED STATES DISTRICT JUDGE**

12   **A P P E A R A N C E S**:

13

14        CONSOLE MATTIACCI LAW, LLC
          BY: LAURA C. MATTIACCI, ESQUIRE
15        BY:  KATHERINE C. OELTJEN, ESQUIRE
          BY:  HOLLY W. SMITH, ESQUIRE
16         1525 Locust Street, Ninth Floor
          Philadelphia, Pennsylvania 19102
17        For the Plaintiff

18

          HOLLAND & KNIGHT LLP
19        BY:  RICHARD HARRIS, ESQUIRE
          BY:  TARA PARAM, ESQUIRE
20        BY:  KATHLEEN PRINCIVALLE, ESQUIRE
          2929 Arch Street, Suite 800
21        Philadelphia, Pennsylvania 19104
          For the Defendant

22

23    Ann Marie Mitchell, CRR, RDR, CCR, Official Court Reporter
                 AnnMarie_Mitchell@njd.uscourts.gov
24                      (856) 576-7018

25    Proceedings recorded by mechanical stenography; transcript
              produced by computer-aided transcription.
```

1

2    **A L S O   P R E S E N T**:

3

4        SHANNON PHILLIPS, Plaintiff

5        ROBYN RUDERMAN, ESQUIRE, Starbucks Corporation

6        MARCUS ECKENSBERGER, Starbucks Corporation

7        MATTHEW HIGGINS, Courtroom Deputy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*United States District Court*



1                          -   -   -

2                      I N D E X

3                          -   -   -

4

   Preliminary Instructions                              4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*United States District Court*

```
 1              (PROCEEDINGS held in open court before The Honorable
 2    JOEL H. SLOMSKY at 3:24 p.m.)
 3              THE COURT:  All right.  Let's have the jury sworn.
 4              THE DEPUTY CLERK:  Members of the panel, would you
 5    please stand and raise your right hand.
 6              (Jury sworn.)
 7              THE COURT:  Members of the jury, I just wanted to
 8    give you some preliminary instructions to guide you in your
 9    role as jurors.
10              And now that you have been sworn, I have the
11    following preliminary instructions for your guidance as jurors
12    in the case.
13              You will hear the evidence, decide what the facts
14    are, and then apply to those facts the law that I will give to
15    you.  You and only you will be the judge of the facts.  You
16    will have to decide what happened.  I play no part in judging
17    the facts.  You should not take anything I may say or do
18    during the trial as indicating what I think of the evidence or
19    what your verdict should be.
20              My role is to be the judge of the law.  I make
21    whatever legal decisions have to be made during the course of
22    the trial, and I will explain to you the legal principles that
23    must guide you in your decisions.  You must follow that law
24    whether you agree with it or not.
25              A few words about your conduct as jurors:
```

*United States District Court*

1          First, I instruct you that during the trial and until

2    you have heard all the evidence and retired to the jury room

3    to deliberate, you are not to discuss the case with anyone,

4    not even among yourselves.  If anyone should try to talk to

5    you about the case, including your fellow jurors, bring it to

6    my attention promptly.  There are good reasons for this ban on

7    discussions, and most important being the need for you to keep

8    an open mind throughout the presentation of the evidence.

9          If any lawyer, party or witness does not speak to you

10   when you pass in the hall or ride the elevator or the like,

11   remember, it is because they are not supposed to talk or visit

12   with you.

13         You as jurors must decide this case based solely on

14   the evidence presented here within the four walls of this

15   courtroom.  This means that during the trial you must not

16   conduct any independent research about this case, the matters

17   in the case and the individuals or corporation involved in the

18   case.  In other words, you should not consult dictionaries or

19   reference materials, search the internet, websites, blogs or

20   use any other electronic tools to obtain information about

21   this case or to help you decide the case.

22         Please do not try to find out information from any

23   source outside the confines of this courtroom.

24         Until you retire to deliberate, you may not discuss

25   this case with anyone, even your fellow jurors.  After you

1    retire to deliberate, you may begin discussing the case with

2    your fellow jurors, but you cannot discuss the case with

3    anyone else until you have returned a verdict and the case is

4    at an end.

5          I hope then for all of you, this case is interesting

6    and noteworthy.

7          I know that many of you use cell phones, the internet

8    and other tools of technology.  You must not talk to anyone

9    about this case or use these tools to communicate

10   electronically with anyone about the case.  This includes your

11   family and friends.

12         You may not communicate with anyone about the case on

13   your cell phone, through email, iPhone, text messaging or on

14   Twitter or any blog or website, through any internet chat room

15   or by way of any other social networking website, including

16   Facebook and YouTube.

17         Again, do not reach any conclusion on the claims

18   until all of the evidence is in, and keep an open mind until

19   you start your deliberations at the end of the case.

20         During the trial, it may be necessary for me to talk

21   with the lawyers out of your hearing by having what we call a

22   bench trial.  If that happens, please be patient.  We are not

23   trying to keep important information from you.  These

24   conferences are necessary for me to fulfill my responsibility,

25   which is to be sure that evidence is presented to you

1    correctly under the law.

2           We will, of course, do what we can to keep the number

3    and length of these conferences to a minimum.  I may not

4    always grant an attorney's request for a conference.  Do not

5    consider my granting or denying a request for a conference as

6    any indication of my opinion of the case or of what your

7    verdict should be.

8           At the end of the trial, you must make your decision

9    based on what you remember of the evidence.

10          You will not have a written transcript of the

11   testimony to review.  You must pay close attention to the

12   testimony as it is given.

13          If you wish, you may take notes to help you remember

14   what witnesses said.  My courtroom deputy, Mr. Higgins, will

15   arrange for pens, pencils and paper.  If you do take notes,

16   please keep them to yourself until the end of the trial when

17   you and your fellow jurors go to the jury room to decide the

18   case.

19          Here are some specific points to keep in mind about

20   note-taking.

21          Note-taking is permitted, but it is not required.

22   You are not required to take notes.  How many notes you want

23   to take, if any, is entirely up to you.

24          Please make sure that note-taking does not distract

25   you from your tasks as jurors.  You must listen to all of the

1    testimony of each witness.  You will also need to decide

2    whether and how much to believe each witness.  That will

3    require you to watch the appearance, the behavior and the

4    manner of each witness while he or she is testifying.

5           You cannot write down everything that is said, and

6    there is always a fear that a juror will focus so much on

7    note-taking that he or she will miss the opportunity to make

8    important observations.

9           Your notes are memory aids.  They're not evidence.

10   Notes are not a written -- a transcript of the trial or a

11   record of the trial.  Whether or not you take notes, you will

12   need to rely on your own memory of what was said.  Notes are

13   only to assist your memory.  You should not be overly

14   influenced by notes.

15          In your deliberations, do not give any more or less

16   weight to the views of a fellow juror just because that juror

17   did or did not take notes.

18          Do not assume that just because something is in

19   someone's notes that it necessarily took place in court.  It

20   is just as easy to write something down incorrectly as it is

21   to hear or remember it incorrectly.

22          Notes are not entitled to any greater weight than

23   each juror's independent memory of the evidence.  You should

24   rely on your individual and collective memories when you

25   deliberate and reach a verdict.

1    You should not take your notes away from the court.

2  My staff is responsible for making sure that no one looks at

3  your notes.  Immediately after you have finished your

4  deliberations and I have accepted your verdict, my staff will

5  collect and destroy your notes to protect the secrecy of your

6  deliberations.

7    The evidence from which you are to find the facts

8  consists of the following:  the testimony of the witnesses,

9  documents and other things received as evidence, any facts

10  that are stipulated to, that is, formally agreed to by the

11  parties, and facts that are what we call judicially noticed,

12  that is, facts that I say you must accept as true, even

13  without other evidence.

14    The following is not evidence:  statements, arguments

15  and questions of the lawyers to the parties in the case,

16  objections by lawyers, any testimony I tell you to disregard,

17  anything you may see or hear about this case outside the

18  courtroom.

19    You must make your decision based only on the

20  evidence that you see and hear in court.  Do not let rumors,

21  suspicions or anything else that you may see or hear outside

22  of court influence your decision in any way.

23    You should use your common sense in weighing the

24  evidence.  Consider it in light of your everyday experience

25  with people and events, and give it whatever weight you

 1  believe it deserves.  If your experience tells you that

 2  certain evidence reasonably leads to a conclusion, you are

 3  free to reach that conclusion.

 4           There are rules that control what can be received

 5  into evidence.  When a lawyer asks a question or offers an

 6  exhibit into evidence and a lawyer on the other side thinks

 7  that it is not permitted by the rules of evidence, that lawyer

 8  may object.  This simply means that the lawyer is requesting

 9  that I make a decision on a particular rule of evidence.  You

10  should not be influenced by the fact that an objection is

11  made.  You should not be -- objections to questions are not

12  evidence.  Lawyers have an obligation to their clients to make

13  objections when they believe that evidence being offered is

14  improper under the rules of evidence.

15           You should not be influenced by the objection or by

16  the Court's rulings on it.  If the objection is sustained, you

17  are to ignore the question.  If it is overruled, treat the

18  answer like any other.

19           If you are instructed that some item of evidence is

20  received for a limited purpose only, you must follow that

21  instruction.

22           Also, certain testimony or other evidence may be

23  ordered struck from the record, and you'll be instructed to

24  disregard that evidence.  Do not consider any testimony or

25  other evidence that gets struck or excluded.  Do not speculate

1  about what a witness might have said or what an exhibit might

2  have shown.

3          Now, there are two types of evidence.  One is direct

4  evidence, such as the testimony of an eyewitness and any

5  exhibits introduced into evidence.  The other is what we call

6  circumstantial evidence.  Circumstantial evidence is evidence

7  consisting of facts and circumstances surrounding a

8  transaction from which you may infer other connected facts

9  which reasonably follow according to the common experiences of

10 people.

11         You are to consider only the evidence admitted in

12 this case, but in your considerations, you are not limited

13 solely to what you see and hear as the witnesses testified.

14 You are permitted to draw from the facts which you find to

15 have been proven such reasonable inferences as you feel

16 justified in light of your experience.

17         Inferences are conclusions that reason and common

18 sense lead you to reach from the facts established by the

19 evidence in the case.  And one example we often give of

20 circumstantial evidence is if a person walked into the

21 courtroom carrying a wet umbrella and wearing a raincoat that

22 seemed wet, you can infer from that that it was raining

23 outside.  You don't have to reach that conclusion, but you can

24 infer.  It's a reasonable inference from the evidence.

25         No party is required to produce all possible

1  witnesses who may have some knowledge about the facts of the

2  case or produce all possible documents.  It is the quality,

3  not the quantity, of the evidence that is important.

4          The questions asked by a lawyer, either party to the

5  case, are not evidence.  If a lawyer asks a question of a

6  witness which contains an assertion of fact, you may not

7  consider the assertion by the lawyer as evidence of that fact.

8          Only the witnesses' answers are evidence.

9          If the witness adopts the assertion of fact in the

10 answer, then you may consider the questions as part of the

11 answer.

12         You may consider the question since it may put the

13 answer in context or in some way frame the answer, but, again,

14 please remember that only the witnesses' answers are evidence.

15 Statements and arguments are not evidence in the case unless

16 made as an admission or what we call a stipulation of fact.

17         When a fact is stipulated to by the lawyers and the

18 parties, the law deems that fact to be true, and you are to

19 accept that fact as established.

20         In deciding what the facts are, you may have to

21 decide what testimony you believe and what testimony you do

22 not believe.

23         You are the sole judges of the credibility of the

24 witnesses.  Credibility means whether a witness is worthy of

25 belief.  You may believe everything a witness says or only

1  part of it or none of it.

2         In deciding what to believe, you may consider a

3  number of factors, including the following:  the opportunity

4  and ability of the witness to see or hear or know the things

5  the witness testifies to; the quality of the witness's

6  understanding and memory; the witness's manner while

7  testifying; whether the witness has an interest in the outcome

8  of the case or any motive, bias or prejudice; whether the

9  witness is contradicted by anything the witness said or wrote

10  before trial; or other evidence; how reasonable the witness's

11  testimony is when considered in light of other evidence that

12  you believe; and any other factors that bear on credibility.

13         The weight of the evidence to prove a fact does not

14  necessarily depend on the number of witnesses who testify.

15  What is more important is how believable the witnesses were

16  and how much weight you think their testimony deserves.

17         This is a civil case.  The plaintiff has the burden

18  of proving her case by what is called the preponderance of the

19  evidence.  That means the plaintiff has to produce evidence

20  which, considered in light of all the facts, leads you to

21  believe what the plaintiff claims is more likely true than

22  not.

23         To put it differently, if you were to put the

24  plaintiff's and the defendant's evidence on opposite sides of

25  the scales, the plaintiff would have to make the scales tip

1    somewhat onto her side.  If the plaintiff fails to meet this

2    burden, the verdict must be for the defendant.

3           In determining whether any fact has been proved by a

4    preponderance of the evidence in the case, you may, unless

5    otherwise instructed, consider the testimony of all witnesses

6    regardless of who may have called them, and all exhibits

7    received in evidence regardless of who may have produced them.

8           Now the trial will proceed in the following manner.

9    First the attorney for the plaintiff, Shannon Phillips, will

10   make an opening statement to you.

11          Next the attorney for the defendant may make an

12   opening statement.

13          Again, what is said in the opening statements is not

14   evidence but is simply an outline to help you understand what

15   each party expects the evidence to show.  The party is not

16   required to make an opening statement.  After the attorneys

17   have made their opening statements, then each party is given

18   the opportunity to present its evidence.

19          Plaintiff goes first because plaintiff has the burden

20   of proof.  Plaintiff will present witnesses, and counsel for

21   defendant may cross-examine, and plaintiff may also present

22   other evidence.

23          Following the plaintiff's case, defendant may present

24   evidence and counsel for the plaintiff may cross-examine the

25   witness for the defendant.

1    After the parties' main case is presented they may be

2    permitted to present what is called rebuttal evidence.

3    After all of the evidence has been presented to you,

4    the attorneys will present to you closing arguments to

5    summarize and interpret the evidence in a way that's helpful

6    to their clients' positions.

7    As with opening statements, closing statements are

8    not evidence.  But once the closing arguments are completed, I

9    will then instruct you on the law.

10   After that, you will retire to the jury room to

11   deliberate on your verdict in this case.

12   That concludes my preliminary instructions to you.

13   We're at the point where counsel will make opening statements,

14   but I notice it's -- let's see.  It's about a quarter to 4:00.

15   We usually break around 4:30.  I'd like to start

16   tomorrow at 9:15.  We will take a midmorning recess, hopefully

17   work till about 12:30, take about an hour, an hour and 15 for

18   lunch, come back and work in the afternoon, and you get a

19   midafternoon recess too, and then we end about 4:30.

20   It's been a long day for you and a long day for

21   counsel.  They got here quite early as did the Court.

22   And I discussed with counsel the fact that given the

23   time of the day now, perhaps it would be better that we start

24   fresh tomorrow morning and you hear the opening arguments of

25   counsel in the morning and then we'll go right into the

 1   evidence in the case.  I think that would be the best thing to

 2   do.

 3          So with that, I'm going to send you home now, ask

 4   that you get back here no later than 9:15 sharp and remember

 5   you got to go through security downstairs, and, you know, I

 6   always ask jurors, do us a favor, get up a little earlier and

 7   get here on time, because you can see how many people are

 8   involved in the right to trial by a jury.  If one person is

 9   late, we can't proceed.  So please try to do that.

10          And remember my words of caution.  And I know I sound

11   like a broken record, I've said it so many times, don't

12   discuss anything you've seen and heard in court with any of

13   your other jurors or even anybody at home.  And if somebody at

14   home says to you, what it's all about, Judge Slomsky said I

15   can't talk to you about it.  You see?

16          So again, we all want you to keep an open mind.

17   There's a lot of evidence to come, and the parties expect that

18   everyone will pay attention to the evidence and keep an open

19   mind as the evidence is presented.

20          So with that, don't do any independent research, and

21   have a good evening, a good dinner, a safe trip home and a

22   safe trip back here tomorrow.  And again, we thank you for

23   your service, and we'll start the trial again at 9:15 sharp

24   tomorrow morning.

25          So Mr. Higgins will show you where to go and where to

1   report to tomorrow.

2          We'll stand in recess.

3          (Jury out.)

4          THE COURT:  Counsel, have a seat.  Just one second.

5          There is a motion that was filed.  I'm not sure it

6   was filed today or yesterday relating to the videos.

7          Are you going to file a written response as to that

8   motion?

9          MR. HARRIS:  Your Honor, I haven't seen it yet.  I

10  have not seen the motion yet, but I anticipate that I will

11  respond in writing.

12         THE COURT:  Okay.  It's not as if they're going to

13  play the video that quickly, so you'll have time.

14         All right.  The other thing is, I started looking at

15  the jury instructions, the model Third Circuit instructions.

16  And under Title VII in 1981 -- let's start with Title VII.

17         I see a model instruction on mixed motive as a

18  standard under Title VII.  And I do see another model

19  instruction as a determinative factor being, in effect, the

20  standard under pretext.  I don't see but-for as being the

21  standard under Title VII, the same with the Section 1981

22  claim.  Again, I like to follow the Third Circuit model jury

23  instruction.

24         When it comes to the state claim, that's a little

25  different.  We'll take a close look at that.  That might be a

1 different standard, so I'll take a look at it.

2        But if anybody wants to submit any case to me on a

3 different standard, please do so.  I would say by tomorrow

4 morning, if you can.  Perhaps you can bring in the decision.

5 That would help us, rather than email it to us.  We'll take a

6 look at it.

7        But, again, I follow the model rules of the Third

8 Circuit.

9        So take a look at that, and that's what I'll be

10 preparing my jury instructions on.

11        Again, the law is different on -- or the charges are

12 different on the federal law and compensatory damages and

13 punitive damages versus the state claim in this case under the

14 New Jersey law, so I will probably give -- explain it to the

15 jury and give a separate charge on compensatory damages and

16 punitive damages under state law now.

17        How we put that down in the verdict slip, I want the

18 parties to give consideration to, because I need you to

19 present a jury slip that conforms to -- in effect what I'm

20 saying.

21        And make sure you don't use the word "or" in your

22 verdict slip.  You know, if you find A or B or something like

23 that, the Third Circuit has cautioned against that, because we

24 don't know whether the jury is finding one side of the "or" or

25 the other side of the or, so we have to make sure it's clear

1    what the jury is finding in the case.

2           I do get verdict slips submitted with alternatives,

3    and we can't do that for each question.

4           All right.  Is there anything else anyone wants to

5    bring to my attention before we recess or put on the record?

6           MR. HARRIS:  Judge, the only thing that I would say

7    on behalf of the defense is that we certainly anticipate

8    filing a Rule 50 motion at the conclusion of counsel's case,

9    specifically as it relates to punitive damages.  I would --

10          THE COURT:  As it relates to?

11          MR. HARRIS:  Punitive damages in particular.  So we

12   anticipate we will be filing a motion with respect to that.

13          THE COURT:  Understood.  Understood.  And again, just

14   because I say I'm going to charge on it now, I want to hear

15   the evidence to make sure that I'm satisfied the evidence

16   supports such a charge.

17          So I will make that determination during the trial.

18   I haven't drawn any conclusions; I haven't heard any evidence

19   yet.  So once I hear all the evidence, I'll make a decision

20   whether or not it's justifiable in this case.

21          All right?  Any -- yes.

22          MS. MATTIACCI:  Yes.  I know we talked about this

23   before, but I just wanted to put an official request for

24   sequestration on the record so that tomorrow morning when we

25   go right into openings, there are no witnesses in the

 1   courtroom besides the parties.

 2           THE COURT:  Okay.

 3           MR. HARRIS:  Judge, as I understand the law,

 4   certainly witnesses can't be in the courtroom as it relates to

 5   testimony, but opening arguments, it's not evidence.  So I am

 6   not aware of any rule that precludes them from being in the

 7   courtroom for opening arguments, unless the Court is aware of

 8   something that I'm not aware of.

 9           THE COURT:  Well, let's see specifically what the

10   rule says.  I know it's in here.  Right?

11           Rule 47 of the Federal Rules of Civil Procedure.

12           Nope, not Rule 47.  If counsel knows where the rules

13   is, I'll...

14           MS. MATTIACCI:  I'm trying to look it up myself, Your

15   Honor, as well.

16           MR. HARRIS:  Your Honor, it's my understanding it's

17   Rule 615.

18           THE COURT:  What is it?

19           MR. HARRIS:  It's 615 under the Rules of Evidence.

20   615.

21           THE COURT:  Under Rules of Evidence?

22           MR. HARRIS:  Evidence, correct.

23           THE COURT:  All right.

24           MR. HARRIS:  And as I understand the rules as I

25   indicated, that there is a preclusion for witnesses to be in

 1  the courtroom when testimony is being heard, but not argument.

 2          THE COURT:  Let's see.

 3          At a party's request, the Court must order witnesses

 4  excluded so that they cannot hear other witnesses' testimony.

 5          All right.  I think we'll make it during testimony

 6  and not openings.  Okay?

 7          MR. HARRIS:  Very well.

 8          MS. MATTIACCI:  Thank you, Your Honor.

 9          THE COURT:  All right.  We'll stand in recess.

10          (Proceedings concluded at 3:53 p.m.)

11                              -  -  -

12          I certify that the foregoing is a correct transcript

13  from the record of proceedings in the above-entitled matter.

14

15  */S/ Ann Marie Mitchell*          *5th day of June, 2023*

16  *Court Reporter/Transcriber      Date*

17

18

19

20

21

22

23

24

25

*United States District Court*