# Exhibit F

```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
 2     _____
       SHANNON PHILLIPS,                 :  CRIMINAL ACTION NUMBER:
 3            Plaintiff,                  :  19-19432
                                         :
 4            v.                          :
                                         :
 5                                        :
       STARBUCKS CORPORATION d/b/a        :  JURY TRIAL
 6     STARBUCKS COFFEE COMPANY,          :  VOLUME 6
              Defendant.                  :  PAGES 821 - 878
 7     _____   :

 8          Mitchell H. Cohen Building & U.S. Courthouse
            4th & Cooper Streets
 9          Camden, New Jersey  08101
            June 12, 2023
10          Commencing at 9:29 a.m.

11     B E F O R E:        THE HONORABLE JOEL H. SLOMSKY,
                           UNITED STATES DISTRICT JUDGE
12
       A P P E A R A N C E S:
13

14          CONSOLE MATTIACCI LAW, LLC
            BY: LAURA C. MATTIACCI, ESQUIRE
15          BY:  KATHERINE C. OELTJEN, ESQUIRE
            BY:  HOLLY W. SMITH, ESQUIRE
16           1525 Locust Street, Ninth Floor
            Philadelphia, Pennsylvania 19102
17          For the Plaintiff

18
            HOLLAND & KNIGHT LLP
19          BY:  RICHARD HARRIS, ESQUIRE
            BY:  TARA PARAM, ESQUIRE
20          BY:  KATHLEEN PRINCIVALLE, ESQUIRE
            2929 Arch Street, Suite 800
21          Philadelphia, Pennsylvania 19104
            For the Defendant
22

23      Ann Marie Mitchell, CRR, RDR, CCR, Official Court Reporter
                  AnnMarie_Mitchell@njd.uscourts.gov
24                     (856) 576-7018

25     Proceedings recorded by mechanical stenography; transcript
             produced by computer-aided transcription.
```

**A L S O   P R E S E N T**:


        SHANNON PHILLIPS, Plaintiff

        ROBYN RUDERMAN, ESQUIRE, Starbucks Corporation

        MARCUS ECKENSBERGER, Starbucks Corporation

        MATTHEW HIGGINS, Courtroom Deputy

*United States District Court*

823

- - -

I N D E X

- - -

Page

Jury Charge                                                      826

Page

Verdict                                                         871

*United States District Court*

1          (PROCEEDINGS held in open court before The Honorable

2    JOEL H. SLOMSKY at 9:29 a.m.)

3          THE COURT:  Please be seated.

4          Let's wait for Mr. Harris.

5          MS. PARAM:  Thank you.

6          MR. HARRIS:  Good morning, Your Honor.

7          THE COURT:  Okay.  Counsel, I just wanted to bring to

8    your attention, I noticed something else on the verdict slip

9    that should have been included.  And that is after question

10   11, I think on your version, it says:  If you answered yes to

11   question 11, please proceed to question 12.

12         And I added "If you answered no to question 11, your

13   deliberations are finished and you are to follow the

14   instructions after question 12," because they wouldn't know

15   what to do at that point.  All right?

16         So I added that to the jury instruction.

17         MS. MATTIACCI:  Okay, Your Honor.  Thank you.

18         THE COURT:  And two slight changes to the jury

19   instructions.

20         I made that change to the Jury Verdict Form, but I

21   have two slight changes to the jury instructions.

22         Let's see.  The first one would be on page 17.  And

23   in the third full paragraph, I changed the word "of" to

24   "under."  It is permissible for a plaintiff to allege a claim

25   under these two civil rights statutes.  All right?

1           And the only other changes that we noticed -- in the

2    mixed motive charge under Title VII on page 20 -- page 21, if

3    you look under the charge on pretext, if you look on page 18,

4    at the very bottom, it says:  You should weigh all the

5    evidence received in this case in deciding whether defendant

6    intentionally discriminated against plaintiff.

7           And for some reason, that language was not included,

8    and it should have been in the mixed motive instruction.  So

9    we added to page 21, after the "although" paragraph, "Although

10   plaintiff must prove" -- I don't think your copy has the next

11   sentence as a separate paragraph in and of itself saying:  You

12   should weigh all the evidence received in this case in

13   deciding whether defendant intentionally discriminated against

14   plaintiff.

15          It should be parallel to the other instruction.

16          MR. HARRIS:  Yes.

17          MS. MATTIACCI:  Okay.

18          MR. HARRIS:  Yes.

19          THE COURT:  All right?  So those are the only changes

20   made over the weekend break.

21          MR. HARRIS:  Your Honor, could we have a copy of the

22   final version?

23          THE COURT:  Oh, yes.  Yes, we have copies for you of

24   the final instructions and the verdict sheet.

25          MR. HARRIS:  Thanks.

```
 1              THE COURT:  All right.  And at this point, we can
 2     bring in the jury, and I'll instruct them on the law.
 3              (Jury in.)
 4              THE COURT:  Please be seated.
 5              Good morning, members of the jury.
 6              RESPONSE:  Good morning.
 7              THE COURT:  Everyone had a good weekend?
 8              Members of the jury, now that you have heard the
 9     evidence and the arguments, it is my duty to instruct you on
10     the applicable law.  It is your duty to follow the law as I
11     will state it and to apply it to the facts as you find them
12     from the evidence in the case.  Do not single out one
13     instruction as stating the law, but consider the instructions
14     as a whole.  You are not to be concerned about the wisdom of
15     any rule of law stated by me.  You must follow and apply the
16     law.
17              Nothing I say in these instructions indicates that I
18     have any opinion about the facts.  You, not I, have the duty
19     to determine the facts.
20              You must perform your duties as jurors without bias
21     or prejudice as to any party.  The law does not permit you to
22     be controlled by sympathy, prejudice or public opinion.  All
23     parties expect that you will carefully and impartially
24     consider all the evidence, follow the law as it is now being
25     given to you and reach a just verdict regardless of the
```

*United States District Court*

1    consequences.

2         Members of the jury, the judge and the jury have

3    separate and distinct functions.  You, the jury, must

4    determine what the facts are in this case.  You have listened

5    to all the evidence, and from that evidence, you will

6    determine what you consider the facts to be.

7         In deciding what really happened in this case, it is

8    your recollection of the evidence you must follow, not the

9    recollection of the attorneys, or even mine, or even me.  If

10   any attorney has stated something to be a fact or if I state

11   something to be a fact at any time, and it is not the same as

12   your recollection of the evidence, then your recollection of

13   the evidence controls.

14        You must make your determination of the facts solely

15   on the basis of the evidence you have heard and seen and not

16   for any reasons outside the record of this case.  You cannot

17   base your verdict on guess, suspicion, speculation, intuition

18   or conjecture.  In short, you must determine where the real

19   truth lies as to the facts in this case.  Once you have

20   determined what the facts are, then you must apply the law as

21   I give it to you now.

22        The function of the judge is to conduct the trial in

23   an orderly, fair and efficient manner and to rule upon

24   questions of law during the course of the trial.  It is also

25   my function to instruct you as to the law which applies to

1   this case, as I am doing now.

2        It is your duty to accept the law as I state it.  No

3   one can question the facts as you find them.  Likewise, you

4   cannot question the law as I give it to you.  You may not

5   disregard my instruction.  You must not give special attention

6   to any one instruction or question the wisdom of any rule of

7   law.  You should consider all the instructions as a whole.

8        During your deliberations, you must not communicate

9   with or provide any information to anyone by any means about

10  this case.  You may not use any electronic device or media,

11  such as a telephone, cell phone, smartphone, iPhone, or a

12  computer; the internet, any internet service or any text or

13  instant messaging service or any internet chat room, blog or

14  website such as Facebook, LinkedIn, YouTube or Twitter, to

15  communicate to anyone any information about this case or to

16  conduct any research about this case until I accept your

17  verdict.

18       The evidence from which you are to find the facts

19  consist of the following:  The testimony of the witnesses;

20  documents and other things received as exhibits; and any facts

21  that are stipulated; that is, formally agreed to by the

22  parties.

23       The following things are not evidence:  Statements,

24  arguments and questions of the lawyers for the parties in this

25  case; objections by lawyers; any testimony I tell you to

 1   disregard; and anything you may see or hear about this case

 2   outside the courtroom.

 3          You must make your decision based only on the

 4   evidence that you see and hear in court.  Do not let rumors,

 5   suspicion or anything else that you may see or hear outside of

 6   court influence your decisions in any way.

 7          You should use your common sense in weighing the

 8   evidence.  Consider it in light of your everyday experience

 9   with people and events, and give it whatever weight you

10   believe it deserves.  If your experience tells you that

11   certain evidence reasonably leads to a conclusion, you are

12   free to reach that conclusion.

13          There are rules that control what can be received

14   into evidence.  When a lawyer asks a question or offers an

15   exhibit into evidence and the lawyer on the other side thinks

16   that it is not permitted by the rules of evidence, that lawyer

17   may object.  This simply means that the lawyer is requesting

18   that I make a decision on a particular rule of evidence.

19          You should not be influenced by the fact that an

20   objection is made.  Objections to questions are not evidence.

21   Lawyers have an obligation to their clients to make objections

22   when they believe that evidence being offered is improper

23   under the rules of evidence.

24          You should not be influenced by the objection or by

25   the Court's rulings on it.  If the objection is sustained,

1   ignore the question.  If it is overruled, treat the answer

2   like any other.  If you are instructed that some item of

3   evidence is received for a limited purpose, you must follow

4   that instruction.

5           Also, certain testimony or other evidence may be

6   ordered struck from the record, and you will be instructed to

7   disregard this evidence.  Do not consider any testimony or any

8   evidence that gets struck or excluded.  Do not speculate about

9   what a witness might have said or what an exhibit might have

10  shown.

11          During trial, I may have asked witnesses questions.

12  Please do not assume that I have any opinion about the subject

13  matter of my questions.  Such questioning was done to clarify

14  matters, and no opinion should be drawn as to the judge's

15  views on any of the matters to which the questions related.

16  My questions were not meant to help one side of the case or

17  harm another side.

18          Please remember at all times that you, as jurors, are

19  the sole judges of the facts of this case.

20          As I mentioned earlier in this trial, there are two

21  types of evidence.  One is direct evidence, such as the

22  testimony of an eyewitness and any exhibits introduced into

23  evidence.  The other is circumstantial evidence.

24          Circumstantial evidence is evidence consisting of

25  facts and circumstances surrounding a transaction from which

 1   you may infer other connected facts which reasonably follow

 2   according to the common experiences of people.

 3          You are not to -- you are to consider only the

 4   evidence admitted in this case, but in your considerations,

 5   you are not limited solely to what you see and hear as the

 6   witnesses testify.  You are permitted to draw from the facts

 7   which you find to have been proven such reasonable inferences

 8   as you feel justified in light of your experience.  Inferences

 9   are conclusions that reason and common sense lead you to reach

10   from facts established by the evidence in the case.

11          No party is required to produce all possible

12   witnesses who may have some knowledge about the facts of the

13   case or to produce all possible documents.  It is the quality,

14   not the quantity, of the evidence that is important.

15          Inferences are deductions or conclusions that reason

16   and common sense lead you to draw from the facts established

17   by the evidence in the case.  You may draw from the facts that

18   you find such reasonable inferences as seem justified in light

19   of your experience; however, you are to consider only the

20   evidence in the case and the reasonable inferences that you

21   draw therefrom.

22          Counsel have made a number of motions and objections

23   during the course of the trial.  They have done that according

24   to the law, and it is their duty in fairly representing their

25   clients to make such motions and objections.  The fact that I

 1  have sustained or overruled objections in the course of the

 2  trial is not to be taken by you as any indication that I have

 3  an opinion as to what your findings should be.  My rulings

 4  must have no bearing directly or indirectly on your

 5  deliberations or the outcome of this case.  In ruling, I was

 6  applying the rules of evidence in restricting the testimony to

 7  only what the rules permit.  You, the jury, must confine your

 8  consideration to the evidence presented from the witnesses and

 9  from any exhibits admitted in evidence.

10          The questions asked by a lawyer or either party to

11  this case are not evidence.  If a lawyer asks a question of a

12  witness, which contains an assertion of fact, you may not

13  consider the assertion by the lawyer as evidence of that fact.

14  Only the witnesses' answers are evidence.  If the witness

15  adopts the assertion of fact in the answer, then you may

16  consider the questions as part of the answer.

17          You may consider the question since it may put the

18  answer in context or in some way frame the answer, but, again,

19  please remember that only the witnesses's answers are

20  evidence.

21          If during the course of the trial, I sustained an

22  objection by counsel to a question asked by other counsel, you

23  are to disregard the question, and you must not speculate as

24  to what the answer would have been.

25          If after a question was asked and an answer given by

1  a witness, I rule that the answer should be stricken from the

2  record, you are to disregard both the question and the answer

3  in your deliberations.

4          In your consideration of this case, you must evaluate

5  the credibility of the witnesses.  You are the sole judges of

6  the credibility of each witness called to testify in this

7  case.  Only you can determine the importance or the weight

8  that the witness's testimony deserves.  I have nothing to do

9  with that determination.

10         After you make your assessment concerning the

11  credibility of a witness, you may decide to believe all of

12  that witness's testimony, only a part of it, or none of it.

13         You may judge the credibility of the witnesses by the

14  manner in which they gave testimony, their demeanor upon the

15  stand, the reasonableness or unreasonableness of the

16  testimony, the source of their knowledge about what they

17  testified, their interest in the case, the bias the witnesses

18  may have for or against any of the parties or any

19  circumstances tending to shed light upon the truth or falsity

20  of the witness' testimony.

21         Consider each witness's ability to observe the

22  matters as to which he or she has testified.  And consider

23  whether he or she impresses you as having an accurate memory

24  or recollection of these matters.

25         It is for you to say what weight you will give to the

1   testimony from any and all witnesses.

2           Inconsistencies or discrepancies in the testimony of

3   a witness or between the testimony of different witnesses may

4   or may not cause you to disbelieve or discredit such

5   testimony.  Two or more persons witnessing an event may simply

6   see or hear it differently.

7           In weighing the effect of a discrepancy, always

8   consider whether it pertains to a matter of importance or to

9   an insignificant detail.  And consider whether the discrepancy

10  results from innocent error or from intentional falsehood.

11          If you believe that any witness has intentionally

12  testified falsely as to any material fact of this case, you

13  are free to disbelieve the testimony of that witness in whole

14  or in part or believe it in part and disbelieve it in part,

15  taking into consideration all the facts and circumstances of

16  the case.

17          The testimony of a witness may be discredited by

18  showing that he or she previously made statements which are

19  different than or inconsistent with his or her testimony here

20  in court.  Generally, the earlier inconsistent or

21  contradictory statements can be used to discredit or impeach

22  the credibility of the witness and not to establish the truth

23  of those earlier statements made elsewhere.  However, if the

24  prior statement was given under oath, that earlier statement

25  may be considered for its truth.

*United States District Court*

1          It is for you to determine whether to believe all,

2     some or none of the testimony of a witness who has made prior

3     inconsistent or contradictory statements.

4          In considering a prior inconsistent statement, you

5     should consider whether it was simply an innocent error or an

6     intentional falsehood or whether it contains an important fact

7     or an unimportant detail.

8          If a person is shown to have knowingly testified

9     falsely concerning any important or material matter, you

10    obviously have a right to distrust the testimony of such

11    witness concerning other matters.  You may reject all the

12    testimony of that witness or give it such weight or

13    credibility as you may think it deserves.

14         You are not required to accept testimony, even though

15    the testimony is uncontradicted and the witness is not

16    impeached.  You may decide because of the witness's bearing

17    and demeanor or the inherent improbability of his or her

18    testimony or for some other reasons that such testimony is not

19    worthy of belief.

20         After you have made your own judgment or assessment

21    about the believability of a witness, you can then attach such

22    importance or weight to that testimony, if any, that you feel

23    it deserves.

24         In making up your minds in reaching a verdict, do not

25    make any decision simply because there are more witnesses on

1   one side than the other.  Your job is to think about the

2   testimony of each witness you heard and decide how much you

3   believe of what he or she had to say and how much weight to

4   give to that testimony.

5           The weight of the evidence to prove a fact does not

6   necessarily depend on the number of witnesses who testify.

7   What is more important is how believable the witnesses were

8   and how much weight you think their testimony deserves.

9           This is a civil case.  Plaintiff is the party who

10  brought this lawsuit.  The defendant is the party against

11  which the lawsuit was filed.  In civil cases, the plaintiff

12  has the burden of proving its case by what is called the

13  preponderance of the evidence.  That means that plaintiff must

14  produce evidence which, considered in the light of all the

15  facts, leads you to believe what she claims is more likely

16  true than not.

17          To put it differently, if you were to put plaintiff's

18  and defendant's evidence on opposite sides of the scales,

19  plaintiff's evidence would have to make the scales tip

20  somewhat on her side.  If plaintiff fails to meet this burden,

21  the verdict must be for the defendant.

22          If you find, after considering all the evidence, that

23  a claim or fact is more likely so than not so, then the claim

24  or fact has been proved by a preponderance of the evidence.

25          In determining whether any fact has been proved by a

1    preponderance to the evidence in this case, you may, unless

2    otherwise instructed, consider the testimony of all witnesses,

3    regardless of who may have called them, and all exhibits

4    received in evidence, regardless of who may have produced

5    them.

6          In this case, plaintiff Shannon Phillips has brought

7    three claims against defendant Starbucks Corporation.

8          The first claim is under a Federal Civil Rights

9    Statute that we refer to as Title VII.  This statute prohibits

10   employers from discriminating against an employee in the terms

11   and conditions of employment because of the employee's race.

12         More specifically, plaintiff claims that she was

13   terminated by defendant because of her race.

14         Second, plaintiff has made a claim under a second

15   Federal Civil Rights statute that we refer to as Section 1981.

16   This statute also prohibits discrimination against an employee

17   because of that person's race.

18         Again, plaintiff claims that she was terminated by

19   defendant because of her race, in violation of this statute.

20         It is permissible for a plaintiff to allege a claim

21   under these two civil rights statutes that prohibit employers

22   from discriminating against an employee in the terms and

23   conditions of their employment because of the employee's race,

24   because these statutes have different elements under the law.

25         I will shortly describe to you the elements of these

1  two statutes.

2         Finally, in this case, plaintiff has made a claim

3  under a New Jersey state civil rights statute referred to as

4  the New Jersey Law Against Discrimination.  It also prohibits

5  discrimination against an employee by an employer because of

6  an employee's race.

7         Again, I will instruct you on the law of each of

8  these three claims which more fully describe the issues you

9  must address in this case.  With respect to these three

10  claims, defendant denies that plaintiff was discriminated

11  against in any way.

12         In this case, the first claim of race discrimination

13  is made under Title VII.  There are two ways in which a

14  plaintiff may prove a Title VII violation.  Plaintiff is

15  alleging that defendant terminated her because of her race.

16         First, in order for plaintiff to recover on this

17  discrimination claim against defendant, plaintiff must prove

18  that defendant intentionally discriminated against plaintiff.

19  This means that plaintiff must prove that her race was a

20  determinative factor in defendant's decision to terminate her.

21         To prevail on this claim, plaintiff must prove both

22  of the following by a preponderance of the evidence.

23         First:  Defendant terminated plaintiff; and second:

24  Plaintiff's race was a determinative factor in defendant's

25  decision.

1          Although plaintiff must prove that defendant acted

2    with the intent to discriminate, plaintiff is not required to

3    prove that defendant acted with the particular intent to

4    violate plaintiff's federal civil rights.  Moreover, plaintiff

5    is not required to produce direct evidence of intent such as

6    statements admitting discrimination.  Intentional

7    discrimination may be inferred from the existence of other

8    facts.

9          You should weigh all the evidence received in this

10   case in deciding whether defendant intentionally discriminated

11   against plaintiff.

12         Defendant has given a nondiscriminatory reason for

13   its decision to terminate plaintiff.  If you believe

14   defendant's stated reason, and if you find that the

15   termination would have occurred because of defendant's stated

16   reason, regardless of plaintiff's race, then you must find for

17   defendant.

18         If you disbelieve defendant's stated reason for its

19   conduct, then you may, but need not, find that plaintiff has

20   proved intentional discrimination.

21         In determining whether defendant's stated reason for

22   its actions was a pretext or excuse for discrimination, you

23   may not question defendant's business judgment.

24         You cannot find intentional discrimination simply

25   because you disagree with the business judgment of defendant

 1   or believe it is harsh and unreasonable.  You are not to

 2   consider defendant's wisdom.  However, you may consider

 3   whether plaintiff has proven that defendant's reason is merely

 4   a cover-up for discrimination.

 5          Plaintiff does not have to prove that race was the

 6   only reason for her termination, but ultimately you must

 7   decide whether plaintiff has proven that her race was a

 8   determinative factor in defendant's decision to terminate her.

 9          Determinative factor means that if not for

10   plaintiff's race, the termination would not have occurred.

11          There is a second way in which a plaintiff can prove

12   race discrimination under Title VII.

13          In order for plaintiff to recover on this

14   discrimination claim against defendant, plaintiff must prove

15   that defendant intentionally discriminated against plaintiff.

16   This means that plaintiff must prove that her race was a

17   motivating factor in defendant's decision to terminate her.

18          To prevail on this claim, plaintiff must prove both

19   of the following by a preponderance of the evidence:  First,

20   defendant terminated plaintiff; and second, plaintiff's race

21   was a motivating factor in defendant's decision.  Again,

22   second, plaintiff's race was a motivating factor in

23   defendant's decision.

24          Although plaintiff must prove that defendant acted

25   with the intent to discriminate, plaintiff is not required to

 1   prove that defendant acted with the particular intent to

 2   violate plaintiff's federal civil rights.  In showing that

 3   plaintiff's race was a motivating factor for defendant's

 4   action, plaintiff is not required to prove that her race was

 5   the sole motivation or even the primary motivation for

 6   defendant's decision.  Plaintiff need only prove that

 7   plaintiff's race played a motivating part in defendant's

 8   decision, even though other factors may have also motivated

 9   defendant.

10        As used in this instruction, plaintiff's race was a

11   motivating factor if her race played a part in defendant's

12   decision to terminate her.

13        Section 1981 is the second statute plaintiff claims

14   defendant violated by discriminating against her in her

15   employment based on race.

16        In order for plaintiff to recover on this

17   discrimination claim against defendant, plaintiff must prove

18   that defendant intentionally discriminated against plaintiff.

19   This means that plaintiff must prove that her race was a

20   determinative factor in defendant's decision to terminate her.

21        To prevail on this claim, plaintiff must prove both

22   of the following by a preponderance of the evidence:  First,

23   defendant terminated plaintiff; and second, plaintiff's race

24   was a determinative factor in defendant's decision.

25        Although plaintiff must prove that defendant acted

1    with the intent to discriminate, plaintiff is not required to

2    prove that defendant acted with the particular intent to

3    violate plaintiff's federal civil rights.

4         Moreover, plaintiff is not required to produce direct

5    evidence of intent, such as statements admitting the

6    discrimination.  Intentional discrimination may be inferred

7    from the existence of other facts.

8         You should weigh all of the evidence received in the

9    case in deciding whether defendant intentionally discriminated

10   against plaintiff.

11        Defendant has given a nondiscriminatory reason for

12   its decision to terminate plaintiff.  If you believe

13   defendant's stated reason and if you find that the termination

14   would have occurred because of defendant's stated reason

15   regardless of the plaintiff's race, then you must find for

16   defendants.

17        If you disbelieve defendant's stated reason for its

18   conduct, then you may, but need not, find that plaintiff has

19   proved intentional discrimination.

20        In determining whether defendant's stated reason for

21   its action was pretext or excuse for discrimination, you may

22   not question defendant's business judgment.  You cannot find

23   intentional discrimination simply because you disagree with

24   the business judgment of defendant or believe it is harsh or

25   unreasonable.

 1          You are not to consider defendant's wisdom.  However,
 2   you may consider whether plaintiff has proven that defendant's
 3   reason is merely a cover-up for discrimination.
 4          Plaintiff does not have to prove that race was the
 5   only reason for her termination, but ultimately you must
 6   decide whether plaintiff has proven that her race was a
 7   determinative factor in defendant's decision to terminate
 8   plaintiff.  Again, determinative factor means that if not for
 9   a plaintiff's race, the termination would not have occurred.
10          I am now going to instruct you on damages.
11          These instructions apply to the Title VII claim and
12   the Section 1981 claim.  And just because I am instructing you
13   on how to -- on the damages does not mean that I have any
14   opinion on whether or not defendant should be held liable.
15          If you find by a preponderance of the evidence that
16   defendant intentionally discriminated against plaintiff by
17   terminating her, then you must consider the issue of
18   compensatory damages.  You must award plaintiff an amount that
19   will fairly compensate her for any injury she actually
20   sustained as a result of defendant's conduct.  The damages
21   that you award must be fair compensation, no more and no less.
22   The award of compensatory damages is meant to put plaintiff in
23   the position she would have occupied if the discrimination had
24   not occurred.  Plaintiff has the burden of proving damages by
25   a preponderance of the evidence.

 1          Plaintiff must show that the injury would not have

 2   occurred without defendant's act.  Plaintiff must also show

 3   that defendant's act played a substantial part in bringing

 4   about the injury and that the injury was either a direct

 5   result or a reasonably probable consequence of defendant's

 6   act.

 7          This test, a substantial part in bringing about the

 8   injury, is to be distinguished from the test you must apply in

 9   determining whether defendant's actions were motivated by

10   discrimination.  In other words, even assuming that

11   defendant's actions were motivated by discrimination,

12   plaintiff is not entitled to damages for an injury unless

13   defendant's discriminatory actions actually played a

14   substantial part in bringing about that injury.

15          In determining the amount of any damages that you

16   decide to award, you should be guided by your common sense.

17   You must use sound judgment in affixing an award of damages,

18   drawing reasonable inferences from the facts in the case.  You

19   may not award damages based on sympathy, speculation or

20   guesswork.

21          You may award damages for any pain, suffering,

22   inconvenience, mental anguish or loss of enjoyment of life

23   that plaintiff experienced as a consequence of defendant's

24   allegedly unlawful act.  No evidence of a monetary value of

25   such intangible things as pain and suffering has been or need

1  be introduced into evidence.  There is no exact standard for

2  affixing the compensation to be awarded for these elements of

3  damages.  Any award you make should be fair in light of the

4  evidence presented at the trial.

5          I instruct you that in awarding compensatory damages

6  you are not to award damages for the amount of wages that

7  plaintiff would have earned, either in the past or in the

8  future, if she had continued in employment with defendant.

9  These elements of recovery of wages that plaintiff would have

10  received from defendant are called back pay or front pay, and

11  under the applicable law, the determination of back pay or

12  front pay is for the Court to decide.

13          You may award damages for monetary losses that

14  plaintiff may suffer in the future as a result of the

15  allegedly unlawful act.  For example, you may award damages

16  for loss of earnings resulting from any harm to plaintiff's

17  reputation that was suffered as a result of defendant's

18  allegedly unlawful act.  Where a victim of discrimination has

19  been terminated by an employer and has sued that employer for

20  discrimination, she may find it more difficult to be employed

21  in the future or may have to take a job that pays less than if

22  the discrimination had not occurred.  The element of

23  damages -- that element of damages is distinct from the amount

24  of wages plaintiff would have earned in the future from

25  defendant if she had retained the job.

```
 1              As I instructed you previously, plaintiff has the

 2   burden of proving damages by a preponderance of the evidence,

 3   but the law does not require that plaintiff prove the amount

 4   of her losses with mathematical precision.  It requires only

 5   as much definiteness and accuracy as circumstances permit.

 6              You are instructed that plaintiff has a duty under

 7   the law to mitigate her damages.  That means that plaintiff

 8   must take advantage of any reasonable opportunity that may

 9   have existed under the circumstances to reduce or minimize the

10   loss or damage caused by defendant.  It is defendant's burden

11   to prove that plaintiff has failed to mitigate, so if

12   defendant persuades you by a preponderance of the evidence

13   that plaintiff has failed to take advantage of an opportunity

14   that was reasonably available to her, then you must reduce the

15   amount of plaintiff's damages by the amount that could have

16   been reasonably obtained if she had taken advantage of such an

17   opportunity.

18              In assessing damages, you must not consider

19   attorneys' fees or costs of litigating this case.  Attorneys'

20   fees and costs, if relevant at all, are for the Court and not

21   the jury to determine; therefore, attorneys' fees and costs

22   should play no part in your calculation of any damages.

23              You will also consider the issue of punitive damages

24   as they apply under Title VII -- as they apply to Title VII

25   and Section 1981 claims.
```

```
1         Plaintiff claims the acts of defendant were done with
2    reckless indifference to plaintiff's federally protected
3    rights and that as a result, there should be an award of what
4    are called punitive damages.  A jury may award punitive
5    damages to punish a defendant or to deter defendant and others
6    like defendant from committing such conduct in the future.
7    Where appropriate, the jury may award punitive damages even if
8    plaintiff suffered no actual injury and so receives nominal
9    rather than compensatory damages.
10        However, punitive damages cannot be imposed on an
11   employer where its employees acted contrary to the employer's
12   own good faith efforts to comply with the law by implementing
13   policies and procedures designed to prevent unlawful
14   discrimination in the workplace.  An award of punitive damages
15   against defendant is therefore permissible in the case only if
16   you find by a preponderance of the evidence that a management
17   official of defendant personally acted with reckless
18   indifference to plaintiff's federally protected rights.  An
19   action is with reckless indifference if taken with knowledge
20   that it may violate the law.
21        But even if you make a finding that there has been an
22   act of discrimination with reckless disregard of plaintiff's
23   rights, you cannot award punitive damages if defendant proved
24   by a preponderance of the evidence that it made a good faith
25   attempt to comply with the law by adopting policies and
```

1  procedures designed to prevent unlawful discrimination such as

2  that occurred by plaintiff.

3        An award of punitive damages is discretionary; that

4  is, if you find that the legal requirements of punitive

5  damages are satisfied and that defendant has not proved that

6  it made a good faith attempt to comply with the law, then you

7  may decide to award punitive damages, or you may decide not to

8  award them.  I will now discuss some considerations that

9  should guide your exercise of this discretion.

10        If you have found the elements permitting punitive

11  damages as discussed in this instruction, then you are to

12  consider the purposes of punitive damages.  The purposes of

13  punitive damages are to punish a defendant for reckless

14  disregard of federal rights, would it deter a defendant and

15  others like defendant from doing similar things in the future

16  or both.  Thus, you may consider whether to award punitive

17  damages to punish defendant.  You should also consider whether

18  actual damages standing alone are sufficient to deter or

19  prevent defendant from, again, performing any wrongful acts it

20  may have performed.  Finally, you should consider whether an

21  award of punitive damages in this case is likely to deter

22  others from performing wrongful acts similar to those

23  defendant may have committed.

24        If you decide to award punitive damages, then you

25  should also consider the purposes of punitive damages in

1  deciding the amount of punitive damages to award; that is, in

2  deciding the amount of punitive damages, you should consider

3  the degree to which defendant should be punished for its

4  wrongful conduct and the degree to which an award of one sum

5  or another will deter defendant or others from committing

6  similar wrongful acts in the future.

7          The extent to which a particular amount of money will

8  adequately punish a defendant and the extent to which a

9  particular amount will adequately deter or prevent future

10 misconduct may depend upon defendant's financial resources.

11 Therefore, if you find that punitive damages should be awarded

12 against defendant, you may consider the financial resources of

13 defendant in affixing the amount of those damages.

14         I will now instruct you on the elements of a

15 discrimination claim under the New Jersey Law Against

16 Discrimination.

17         Plaintiff claims that defendant unlawfully

18 discriminated against her by terminating plaintiff's

19 employment because of plaintiff's race.  Defendant denies

20 these allegations and instead maintains that it terminated

21 plaintiff because of her performance.  If defendant did, in

22 fact, terminate plaintiff because of her race, that would be

23 unlawful under the New Jersey Law Against Discrimination.

24         It is plaintiff's burden to prove that it is more

25 likely than not that defendant engaged in intentional

 1   discrimination because of plaintiff's race.  That is the

 2   ultimate issue you must decide:  Did defendant terminate

 3   plaintiff because plaintiff's -- because of her race?

 4   Plaintiff may do this directly, by proving that a

 5   discriminatory reason -- by proving a discriminatory reason

 6   more likely than not motivated defendant's action, or

 7   indirectly, by proving that defendant's stated reason for its

 8   action is not the real reason for its action.

 9          You may find that defendant had more than one reason

10   or motivation for its actions.  For example, you may find that

11   defendant was motivated both by plaintiff's race and by other

12   nondiscriminatory factors such as plaintiff's job performance.

13   To prevail, plaintiff is not required to prove that

14   plaintiff's race was the only reason or motivation for

15   defendant's actions; rather, plaintiff must prove -- only

16   prove that plaintiff's race played a role in their decision

17   and that it made an actual difference in defendant's decision.

18          If you find that plaintiff's race did make an actual

19   difference in defendant's decision, then you must enter

20   judgment for plaintiff.  If, however, you find that defendant

21   would have made the same decision regardless of plaintiff's

22   race, then you may enter a judgment for defendant.

23          Because direct proof of intentional discrimination is

24   often not available, plaintiff is allowed to prove

25   discrimination by circumstantial evidence.  In this regard,

851

 1  you are to evaluate all of the indirect evidence of

 2  discrimination that you find was presented during the trial.

 3  In particular, you should consider whether the explanation

 4  given by defendant for plaintiff's actions was the real reason

 5  for its actions.

 6        If you do not believe the reason given by defendant

 7  is the real reason defendant terminated plaintiff, you may,

 8  but are not required, to find that plaintiff has proven her

 9  case of discrimination.  You are permitted to do so because if

10  you find defendant has not told the truth about why it acted,

11  you may conclude that it is hiding the discrimination;

12  however, while you are permitted to find discrimination based

13  upon your disbelief of defendant's stated reasons, you are not

14  required to do so.  This is because you may conclude that

15  defendant's stated reason is not the real reason but that the

16  real reason is something other than illegal discrimination.

17        Let me give you an example of what I am talking

18  about.  Assume that an employee claims plaintiff was

19  discharged because of plaintiff's age, and the employer's

20  claim, plaintiff was discharged because of excessive

21  absenteeism.  If you were to conclude that the employer's

22  explanation is false and that it did not really discharge the

23  employee because of excessive absenteeism, you would be

24  permitted to find that the real reason was because of the

25  employee's age.  However, you would not be required to find

1   that the real reason was because of the employee's age,

2   because you might find that the real reason had nothing to do

3   with the -- with illegal discrimination.  For example, you

4   might find that the real reason was because the employer

5   simply did not like the employee.

6          Plaintiff at all times bears the ultimate burden of

7   convincing you that it is more likely than not that defendant

8   engaged in the intentional discrimination.  To decide whether

9   plaintiff has proven intentional discrimination, you should

10  consider all of the evidence presented by the parties using

11  the guidelines I gave you in the beginning of my instructions

12  regarding evaluating evidence generally, such as weighing the

13  credibility of witnesses.  Keep in mind that in reaching your

14  determination of whether defendant engaged in intentional

15  discrimination, you are instructed that defendant's actions

16  and business practices need not be fair, wise, reasonable,

17  moral or even right, so long as plaintiff's race was a

18  motivating factor for the termination.

19         I remind you that the ultimate issue you must decide

20  is whether defendant engaged in illegal race discrimination by

21  terminating plaintiff, and then plaintiff has the burden to

22  prove that the discrimination occurred.

23         I'm now going to instruct you on how compensatory

24  damages are considered -- are to be considered by you as they

25  apply to the New Jersey Law Against Discrimination.

```
 1          If you find for the plaintiff, she is entitled to
 2   recover fair and reasonable money damages for the full extent
 3   of harm caused, no more and no less.
 4          A plaintiff who is awarded a verdict is entitled to
 5   fair and reasonable compensation for any emotional distress
 6   she has suffered that was the proximate result of defendant's
 7   unlawful conduct.
 8          Plaintiff is not seeking damages for emotional
 9   distress continuing into the future; rather, she is only
10   seeking damages for the emotional distress she has suffered
11   from the date of defendant's unlawful conduct through the date
12   of your verdict.  Emotional distress includes embarrassment,
13   humiliation, indignity and other mental anguish.
14          The measure of damages is what a reasonable person
15   would consider to be adequate and just under all the
16   circumstances of the case to compensate plaintiff for her
17   emotional distress.
18          You should consider the nature, character and
19   seriousness of any emotional distress.  You must also consider
20   the duration of the emotional distress as any award you make
21   must cover the damages suffered by plaintiff to the present
22   time.
23          Plaintiff has the burden of proving her damages
24   through credible, competent evidence, although she does not
25   have to offer any witnesses to corroborate her emotional
```

 1   distress.  Distress need not be permanent.  Physical or

 2   psychological symptoms are not be necessary, and plaintiff

 3   need not have obtained any type of professional treatment.

 4   Plaintiff's testimony standing alone is enough to support an

 5   award of emotional distress damages.  On the other hand, you

 6   are free to disbelieve all or part of plaintiff's testimony,

 7   and if you do, you should act accordingly by either reducing

 8   the amount of damages you award for emotional distress or by

 9   not awarding any emotional distress damages at all.

10          The law does not provide you with any table, schedule

11   or formula by which a person's emotional distress may be

12   measured in terms of money.  The amount is left to your sound

13   discretion.  You are to use your discretion to attempt to make

14   plaintiff whole so far as money can do so, based upon reason

15   and sound judgment, without any passion, prejudice, bias or

16   sympathy.  You each know from your common experience the

17   nature of emotional distress, and you also know the nature and

18   function of money.  The task of equating the two so as to

19   arrive at a fair and reasonable award of damages requires a

20   high order of human judgment.  For this reason, the law can

21   provide no better yardstick for your guidance than your own

22   impartial judgment and experience.

23          You are to exercise sound judgment as to what is

24   fair, just and reasonable under all the circumstances.  You

25   should consider all of the evidence presented by the parties

 1   on the subject of plaintiff's emotional distress.

 2         After considering the evidence, you should award a

 3   lump sum of money that will fairly and reasonably compensate

 4   plaintiff for any emotional distress you find she has proven.

 5         You will also consider the issue of punitive damages

 6   as they apply to New Jersey Law Against Discrimination.

 7         Specifically, you must first decide whether to award

 8   punitive damages against defendant, and if you decide to do

 9   so, what amount should be awarded.

10         The intent of punitive damages.  You may award

11   punitive damages to plaintiff only if you find that she has

12   proved certain additional matters.

13         The purposes of punitive damages are different from

14   the purposes of compensatory damages.

15         Compensatory damages are intended to compensate

16   plaintiff for its actual injury or loss.  I'm sorry, wait.

17   Let me just restate that.

18         Compensatory damages are intended to compensate

19   plaintiff for the actual injury or loss she suffered as a

20   result of defendant's discriminatory conduct.  In contrast,

21   punitive damages are intended to punish a wrongdoer and to

22   deter the wrongdoer from similar wrongful conduct in the

23   future.

24         Punitive damages are designed to require the

25   wrongdoer to pay an amount of money that is sufficient to

1    punish the defendant for a particular conduct and to deter

2    that party from future discriminatory conduct.

3         Punitive damages are not to be awarded as a routine

4    matter in every case.  They are to be awarded only in

5    exceptional cases, to punish a party who has acted in an

6    especially egregious or outrageous manner and to discourage

7    the party from engaging in similar discriminatory conduct in

8    the future.  Therefore, plaintiff is not entitled to punitive

9    damages simply because you have found that defendant acted --

10   I'm sorry, that defendant engaged in a specific conduct or

11   because you have awarded damages to compensate plaintiff for

12   her injury.

13        You may award punitive damages to plaintiff only if

14   you find that she has proved certain additional matters.

15        To support an award of punitive damages here, you

16   must find that plaintiff has proved by clear and convincing

17   evidence that the injury, loss or harm suffered by her was the

18   result of defendant's acts or omissions and that defendant

19   acted in wanton and willful disregard of plaintiff's rights.

20        Willful or wanton conduct is a deliberate act or

21   omission with knowledge of a high degree of probability of

22   harm to another who foreseeably might be harmed by that act or

23   omission in reckless -- and reckless indifference to the

24   consequences of the act or omission.

25        Now, the standard of "clear and convincing

 1   evidence" -- and again, this is under the New Jersey statute.

 2   It's a clear and convincing evidence standard for punitive

 3   damages.

 4          The standard of clear and convincing evidence which I

 5   mentioned above means evidence which leaves no serious or

 6   substantial doubt about the correctness of the conclusions

 7   drawn from the evidence.  This is different and less than

 8   proof beyond a reasonable doubt.  This is also different and

 9   more than the preponderance of evidence to support an award of

10   punitive damages.

11          In determining whether to award punitive damages,

12   consider all relevant evidence, including but not limited to

13   the following:  The likelihood, at a relevant time, that

14   serious harm would arise from defendant's conduct; two,

15   defendant's awareness or reckless disregard of the likelihood

16   that such serious harm would arise from its conduct; three,

17   the conduct of defendant upon learning that its initial

18   conduct would likely cause more harm; and, four, the duration

19   of the conduct or any concealment of that conduct by

20   defendant.

21          You must first decide whether an award of punitive

22   damages is justified against defendant in this case.  To award

23   punitive damages against it, you must find that both of the

24   following factors are present:

25          First, you must find that discrimination was

1  especially egregious.  If you do not find that

2  discrimination was especially egregious, then you must not

3  award punitive damages.

4         In a moment, I will define especially egregious

5  behavior.

6         Second, if you do find that the discrimination was

7  especially egregious, you must then also find that at least

8  one of defendant's upper management employees actually

9  participated in or was willfully indifferent to the wrongful

10  conduct.

11        You cannot award punitive damages against defendant

12  unless there was some involvement by a member of its upper

13  management.

14        Especially egregious conduct is conduct that was done

15  with a willful and wanton disregard of the rights of

16  plaintiff.

17        Willful and wanton disregard of the rights of the

18  plaintiff means that an upper management employee deliberately

19  acted with knowledge of a high degree of probability of harm

20  to plaintiff and reckless indifference to the consequences of

21  that act.

22        In making your determination as to whether the

23  discriminatory conduct of an upper management employee was

24  especially egregious or outrageous, you must consider all the

25  evidence surrounding the wrongful conduct, including the

1  likely -- one, the likelihood that serious harm would arise

2  from the discrimination; two, an upper management employee's

3  awareness or reckless disregard of the likelihood that serious

4  harm would arise; three, an upper management employee's

5  conduct after learning that their initial conduct would likely

6  cause harm; and four, the duration of the wrongful conduct and

7  any concealment of that conduct by an upper management

8  employee.

9         You may not award punitive damages based solely on a

10  finding of negligence or even gross negligence by an upper

11  management employee.  You may not award punitive damages

12  solely because you have determined that discrimination

13  occurred.  Rather, as I have said, punitive damages are to be

14  awarded only in those exceptional cases where the

15  discrimination was especially egregious or outrageous.

16         The second factor that you must consider that you

17  must find -- again, the second factor that you must find is

18  that at least one of defendant's upper management employees

19  was involved with the discrimination.

20         In a moment I will define the kind of involvement

21  that you must find occurred.  As an initial matter, though,

22  you must decide whether certain of defendant's employees were

23  part of its upper management.

24         To decide whether employees of defendant were part of

25  its upper management, you must consider this:  The purpose of

1   defining upper management is to give employers the incentive

2   to provide voluntary compliance programs and to insist on the

3   effective enforcement of its programs.  The employees who

4   acted wrongfully must have had sufficient authority to make

5   the imposition of punitive damages fair and reasonable.

6          Clearly, upper management includes a corporation's

7   board of directors and its highest level executive officers.

8   Upper management will also include those employees responsible

9   to formulate the corporation's antidiscrimination policies,

10  provide compliance programs and insist on performance of such

11  programs and those employees to whom a corporation has

12  delegated responsibility to execute its policies in the

13  workplace, set the atmosphere or control the day-to-day

14  operations of the unit.  This group may include heads of

15  departments, regional managers or compliance officers.

16         Not all managerial employees, however, constitute

17  upper level management.  To decide which employees below the

18  highest levels of management are included in upper management,

19  you must analyze, weigh and consider all of the surrounding

20  facts and circumstances.

21         For an employee on the second tier of management to

22  be considered a member of upper management, the employee

23  should have either, one broad supervisory powers over the

24  involved employees, including the power to hire, fire, promote

25  and discipline; or, two, the delegated responsibility to

1    execute the employer's policies to ensure a safe, productive

2    and discrimination-free workplace.

3         If you decide that some of the employees identified

4    as -- by plaintiff as acting wrongfully were part of upper

5    management of defendant, you cannot -- you cannot award -- let

6    me just restate that.

7         If you decide that none of the employees identified

8    by plaintiff as acting wrongfully were part of upper

9    management of defendant, you cannot award punitive damages.

10        If you decide that the employees identified by

11   plaintiff are part of the upper management of defendant, you

12   must then consider whether any of those upper management

13   employees actually participated in or were willfully

14   indifferent to the discrimination that occurred.

15        To find that upper management actually participated

16   in wrongful conduct, you must find that upper management

17   employees not only knew about the wrongful conduct but also

18   engaged in affirmative acts that accomplished that wrongful

19   conduct.

20        To find willful indifference to wrongful conduct on

21   the part of upper management, you must find that upper

22   management employees knew about the wrongful conduct but chose

23   to disregard or ignore it rather than to stop it.

24        In other words, you cannot award punitive damages

25   against defendant simply because upper management employees

 1   may have been negligent in failing to learn of or reasonably

 2   respond to the discrimination.  You must instead find that

 3   upper management employee or employees actually knew about

 4   those allegations and consciously chose to ignore them.

 5         In summary, to award punitive damages against

 6   defendants, you must find by clear and convincing evidence

 7   both that an upper management employee engaged in especially

 8   egregious conduct and that an upper management employee of

 9   defendant either actively participated in the wrongful conduct

10   or was willfully indifferent to it.

11         If you find that plaintiff has proved that defendant

12   has engaged in the type of wrongdoing that justifies awarding

13   punitive damages, you must then decide the amount of punitive

14   damages to award.  That amount must be based on your sound

15   judgment as to what is fair and reasonable under all the

16   circumstances.  As I stated earlier, punitive damages are not

17   to be awarded to compensate plaintiff for injuries but to

18   punish defendant and to deter defendant from similar wrongful

19   conduct in the future.

20         There is no schedule or formula to calculate the

21   amount of punitive damages.  The amount of your award of

22   punitive damages must bear some reasonable relationship to the

23   actual injury inflicted and the cause of the injury.  You must

24   use your sound discretion in deciding this issue.

25         In exercising your discretion, you must consider all

```
 1   relevant evidence surrounding the wrongful conduct, including:
 2   One, the likelihood at the relevant time that serious harm
 3   would arise from the conduct; two, defendant's awareness or
 4   reckless disregard of the likelihood that such serious harm
 5   would arise from the conduct; three, the conduct of defendant
 6   upon learning that its initial conduct would likely cause
 7   harm; four, the duration of the conduct or any concealment of
 8   it by defendant; five, the profitability, if any, of the
 9   discriminatory or harassing conduct to defendant; six, when
10   the discriminatory conduct was terminated; and, seven,
11   defendant's financial condition and ability to pay the
12   punitive damage award.
13         In addition, you may also consider:  The nature of
14   the wrongful conduct; the extent of harm inflicted; the intent
15   of defendant; whether defendant had adequate policies,
16   procedures, training or monitoring measures designed to
17   prevent discrimination; and whether defendant took sufficient
18   steps after learning of the wrongful conduct to investigate
19   and address the wrongful conduct; and any other mitigating or
20   aggravating circumstances that you believe should reduce or
21   increase the amount of the damages award.
22         After considering all of these factors, you must
23   decide whether punitive damages should be awarded in this
24   case, and if you decide to award punitive damages, what the
25   proper amount should be.
```

1          Lastly, I will instruct you on nominal damages.  If

2   you return a verdict for plaintiff but plaintiff has failed to

3   prove actual injury and therefore is not entitled to

4   compensatory damages, then you must award nominal damages of

5   $1.

6          A person whose federal rights were violated is

7   entitled to recognition of that violation even if she suffered

8   no actual injury.  Nominal damages of $1 are designed to

9   acknowledge the deprivation of a federal right even where no

10  actual injury occurred.

11         However if you find an actual injury, you must award

12  compensatory damages, as I have instructed you, rather than

13  nominal damages.

14         When you retire to consider your verdict, your

15  verdict must be unanimous; that is, all jurors must agree.

16         In reaching your verdict, you must determine the

17  facts from all of the testimony you've heard and from the

18  other evidence received during the trial.  You are the sole

19  and exclusive judge of the facts.  Neither I nor anyone else

20  may infringe upon your responsibility in that area.  You must,

21  however, accept the rules of law as I have given them to you,

22  whether you agree with them or not, and apply the law as I

23  have stated it to the facts that you find.

24         Upon retiring to the jury room, you will select one

25  of your number to act as your foreperson.  The foreperson will

1  preside over your deliberations and will be your spokesperson

2  here in court.

3        A verdict form has been prepared for you, and I will

4  send out with the jury nine copies of the verdict form:  one

5  for each of you, and the ninth one will be the -- should be

6  signed and dated by the foreperson, and that will be the

7  official verdict form in the case.

8        Again, the verdict form has been put together for

9  you.  There are different things you have to consider that are

10  set forth on the verdict form as instructed -- as set forth in

11  my jury instruction, but this is in effect the roadmap that

12  you follow.  It's on the verdict form.  For your convenience,

13  again, you will each have a copy of the verdict sheet.  You

14  will take the verdict form to the jury room, and when you have

15  reached unanimous agreement as to your verdict, you will have

16  your foreperson sign and complete each -- the form and then

17  return with your verdict to the courtroom.

18        None of you should attempt to communicate with me by

19  any other means than a note -- a note signed by the

20  foreperson.  I will not communicate with you on any subject

21  touching the merits of the case other than in writing or

22  orally here in open court.  Any writing from me to you or you

23  to me will be shared with counsel.  At no time during your

24  deliberations should you reveal even to me how you may stand

25  numerically on any question before you.

 1          I have been charging you on the law that you must

 2     apply after you have considered what the facts are in this

 3     case.  Nothing I have said in my charge should be taken by you

 4     to indicate in any way what I believe the verdict should be.

 5     I have been telling you what the law of the case is.  It is

 6     for you, the jury, to return your own verdict following the

 7     law as I have given it to you.

 8          You have been chosen and sworn as jurors in this case

 9     to try the issues of fact.  When you retire to the jury room,

10     your functions will be to weigh the evidence in the case and

11     reach a verdict solely on the basis of the evidence.  Each

12     juror is entitled to his or her own opinion.  Each should,

13     however, exchange views with his or her fellow jurors.  That

14     is the very purpose of jury deliberation:  to discuss and to

15     consider the evidence, to listen to the arguments of fellow

16     jurors, to present your individual views, to consult with one

17     another, and to reach an agreement based solely and wholly on

18     the evidence if you can do so without violence to your own

19     judgment.

20          Each of you must decide the case for yourself, after

21     consideration with your fellow jurors, on the evidence of the

22     case.  But you should not hesitate to change an opinion you

23     made which, after discussion with your fellow jurors, appears

24     erroneous.  But, if after carefully considering all the

25     evidence and arguments of your fellow jurors, you entertain

1   the conscientious view that differs from others, you are not

2   to yield your convictions simply because you're outnumbered.

3   Your final vote must reflect your conscientious conviction as

4   to how the issues should be decided.

5          Again, your verdict must be unanimous.  And it is

6   necessary that each juror agree with the verdict.

7          Members of the jury, that concludes my instructions

8   on the law.

9          I just want to have one conference with counsel at

10  sidebar, and after I do so, you can go back to the jury room

11  with your -- to begin your deliberations.

12         I will send out one copy of my jury instructions for

13  you to have during your deliberations.  So you will have that

14  and obviously the nine copies of the verdict form.

15         So let me just see counsel at sidebar.

16         (At sidebar.)

17         THE COURT:  Are there any objections, additions,

18  deletions, changes to the jury charge?

19         MR. HARRIS:  Nothing from the defendant.

20         MS. MATTIACCI:  Nothing from the plaintiff, Your

21  Honor.

22         THE COURT:  Nothing from either side.  Okay.

23         (End of sidebar.)

24         THE COURT:  All right.  With that, members of the

25  jury, I'll ask you to go to the jury room now and begin your

 1  deliberations.

 2          And we'll send out the exhibit book also?

 3          MS. MATTIACCI:  We do have a book, Your Honor.

 4          THE COURT:  Yes.  Okay.

 5          All right.  We'll stand in recess.

 6          (Jury out.)

 7          THE COURT:  Counsel, just leave your phone numbers or

 8  wherever you're going to be with Mr. Higgins, but I suggest,

 9  based on my experience, sometimes juries have a quick question

10  or two, so you might want to just be around the courtroom.

11          MS. MATTIACCI:  Okay.

12          THE COURT:  All right.  But I'm not requiring you to

13  stay here as long as you can get back to court in a reasonable

14  period of time.  All right?

15          MS. MATTIACCI:  I just had one question, Your Honor.

16          In terms of the economic loss, back pay and front

17  pay, in the event the jury does come back with liability, do

18  you want us to be prepared to put on evidence today or

19  tomorrow, or is that something that Your Honor would handle at

20  a later time?

21          THE COURT:  It's something I'll handle in the future.

22  If front pay and back pay becomes an issue in the case, I

23  would like the parties to confer first and see whether or not

24  there's any agreement on it.  I don't know.

25          MS. MATTIACCI:  Okay.

```
 1              THE COURT:  If not, then we'll have a hearing.  All
 2   right?
 3              MS. MATTIACCI:  Thank you, Your Honor.
 4              THE COURT:  But we're not going to do that after the
 5   verdict.
 6              MS. MATTIACCI:  Okay.  Thank you.
 7              THE COURT:  All right.  We'll stand in recess.
 8              (Recess at 10:43 a.m. until 11:12 a.m.)
 9              THE COURT:  On the record.
10              We have a question from the jury.  It's signed by the
11   foreperson, who is John Iadanza, Juror Number 6, I believe --
12   I mean, 8, Juror Number 8, John Iadanza.
13              We found an error on the verdict form, Section II,
14   question 3, "Do you find the defendant," in quotes.  We
15   believe this should state plaintiff.
16              And they're obviously correct, so what I would
17   propose is I just bring the jury back in, and I tell them that
18   they are correct, and that the foreperson just put a line
19   through the word "defendant" and write the word "plaintiff"
20   above it and initial -- put initials next to it.
21              Would that be satisfactory or --
22              MR. HARRIS:  It is, Your Honor.
23              MS. MATTIACCI:  Yes, that's fine, Your Honor.
24              THE COURT:  All right.  Let's bring in the jury,
25   Mr. Higgins.
```

*United States District Court*

```
 1              Where's Mr. Higgins?

 2              (Jury in.)

 3              THE COURT:  Please be seated.

 4              Members of the jury, I have a note that was sent to

 5    me, and I've shared with counsel, signed by Mr. John Iadanza,

 6    Juror Number 8, who is the foreperson.

 7              We found an error on the verdict form, Section II,

 8    question 3, "Do you find that defendant" -- that's in quotes.

 9    We believe this should say plaintiff.

10              And you are absolutely correct.  We thank you for

11    picking that up.

12              And I've conferred with counsel, and we propose as a

13    solution that the foreperson, Mr. Iadanza, just neatly put a

14    line through "plaintiff" -- through "defendant" and write

15    "plaintiff" right above it, and put your initials next to the

16    word "plaintiff."  Okay?

17              And you can make that change just on the official

18    verdict form, the one verdict form with your verdict.

19              So with that, I'll ask you to go back and continue

20    your deliberations.

21              (Jury out.)

22              THE COURT:  And the question will be made part of the

23    record.

24              MS. MATTIACCI:  Thank you, Your Honor.

25              THE COURT:  We'll stand in recess.
```

```
 1              (Recess at 11:16 a.m. until 3:22 p.m.)
 2              THE COURT:  Counsel, we have a note from the jury.
 3    We have reached a verdict.
 4              Let's bring the jury in.
 5              (Jury in.)
 6              THE COURT:  Please be seated.
 7              Members of the jury, I have a note from you that I've
 8    shared with counsel.
 9              The note reads:  We have reached a verdict.
10              Would the foreperson please stand.
11              THE FOREPERSON:  I am, sir.
12              THE COURT:  This is John Iadanza.
13              Has the jury reached a verdict?
14              THE FOREPERSON:  Yes, it has.
15              THE COURT:  Is the verdict unanimous?
16              THE FOREPERSON:  Yes.
17              THE COURT:  All right.  May I see the slip?
18              All right.  I'll return the verdict slip to the
19    courtroom deputy, and I'll ask the courtroom deputy to take
20    the verdict.
21              THE DEPUTY CLERK:  In the United States District
22    Court for the District of New Jersey, in the matter of Shannon
23    Phillips, Plaintiff, v. Starbucks Corporation, Defendant,
24    Civil Action Number 19-19432, Jury Verdict Form.
25              I.  Race Discrimination (federal claim):
```

```
 1              Question 1.  Do you find that plaintiff has proven by
 2    a preponderance of the evidence under Title VII that her race
 3    was a determinative factor in defendant's decision to
 4    terminate her?
 5              THE FOREPERSON:  Yes.
 6              THE DEPUTY CLERK:  If you answered "Yes" to
 7    Question 1, please skip to Question 3.
 8              II.  Race Discrimination (federal claim):
 9              Question 3.  Do you find that plaintiff has proven by
10    a preponderance of the evidence under Section 1981 that her
11    race was a determinative factor in defendant's decision to
12    terminate her?
13              THE FOREPERSON:  Yes.
14              THE DEPUTY CLERK:  Alternatives:
15              If you answered "Yes" to Question 1 or Question 2,
16    and "Yes" to Question 3, please proceed to Question 4.
17              Question 4 -- I beg your pardon.
18              III.  Damages Under Title VII and Section 1981.
19              Question 4.  Has plaintiff proven by a preponderance
20    of the evidence that she suffered compensatory damages for
21    race discrimination as noted by a "Yes" response to questions
22    1, 2, or 3?
23              THE FOREPERSON:  Yes.
24              THE DEPUTY CLERK:  If you answered "Yes" to
25    Question 4, please proceed to Question 5 and provide the
```

 1   amount of compensatory damages that you award for race

 2   discrimination.

 3          Compensatory damages:

 4          Question 5.  What amount of money do you award

 5   plaintiff as compensatory damages for violation of her

 6   federally protected right not to be discriminated against in

 7   employment on account of her race?

 8          THE FOREPERSON:  $300,000.

 9          THE DEPUTY CLERK:  Please proceed to the next

10   question.

11          Punitive damages:

12          Question 6.  Do you find that plaintiff has proven by

13   a preponderance of the evidence that when defendant terminated

14   plaintiff, it did so with reckless indifference to plaintiff's

15   federally protected right not to be discriminated against in

16   employment on account of her race?

17          THE FOREPERSON:  Yes.

18          THE DEPUTY CLERK:  If you answered "Yes" to

19   Question 6, please proceed to Question 7.

20          What amount of money do you award plaintiff as

21   punitive damages for violation of her federally protected

22   right not to be discriminated against in employment on account

23   of her race?

24          THE FOREPERSON:  $12,500,000.

25          THE DEPUTY CLERK:  Please proceed to Question 8.

1          IV.  Race discrimination (New Jersey Law Against

2     Discrimination):

3          Question Number 8.  Do you find that plaintiff has

4     proven by a preponderance of the evidence that defendant

5     violated the New Jersey Law Against Discrimination when it

6     terminated plaintiff?

7          THE FOREPERSON:  Yes.

8          THE DEPUTY CLERK:  If you answered "Yes" to

9     Question 8, please proceed to Question 9.

10          V.  Damages under New Jersey Law Against

11     Discrimination:

12          Question 9.  Has plaintiff proven by a preponderance

13     of the evidence that she suffered compensatory damages for

14     race discrimination as noted by the "Yes" response to

15     Question 8?

16          THE FOREPERSON:  Yes.

17          THE DEPUTY CLERK:  If you answered "Yes" to

18     Question 9, please proceed to Question 10 and provide the

19     amount of compensatory damages that you award for race

20     discrimination.

21          Question 10.  What amount of money do you award

22     plaintiff as compensatory damages for violation of plaintiff's

23     state-protected right not to be discriminated against in

24     employment on account of her race?

25          THE FOREPERSON:  $300,000.

```
 1              THE DEPUTY CLERK:  Please proceed to the next

 2    question.

 3              Question 11.  Do you find that the plaintiff -- that

 4    plaintiff has proven by clear and convincing evidence that at

 5    least one member of defendant's upper management employees

 6    acted in wanton and willful disregard of plaintiff's right not

 7    to be discriminated against in employment on account of her

 8    race?

 9              THE FOREPERSON:  Yes.

10              THE DEPUTY CLERK:  If you answered "Yes" to

11    Question 11, please proceed to Question 12.

12              Question 12.  What amount of money do you award

13    plaintiff as punitive damages for violation of her

14    state-protected right not to be discriminated against in

15    employment on account of her race?

16              THE FOREPERSON:  $12,500,000.

17              THE DEPUTY CLERK:  Very well.

18              THE COURT:  All right.  You may be seated.

19              Request to have the jury polled?

20              MR. HARRIS:  Yes, Your Honor.  Please.

21              THE COURT:  All right.  Please poll the jury.

22              THE DEPUTY CLERK:  Juror Number 1, do you agree with

23    the verdict as it's been stated by the foreperson?

24              JUROR NUMBER 1:  Yes.

25              THE DEPUTY CLERK:  Juror Number 2, do you agree with
```

1    the verdict as it's been stated by the foreperson?

2              JUROR NUMBER 2:  Yes.

3              THE DEPUTY CLERK:  Jury Number 3, do you agree with

4    the verdict as it's been stated by the foreperson?

5              JUROR NUMBER 3:  Yes.

6              THE DEPUTY CLERK:  Juror Number 4, do you agree with

7    the verdict as it's been stated by the foreperson?

8              JUROR NUMBER 4:  Yes, I do.

9              THE DEPUTY CLERK:  Jury Number 5, do you agree with

10   the verdict as it's been stated by the foreperson?

11             JUROR NUMBER 5:  Yes.

12             THE DEPUTY CLERK:  Juror Number 6, do you agree with

13   the verdict as it's been stated by the foreperson?

14             JUROR NUMBER 6:  Yes, sir.

15             THE DEPUTY CLERK:  Juror Number 7, do you agree with

16   the verdict as it's been stated by the foreperson?

17             JUROR NUMBER 7:  Yes.

18             THE DEPUTY CLERK:  And, Juror Number 8, do you agree

19   with the verdict as it's been stated by the foreperson?

20             THE FOREPERSON:  Yes.

21             THE DEPUTY CLERK:  Very well.

22             THE COURT:  All right.  I'll order that the Jury

23   Verdict Form be signed.

24             Members of the jury, that concludes your service, and

25   I want to thank you for your participation in this case, not

1   only on behalf of myself but on behalf of all the judges that

2   sit in the United States District Court for the District of

3   New Jersey.  We thank you for participating in this most

4   important public service.

5           At this point, I would ask you just to go back to the

6   jury room and wait for some further instructions from me.  It

7   will not be long.

8           Thank you.

9           (Jury out.)

10          THE COURT:  Please be seated.

11          Counsel, the issue that remains is the front pay and

12  back pay, and I think there might be some other matters that

13  have to be resolved in this case.  But perhaps counsel can at

14  this point, now that you have a jury verdict, confer and see

15  whether or not you can't come to some agreement on some

16  matters.  All right?

17          MR. HARRIS:  Yes, sir.

18          THE COURT:  All right.  So is there anything else

19  anyone wants to put on the record at this point?

20          MS. MATTIACCI:  No, Your Honor.  Thank you.

21          MR. HARRIS:  I have nothing at this point.

22          THE COURT:  All right.  I want to thank both counsel

23  for their efforts in this case.  When counsel acts in the best

24  interests of their client and makes a professional

25  presentation, it certainly advances the cause of justice, and

1    we saw that from all concerned in this case.

2            So with that, we'll stand in recess now.

3            I always go back and thank the jury personally for

4    their service, and I'll do so now.

5            All right.  We'll stand in recess.

6            (Proceedings concluded at 3:34 p.m.)

7                            -  -  -

8            I certify that the foregoing is a correct transcript

9    from the record of proceedings in the above-entitled matter.

10

11   */S/ Ann Marie Mitchell*          *12th day of June, 2023*

12   *Court Reporter/Transcriber     Date*

13

14

15

16

17

18

19

20

21

22

23

24

25

*United States District Court*