UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STARBUCKS CORPORATION d/b/a<br>STARBUCKS COFFEE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 1:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J.<br><br>ORAL ARGUMENT REQUESTED<br><br>**FILED VIA ECF** |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION
TO VACATE OR AMEND JUDGMENT TO AVOID DUPLICATE DAMAGES**

　　　　　　　　　　　　　　　　　　Richard R. Harris (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Tara Param (NJ Bar ID: 394042023)
　　　　　　　　　　　　　　　　　　Kathleen Princivalle (NJ Bar ID 397722022)
　　　　　　　　　　　　　　　　　　**HOLLAND & KNIGHT**
　　　　　　　　　　　　　　　　　　2929 Arch Street, Suite 800
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19104
　　　　　　　　　　　　　　　　　　Phone 215.252.9594
　　　　　　　　　　　　　　　　　　Fax 215.867.6070
　　　　　　　　　　　　　　　　　　Mobile 917.309.5752
　　　　　　　　　　　　　　　　　　richard.harris@hklaw.com
　　　　　　　　　　　　　　　　　　tara.param@hklaw.com
　　　　　　　　　　　　　　　　　　kathleen.princivalle@hklaw.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant,*
　　　　　　　　　　　　　　　　　　*Starbucks Corporation d/b/a Starbucks*
　　　　　　　　　　　　　　　　　　*Coffee Company*

Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), by and through its attorneys, hereby moves, pursuant to Fed. R. Civ. P. 59, to vacate or amend the judgment to eliminate the duplicative compensatory and punitive damages awards.

## I. MS. PHILLIPS OFFERS THE SAME PROOF FOR HER FEDERAL AND STATE LAW CLAIMS

The jury impermissibly awarded Ms. Phillips double damages by allowing her to recover damages for the same alleged conduct on both her Federal and State law claims. Her claims under Federal and State law were identical in all material respects – arising from the same facts and alleged conduct and seeking the same remedies. Therefore, at a minimum and under well-settled law prohibiting duplicative recovery, her damages award should be halved.

## II. ARGUMENT

Ms. Phillips impermissibly received double damages by recovering twice on both her state and federal law claims. Plaintiffs are not permitted to receive "double damages", and as such, the Court must adjust the damages accordingly. *See Fineman v. Armstrong World Industries, Inc.,* 980 F.2d 171, 218 (3d Cir. 1992); *Hailey v. City of Camden*, 650 F. Supp. 2d 349, 357 (D.N.J. 2009) (applying to anti-discrimination laws). The present judgment allows Ms. Phillips to recover twice for the same purported damages – $300,000 in compensatory damages under her Federal law claims and $300,000 under her identical State law claims, as well as $12,500,000 in punitive damages under her Federal law claims and $12,500,000 for her identical State law claims. As such, at a minimum, this Court should amend the judgment to allow Ms. Phillips to recover only one half of the duplicative damages.

It is a well-settled legal principle that a plaintiff cannot recover twice for the same injury. According to the Third Circuit, "a plaintiff whose case concerns a single course of conduct . . . and a single injury . . . [may not] recover those profits twice or thrice over for each legal theory

advanced in favor of liability." *Fineman*, 980 F.2d at 218.. "This well-established principle applies equally to civil rights litigation where a plaintiff maintains that identical misconduct violated similar federal and state anti-discrimination law." *Hailey*, 650 F. Supp. 2d at 357 ("it goes without saying that the courts can and should preclude double recovery by an individual.") (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002)); *see, e.g.*, *Bogan v. City of Boston*, 489 F.3d 417, 425–26 (1st Cir. 2007) ("[I]f a § 1983 claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery."); *Anderson v. Group Hospitalization, Inc.*, 820 F.2d 465, 473 (D.C. Cir. 1987) (finding that compensatory damages awarded under both Section 1981 and Title VII for the same time period constitutes impermissible double recovery); *Mason v. Oklahoma Tpk. Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1997), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011) (finding the rule against duplicative damages applies to punitive damages as well) (citing cases including *Fineman*, 980 F.2d at 218).

For example, in *Hailey v. City of Camden*, the District of New Jersey held that awarding plaintiffs compensatory damages under the New Jersey Law Against Discrimination ("NJLAD") and 42 U.S.C. §1981 ("Section 1981") and §1983 would constitute double recovery because the claims "arise from the same facts and the same injuries and seek the same remedy—lost wages and all other losses caused by the hostile work environment they endured." 650 F. Supp. 2d at 357. The court held that allowing plaintiffs to recover "compensatory damages for the same injury would yield the unwarranted windfall recovery prohibited by the Supreme Court and our own circuit's jurisprudence." *Id.* Moreover, the court found plaintiffs' attempt to receive "separate and duplicative compensatory damages awards for the same injuries, [rather than] to apportion a single award of compensatory damages between [the state and federal claims]" particularly indefensible.

*Id.* at 358.

Here, for the same reasons, Ms. Phillips' award of compensatory and punitive damages under Federal and State law constituted an improper double recovery because her claims under Federal and State law were identical. Ms. Phillips sought recovery for the very same alleged conduct and injuries under Title VII, Section 1981, and NJLAD – the termination of her employment from Starbucks. Accordingly, if the Court does not grant either Starbucks' renewed motion for judgment as a matter of law or a new trial, the Court must, at a minimum, amend the judgment to eliminate the duplication in the awards. Because the jury awarded equal amounts of compensatory and punitive damages for both the Federal and State law claims, the Court must reduce the damages award in the judgment by one half.

### III. CONCLUSION

For all the foregoing reasons, Starbucks respectfully requests that the Court enter an Order amending the damages award to avoid duplicate damages.

Dated: July 13, 2023

Respectfully submitted,

*/s/ Richard R. Harris*
Richard R. Harris (*admitted pro hac vice*)
Tara Param
Kathleen M. Princivalle
**HOLLAND & KNIGHT**
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com
tara.param@hklaw.com
kathleen.princivalle@hklaw.com

*Attorneys for Defendant,
Starbucks Corporation d/b/a
Starbucks Coffee Company*

3