**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANNON PHILLIPS, <br><br> *Plaintiff*, <br><br> v. <br><br> STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, <br><br> *Defendant*. | CIVIL ACTION NO.: 2:19-cv-19432 <br><br> Hon. Joel H. Slomsky, U.S.D.J. |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO VACATE OR AMEND JUDGMENT
<u>TO AVOID DUPLICATE DAMAGES</u>**

Starbucks' Motion to cut in half the damages awarded by the jury asks this Court to assume that the jury's award of compensatory and punitive damages under federal law and the NJLAD were duplicative. Not only is Starbucks' "double damages" argument made without record support, **it is too late** and should not be considered (or if considered, rejected), and is inapplicable in any event to punitive damages. Starbucks' Motion should be denied.

**First, having failed to object to the jury instructions, agreed to the verdict sheet, and failed to ask for any sort of clarification from the jury of its intent following its verdict, Starbucks has waived and/or should be estopped from now making the argument that an ambiguous jury verdict sheet should be presumed to mean the jury awarded duplicate damages and its total damages award cut in half.** On June 8, 2023, the Court presented to each party's counsel draft jury instructions and a draft verdict sheet. Tr. at 573:20-24.[1] The Court told counsel: "This is not final – this is not embedded in stone. This is subject to revision." The jury instructions and the verdict sheet addressed separately and sequentially Ms. Phillips' claims under federal law (Title VII and Section 1981) and under the NJLAD, as well as the compensatory and punitive damages to be awarded under each. Starbucks did not object, and the jury was given these instructions on June 12, 2023 (*see* Tr. at 824:7 -861:1).

Starbucks had the opportunity to object that Ms. Phillips sought only one type of relief and the jury instructions and verdict sheet improperly permitted the jury to award compensatory damages under the federal laws and under the NJLAD. Starbucks never did.

Starbucks had the opportunity to object that it allegedly engaged in only one type of misconduct and that the jury instructions and verdict sheet improperly permitted the jury to award

---

[1] Because the entire trial transcript has already been filed by Starbucks (see ECF 165-3-9), Plaintiff does not submit it again here. The transcript is cited herein as "Tr. at [page]:[line]."

punitive damages for different misconduct addressed by the federal laws and the NJLAD. Starbucks never did.

Starbucks had the opportunity to ask the Court to instruct the jury and present them with a verdict sheet that made clear that the jury was not to award damages twice for the same injury. Starbucks never did.

Starbucks had the opportunity to ask the Court to present the jury with a verdict sheet that asked it to enter a total amount for compensatory damages and a total amount of punitive damages. Starbucks never did.

Starbucks had the opportunity to ask the jury for clarification regarding its intent when it returned its verdict and before the Court entered judgment on the verdict. Starbucks never did.

Moreover, to the extent that the jury's verdict is ambiguous – did the jury intend to award a total of $300,000 in compensatory damages and a total of $12,500,000 in punitive damages and simply repeated the amounts in the entry lines for the second claim, or did the jury intend to award a total of $600,000 in compensatory damages and a total of $25,000,000 in punitive damages and split the totals between the federal and state claims – Starbucks should be estopped from arguing that the jury improperly doubled its damages, when it effectively invited the jury to do so. *See Ponzini v. Prime Care Med., Inc.*, 269 F. Supp. 3d 444, 592-93 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds*, *Ponzini v. Prime Care Med., Inc.*, 789 F. App'x 313 (3d Cir. 2019) (finding that where parties jointly prepared verdict sheet, and no objections were made, even if there may have been potential errors, request for new trial was dismissed where requesting party "invited the very error of which he now complains"); *see also Logtale, Ltd. v. IKOR, Inc.*, (N.D. Cal. Aug. 16, 2016) ("[U]nder the 'invited error' doctrine, a party waives any ability to later challenge a jury instruction or verdict form where the party invites the error of which it later

2

complains.  A party invites error when it jointly submits or stipulates to the given instruction or verdict form."); *State v. A.R.*, 65 A.3d 818, 829 (N.J. 2013) (noting trial errors that "were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal" under the invited-error doctrine) (quotation omitted).

Certainly, and at the very least, the Court should not accept Starbuck's conclusory assertion made without any record support that the jury's award was an improper double recovery.

**Second, Starbucks has offered no record support for its assertion that the jury improperly doubled the damages totals it intended to award.**  Starbucks' Motion asks this Court to accept that the jury improperly awarded "double" damages.  To do so would require the Court to presume that the jury intended to award total compensatory damages of $300,000 and total punitive damages of $12,500,000, and then simply repeated those total numbers on the verdict sheet.  Starbucks has offered no record support for accepting that the jury intended $300,000 to be the total amount of compensatory damages and intended $12,500 to be the total  amount for the punitive damages.

The jury verdict sheet did not ask the jury to enter a total amount of compensatory damages to be awarded or a total amount of punitive damages to be awarded.  Instead, the verdict sheet asked the jury to enter a compensatory damages amount it awarded for the federal law claim and a compensatory damages amount it awarded for the NJLAD claim.  The verdict sheet asked the jury to enter a punitive damages amount it awarded for the federal law claim and a punitive damages amount it awarded for the NJLAD claim.  A jury is not prohibited from allocating a total damages award between different causes of action; [2] this jury was not instructed that it should not

---

[2] *See generally, e.g., Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995)(upholding a jury award that apportioned damages between two causes of action).

do so; and Starbucks has offered no record support for presuming that it did otherwise.

The numbers awarded more plausibly suggest that the jury found for Ms. Phillips on her federal law claim and also found for Ms. Phillips on her NJLAD claim, determined a total amount of appropriate compensatory damages ($600,000) and a total amount of appropriate punitive damages ($25,000,000), and then **split the totals for each between** the federal and NJLAD claims. There were no "double damages" awarded.

**Third, Starbucks has offered no record support for its assertion that the jury awarded damages twice for the same harm**. The jury was instructed – without objection – that it could award punitive damages against Starbucks to punish and deter different types of misconduct addressed by federal law and addressed by the NJLAD in conjunction with the New Jersey Punitive Damages Act. The record in this case supports that the jury did not award damages twice for the same harm, but instead that the jury awarded punitive damages against Starbucks to punish it for different types of misconduct, and Starbucks has offered no record support to the contrary.

The jury was separately instructed on how punitive damages were to be considered under the NJLAD (see Tr. at 855:5-14, 855:24-863:25) and how they were to be considered under federal law (*see* Tr. at 846:23-849:13). The Court instructed the jury that it was permitted to award punitive damages against Starbucks if it found "that a management official of defendant personally acted with reckless indifference to plaintiff's federally protected rights. An action is with reckless indifference if taken with knowledge that it may violate the law." Tr. at 847:14-20.

The jury was not instructed that it could award punitive damages under the NJLAD if it found the same misconduct. On the contrary, the Court instructed the jury, among other things:

> In determining whether to award punitive damages, consider all relevant evidence, including but not limited to the following: The likelihood, at a relevant time, that serious harm would arise from defendant's conduct; two, defendant's awareness or reckless

4

> disregard of the likelihood that such serious harm would arise from its conduct; three, the conduct of defendant upon learning that its initial conduct would likely cause more harm; and, four, the duration of the conduct or any concealment of that conduct by defendant.

Tr. 857:11-20. The Court further instructed the jury that it was permitted to award punitive damages against Starbucks under the NJLAD if it found that Ms. Phillips proved by clear and convincing evidence "both that an upper management employee engaged in especially egregious conduct and that an upper management employee of defendant either actively participated in the wrongful conduct or was willfully indifferent to it." Tr. 862:5-10. The verdict form asked the jury to consider two different questions. *See* ECF 150.

Starbucks did not object to the jury being instructed that it could award punitive damages against Starbucks under federal law for its reckless disregard of federal rights and that it could award punitive damages against Starbucks to punish and deter it from different wrongful conduct under the NJLAD. Starbucks has offered no record support for simply accepting its assertion that the jury did not do so.

**Fourth, even assuming *arguendo* that the duplicate recovery argument is otherwise appropriate (and it is not), a rule against double recovery does not apply to punitive damages as they are not compensatory in nature.** The rule against duplicate recovery is rooted in the principle that a plaintiff who has been injured should be awarded relief to make them whole, not greater than whole. Punitive damages, however, are not about compensating the victim or making the victim whole. The Supreme Court has stated: ""[T]he consensus today is that punitives are aimed not at compensation but primarily at retribution and deterring harmful conduct.'" *Exxon Shipping Co.*, 128 S. Ct. at 2621 (2008); *see also, e.g., Phillip Morris USA v. Williams*, 549 U.S. 346, 352 (2007)("This Court has long made clear that '[p]unitive damages may properly be imposed to further a state's legitimate interest in punishing unlawful conduct and deterring its

5

repetition.'").

This Court has also clearly spelled out this distinction, and has recognized in this case that the jury's award of punitive damages would not be made to compensate Ms. Phillips for her injury, but to punish Starbucks for its misconduct and deter it from engaging in similar misconduct in the future. *See* Tr. at 855:10-856:2 (addressing NJLAD); see also Tr. at 848:13-23 (addressing federal law).

Even assuming, then, that the rule against duplicate damages is otherwise appropriately applied to the compensatory damages award here (which it is not, for the reasons discussed above), it is <u>inapplicable</u> to the jury's award of punitive damages against Starbucks. *See, e.g., Medina v. District of Columbia*, 643 F.3d 323, 329 (D.C. Cir. 2011)(stating "Punitive damages, unlike compensatory damages, are not aimed at making a plaintiff whole; thus, the rule against double recovery is in inapplicable to a punitive damages award."); *Holt v. Pennsylvania*, 2015 U.S. Dist. LEXIS 109311, *328-29 (E.D. Pa. Aug. 19, 2015)(quoting *Medina* and explaining that the limitation on double recovery applied to compensatory damages, but did not apply to punitive damages), *aff'd in part, rev'd in part on other grounds,* 683 Fed. Appx. 151 (3d Cir. 2017)).

## CONCLUSION

The jury's full award of $600,000 in compensatory damages to Ms. Phillips was proper and should not be cut in half. The jury's full award of $25,000,000 in punitive damages against Starbucks was proper and should not be cut in half. The Court's judgment entering the total amount of $26,500,000 in compensatory and punitive damages as found by the jury (as amended by the Court's August 16, 2023 Order, ECF 180) should stand.

Plaintiff respectfully requests that the Court deny Defendant's motion.

Respectfully submitted,

6

|  |  |
|---|---|
|  | **CONSOLE MATTIACCI LAW, LLC** |
| By: | */s/ Susan M. Saint-Antoine* |
|  | Laura C. Mattiacci, Esquire |
|  | Katherine C. Oeltjen, Esquire |
|  | Susan M. Saint-Antoine, Esquire |
|  | Holly W. Smith, Esquire (*pro hac*) |
|  | 110 Marter Ave, Suite 502 |
|  | Moorestown, NJ 08057 |
| Dated: August 23, 2023 | *Attorneys for Plaintiff, Shannon Phillips* |