**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

SHANNON PHILLIPS,

*Plaintiff*,

v.

STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY,

*Defendant*.

CIVIL ACTION NO.: 2:19-cv-19432

Hon. Joel H. Slomsky, U.S.D.J.

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER REVISED CALCULATION**
**OF PROPOSED DAMAGES**

Plaintiff, Shannon Phillips ("Plaintiff"), by and through her undersigned counsel, hereby submits this Reply Brief in further support of her Revised Calculation of Proposed Damages [Dkt. Ent. 184] and in further support of her Motion to Amend the Judgment against Defendant Starbucks [Dkt. Ent. 164]. Because Plaintiff calculated prejudgment interest in the manner prescribed by the applicable New Jersey Court Rule and controlling case law, Plaintiff respectfully requests that the Court award her $125,122.86 in prejudgment interest.[1]

Defendant does not dispute that Plaintiff is entitled to prejudgment interest on her back-pay damages. Instead, without complete explanation or reliance on appropriate authority, Defendant argues that the appropriate amount of prejudgment interest is $80,406.28.  Defendant's calculation is incorrect. Prejudgment interest on Plaintiff's back-pay loss award is "mandated" by the NJLAD pursuant to the NJ Court Rule 4:42-11(b). *Blakey v. Continental Airlines*, 2 F. Supp. 2d 598, 609 (D.N.J. 1998). The Court awarded Plaintiff $1,053,133 in back-pay [Dkt. Ent. 179].

---

[1] Plaintiff does not address Defendant's passing objections to the Court's award of economic loss damages to Plaintiff or the jury's verdict in favor of the Plaintiff as neither is procedurally within the bounds of the Motion and Revised Calculation presently before the Court and is the subject of separate motion practice.

Consistent with NJ Court Rule 4:42-11(b), Plaintiff has calculated her prejudgment interest as set forth in the table below using the date that she filed her Federal Court Complaint as the date when interest began to accrue:

| Year | Days | Base Amount | Interest Rate[2] | Interest |
|------|------|-------------|------------------|----------|
| 2019 | 64[3] | $1,053,133 | 3.50% | $6,465.06 |
| 2020 | 365 | $1,053,133 | 4.50% | $47,390.99 |
| 2021 | 365 | $1,053,133 | 3.50% | $36,859.66 |
| 2022 | 365 | $1,053,133 | 2.25% | $23,695.49 |
| 2023 | 165[4] | $1,053,133 | 2.25% | $10,711.66 |

Summing the interest column results in $**125,122.86** in prejudgment interest. This method of calculation is consistent with *Blakely* and subsequent caselaw. *Crowley v. Chait*, 2005 U.S. Dist. LEXIS 40828, *29 (D.N.J. September 30, 2005). The *Crowly* court specifically rejected a defense argument that prejudgment interest did not apply to the full amount awarded over the entirety of the prejudgment period. The *Crowly* defendant argued unsuccessfully that, because at any given temporal point prior to the court's award the plaintiff had not yet sustained the entire sum of the damages, it was not subject to prejudgment interest on the full amount over the full prejudgment period. *Id.* The *Crowly* court described this argument as "misplaced" and inconsistent with the

---

[2] Plaintiff has used a **simple interest** rate as set forth at the link below, adding 2.0%, as required, as the total amount subject to interest exceeds $20,000 (the monetary limit of the Special Civil Part):

https://www.njcourts.gov/sites/default/files/courts/civil/postprejudgmentrates.pdf

[3] The 2019 calculation starts from the date of the Federal Court Complaint filing: October 28, 2019. There are 64 days from that date until the end of the year.

[4] The 2023 calculation ends on the day of the Judgment: June 15, 2019 (Dkt. No. 153). There are 165 days from January 1, 2019 until June 15, 2019.

Rule; the Court then went on to calculate prejudgment interest in a manner consistent with that employed by Plaintiff in this action—on the total backward-looking award regardless of when any aspect of the total awarded shifted from "anticipated" to "incurred." *Id*. at * 29-31. (*See* Table at *30).  Though Defendant does not expressly state that it has done the same type of calculation that the *Crowly* defendant advanced, it appears that is what Defendant has done by calculating interest against damages as it believes they were incurred rather than in the manner mandated by the Rule.

Defendant's current opposition [Dkt. Ent. 196] does not cite any case law in support of the methodology it employs. **On September 6, 2023, after Defendant filed its Response, Plaintiff's counsel emailed defense Counsel further explaining the methodology used by Plaintiff, including above chart with supporting caselaw again, and suggesting that the parties reach an agreement on the prejudgment interest amount to save judicial time and resources. To date, Plaintiff's counsel has received no response.**

None of the authority cited by Plaintiff is new or novel.  This is a mandatory award based on a mathematical calculation. If Defendant had counter-authority to Plaintiff's methodology it should have set that forth in its opposition.  That it has failed to do so does not entitle it to a further bite at the apple by way of the filing of a sur-reply brief on an objective, mathematical calculation expressly proscribed by New Jersey Court Rules.

As a result, and for the reason set forth above and within Plaintiff's Motion to Amend the Judgment [Dkt. Ent. 164] and Plaintiff's Revised Calculation of Damages in further support of her Motion to Amend [Dkt. Ent. 184], Plaintiff respectfully requests that the Court award her $125,122.86 in prejudgment interest.

Respectfully submitted,

**CONSOLE MATTIACI LAW, LLC**

Dated: <u>September 11, 2023</u>          By:     <u>*/s/ Laura C. Mattiacci*</u>
Laura C. Mattiacci, Esquire
Susan Saint Antoine, Esquire
Katherine C. Oeltjen, Esquire
Holly W. Smith, Esquire (*pro hac vice*)
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676

*Attorneys for Plaintiff, Shannon Phillips*

**<u>CERTIFICATE OF SERVICE</u>**

I, Laura C. Mattiacci, hereby certify that on this date, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's ECF system.

**CONSOLE MATTIACCI LAW, LLC**

BY:     <u>*s/ Laura C. Mattiacci*</u>
            Laura C. Mattiacci, Esquire

Dated: 9/11/2023