## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SHANNON PHILLIPS,                         :
                                             :

        Plaintiff,                        :    Civil Action No. 1:19-cv-19432

                                             :

        v.                                :    Hon. Joel H. Slomsky, U.S.D.J.

STARBUCKS CORPORATION d/b/a               :
STARBUCKS COFFEE COMPANY,                 :

                                             :    ORAL ARGUMENT REQUESTED

        Defendant.                        :

                                           :    **FILED VIA ECF**

---

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
### TO VACATE OR AMEND JUDGMENT TO AVOID DUPLICATE DAMAGES

Richard R. Harris (admitted *pro hac vice*)
Tara Param (NJ Bar ID: 394042023)
Kathleen Princivalle (NJ Bar ID 397722022)
**HOLLAND & KNIGHT**
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com
tara.param@hklaw.com
kathleen.princivalle@hklaw.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a Starbucks*
*Coffee Company*

## TABLE OF CONTENTS

**Page**

I.  STARBUCKS HAS NOT WAIVED ITS ARGUMENT FOR VACATING OR AMENDING THE AWARD OF DUPLICATIVE DAMAGES ....................................1

II. GIVEN THAT MS. PHILLIPS' FEDERAL AND STATE LAW CLAIMS ARISE FROM THE SAME FACTS AND THE SAME PURPORTED INJURY, THE JURY AWARDED MS. PHILLIPS DOUBLE RECOVERY .............................5

III. MS. PHILLIPS' AWARD OF DUPLICATIVE PUNITIVE DAMAGES MUST ALSO BE VACATED ...............................................................................................7

IV. CONCLUSION ...................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*E.E.O.C. v. Waffle House, Inc.*,
534 U.S. 279 (2002)............................................................................................4, 11

*Ebeling & Reuss, Ltd. v. Swarovski Intern. Trading Corp., A.G.*,
1992 WL 211554 (E.D. Pa. Aug. 24, 1992) ..............................................................11

*Fineman v. Armstrong World Industries, Inc.*,
980 F.2d 171 (3d Cir. 1992)...........................................................................4, 8, 11

*Hailey v. City of Camden*,
650 F. Supp. 2d 349 (D.N.J. 2009) ................................................................4, 9, 11

*Holt v. Pennsylvania*,
No. CV 10-5510, 2015 WL 4944032 (E.D. Pa. Aug. 19, 2015), *aff'd in part,
rev'd in part and remanded*, 683 F. App'x 151 (3d Cir. 2017) ................................12

*Logtale, Ltd. v. IKOR, Inc.*,
No. 11-CV-05452-EDL, 2016 WL 7743408 (N.D. Cal. Aug. 16, 2016), *aff'd
in part, rev'd in part, dismissed in part*, 728 F. App'x 665 (9th Cir. 2018)...................5, 6, 7

*Mason v. Oklahoma Tpk. Auth.*,
115 F.3d 1442 (10th Cir. 1997) *overruled on other grounds by TW Telecom
Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011) .................12

*Medina v. District of Columbia*,
643 F.3d 323 (D.C. Cir. 2011) ..................................................................................12

*Ponzini v. Prime Care Med., Inc.*,
269 F. Supp. 3d 444 (M.D. Pa. 2017) ...............................................................5, 6, 7

*Ross v. Jenkins*,
325 F. Supp. 3d 1141 (D. Kan. 2018)........................................................................12

*St. James v. Future Fin.*,
776 A.2d 849 (N.J. Super. 2001) ...............................................................................12

*State v. A.R.*,
65 A.3d 818 (N.J. 2013)..........................................................................................5, 7

*Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*,
21 F.4th 1229 (10th Cir. 2021) ..................................................................................12

**I.     STARBUCKS HAS NOT WAIVED ITS ARGUMENT FOR VACATING OR AMENDING THE AWARD OF DUPLICATIVE DAMAGES**

Realizing that the law does not permit her double-recovery of damages, Plaintiff tries to concoct a technical waiver argument in her Opposition papers. However, there is no factual or legal support for Ms. Phillips' argument that Starbucks waived its argument that her award of duplicative damages for her identical federal and state law claims should be cut in half. (Pl's Opp. to Def's Motion to Vacate Duplicative Damages, at 2 ("Opp.") (ECF 187)). The law within this jurisdiction mandates that where a jury impermissibly awards a plaintiff double damages by allowing her to recover twice for "a single injury" and a "single course of conduct" under both federal and state law claims, the award must be halved. *See Hailey v. City of Camden*, 650 F. Supp. 2d 349, 357 (D.N.J. 2009) (holding that "the well-established principle" that a plaintiff should not recover twice for a single course of conduct and a single injury "applies equally to civil rights litigation where a plaintiff maintains that identical misconduct violated similar federal and state anti-discrimination law."); *Fineman v. Armstrong World Industries, Inc.,* 980 F.2d 171, 218 (3d Cir. 1992) ("[A] plaintiff whose case concerns a single course of conduct . . . and a single injury. . . [may not] recover those profits twice or thrice over for each legal theory advanced in favor of liability. This would yield an unwarranted windfall recovery."); *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 297 (2002) ("[I]t 'goes without saying that the courts can and should preclude double recovery by an individual.'") (quoting *Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980)).

Moreover, Starbucks preserved its objections to double damages by submitting a proposed single recovery verdict sheet and jury instructions designed to address duplicative damages and Starbucks' counsel objected numerous times as to the form and wording of the Court's jury instructions and proposed verdict sheet. *See* Trial Tr. June 9, at 734:5-760:35. Starbucks'

submission of its own proposed verdict sheet or jury instructions is sufficient to preserve post-trial objections to the damages award. Here, Starbucks' proposed jury verdict sheet would have avoided double recovery by only including a single line for recovery, and because Ms. Phillips is improperly seeking to recover twice for a purported single injury and alleged course of conduct, her damages award must be cut in half.

Further, this is not an error in the jury instructions to which an objection needed to be raised (even though Starbucks did object to the verdict sheet and jury instructions). Ms. Phillips pursued three claims. Based on the Court's rulings she was entitled to ask the jury about those three claims. The issue Starbucks is raising is a legal one: now that she has obtained a jury verdict in her favor, the Court must ensure that it does not run afoul of the legal rules prohibiting duplicative recovery. Therefore, it does not matter what the jury intended. Even if a jury intended to provide a duplicative recovery, it is still barred as a matter of law. In arguing otherwise, Ms. Phillips fails to understand the legal issue.

The cases that Ms. Phillips relies on to support her argument (none of which are binding on this Court) also do not support her waiver argument. *See Ponzini v. Prime Care Med., Inc.*, 269 F. Supp. 3d 444 (M.D. Pa. 2017) *aff'd in part, vacated in part sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019); *Logtale, Ltd. v. IKOR, Inc.*, No. 11-CV-05452-EDL, 2016 WL 7743408 (N.D. Cal. Aug. 16, 2016), *aff'd in part, rev'd in part, dismissed in part*, 728 F. App'x 665 (9th Cir. 2018), and *aff'd in part, rev'd in part, dismissed in part*, 738 F. App'x 422 (9th Cir. 2018); *State v. A.R.*, 65 A.3d 818, 829 (N.J. 2013).

First, Ms. Phillips relies on a Northern District of California case, *Logtale, Ltd. v. IKOR, Inc.*, to support her theory that a defendant does not preserve an objection to a double recovery where the defendant invited the error. Opp. at 2. Beyond the fact that this out of circuit case is not

2

binding to the Court, the holding is unrelated. In *Logtale,* the defendant and plaintiff jointly proposed the jury instructions and verdict sheet that allowed for a double recovery. 2016 WL 7743408, *4; 738 F. App'x at 424. Therefore, the court found that because the defendant stipulated to the verdict sheet, it "invited the error" and "affirmatively waived any objection." *Id.* Here, however, Starbucks did not stipulate to the jury instructions, and preserved its objection by filing its own proposed instructions and verdict sheet designed to prevent a duplicative recovery by only providing one section for a recovery. Further, the claims at issue in *Logtale* were not the same claims involving the same injuries and the same course of conduct, but rather various common law claims that could be distinguished from one another factually. *See id.* at 424-25. As the court explains, the claims involved different evidence to support the claims – "the jury could have treated Defendants' failure to provide financial statements as a breach of contract; the payment of consulting fees to Tye and Canton as a breach of fiduciary duty; and the removal of Wai from the board as a breach of good faith." *Id.* This is wholly different from Ms. Phillips' claims which cannot be factually distinguished between her federal and state law claims.

Next, Ms. Phillips cites to *Ponzini v. Prime Care Med., Inc.*, where administrators of the estate of a detainee who committed suicide while in a correctional facility were successful in establishing claims of deliberate indifference under § 1983, Pennsylvania's Wrongful Death Act and Pennsylvania's Survival Act. 269 F. Supp. 3d at 592-93. In *Ponzini*, the court held that the jury instructions did not invite double recovery where the jury was instructed on both the deliberate indifference and negligence claims. *Id.* at 557-58. Further, in *Ponzini*, like in *Logtale*, the parties provided a ***joint*** proposed verdict sheet. *Id.* at 558. While reviewing the joint verdict sheet, the court raised concerns on the record that the verdict sheet might invite double recovery and dismissed the jury for the remainder of the afternoon so that the parties could revise the verdict

3

sheet to prevent a double recovery. *Id.* In particular, the court raised concerns that a party would file a post-trial motion regarding double recovery – as they did. *Id.* Upon the court's raising these concerns, the parties revised and ***jointly*** proposed a new verdict sheet that both parties agreed would avoid a double recovery. *Id.* Despite this, the defendants still alleged in their post-trial briefing that the verdict sheet created double recovery for the plaintiffs. *Id.* Thus, it was under these circumstances where the issue of double recovery had been discussed at length that the court found that defendants had waived their right to raise the issue of double recovery post-trial. *Id.*

Clearly, the circumstances surrounding the verdict sheet in this case are completely different. Here, Starbucks proposed a verdict sheet with a single recovery in order to avoid double recovery, and importantly, it never stipulated to Plaintiff's or this Court's version of the verdict sheet. *See* Def's Proposed Verdict Sheet (ECF 123); Trial Tr. June 9, at 734:5-760:35. Starbucks' proposal was rejected. Moreover, the plaintiff in *Ponzini* did not receive identical amounts for its claims, demonstrating that the jury did not simply double their award for identical claims. *See id.* The opposite is true here, where the jury awarded Ms. Phillips' ***identical*** amounts for her federal and state law claims – clearly representing a double recovery. Finally, as distinguished from this case, in *Ponzini*, the court found that defendants "abandoned [their] argument" because they did not provide any briefing supporting their claim, leaving the Court to "speculate" as to how defendants received a double recovery. *Id.* Clearly, this is not the situation here where Starbucks' fully briefed the Court on the issue of Ms. Phillips' duplicative recovery. (ECF 166).

Finally, Ms. Phillips relies on a holding by the Supreme Court of New Jersey in *State v. A.R.*, 65 A.3d 818, 829 (N.J. 2013) – a criminal case where the defendant was convicted of aggravated sexual assault. That case has absolutely no applicability to this matter as it did not involve a situation where a plaintiff received a double recovery. Nevertheless, Ms. Phillips

4

attempts to rely on this case to support the proposition that "trial errors that 'were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal' under the invited-error doctrine." Opp. at 3 (quoting *State*, 65 A.3d at 829). However, Starbucks did not induce, encourage, acquiesce or consent to the award of double recovery, and it has not waived its right to challenge the jury's duplicative award. To the contrary, as noted above, Starbucks proposed a verdict form specifically designed to prevent double recovery by only including space for a single recovery for her federal and state law claims. (*See* Def's Proposed Verdict Form (ECF 123)). The Court ultimately decided to forego in favor of a verdict form more closely similar to Ms. Phillips' form. To the extent that Starbucks is required to preserve its argument that Ms. Phillips' award of duplicative damages to compensate her for her identical federal and state law claims should be cut in half, it has already done so by proposing a verdict sheet designed to prevent duplicative recovery. Therefore, Starbucks has not waived its right to raise its objections to the jury's award of a double recovery in Ms. Phillips' favor.

II.     **GIVEN THAT MS. PHILLIPS' FEDERAL AND STATE LAW CLAIMS ARISE FROM THE SAME FACTS AND THE SAME PURPORTED INJURY, THE JURY AWARDED MS. PHILLIPS DOUBLE RECOVERY**

Ms. Phillips argues that Starbucks has offered no record evidence to support its assertion that the jury improperly doubled her damages. Opp. at 3. Here, Ms. Phillips misunderstands the standard required for a court to vacate an improper duplicate damages award. The appropriate consideration is whether Ms. Phillips brings claims arising from the same facts and the same injuries and seeking remedies for the same course of conduct – as is the case here. *Fineman*, 980 F.2d at 218 ("[A] plaintiff whose case concerns a single course of conduct . . . and a single injury . . . [may not] recover those profits twice or thrice over for each legal theory advanced in favor of liability."); *Hailey*, 650 F. Supp. 2d at 357 (finding that Plaintiffs' damages "under the NJLAD and Section 1981 and Section 1983 arise from the same facts and the same injuries and seek the

same remedy—lost wages and all other losses caused by the hostile work environment they endured" and therefore constitute double recovery). Moreover, the record evidence demonstrates that Ms. Phillips did not distinguish between her federal and state law claims at any time during the trial. Instead, she offered identical proof for her state and federal law claims. As such, Ms. Phillips should not have been allowed to recover twice for her identical claims.

The fact that the jury awarded Ms. Phillips identical amounts for her state and federal law claims further demonstrates that the jury doubled her recovery for these claims. Had they offered different amounts for her state and federal claims it would suggest that the jury treated the two claims differently. Nevertheless, Ms. Phillips argues that the jury *could have* intended to award $25.6 million, and thus chose to half the amount they intended to offer between the claims. Once again, the appropriate consideration at this stage is not what the jury intended, but how Ms. Phillips' brought her case. As shown above, since she offered the same evidence and same proof for the same injury under both claims, she should not have received a double recovery. Moreover, there is no evidence demonstrating that the jury intended to split its intended recovery in half.

Finally, the jury instructions were drafted in such a way as to require the same offer of proof for her federal and state law claims which further demonstrates that Ms. Phillips did not distinguish as to her federal and state law claims. In fact, in accordance with NJLAD, Starbucks proposed the heightened *Erickson*-standard in its jury instructions, but this Court rejected it. Trial Tr. June 9, at 758:10-759:18 (the Court even noted regarding its denial of the *Erickson* instruction that it "**wanted to put this on the record so [Starbucks] can preserve [its] objection**"). Instead, Ms. Phillips requested, and the Court agreed, to remove the heightened standard from the jury instructions, thereby conflating the standards of law required under Ms. Phillips' state and federal law claims. Had the jury received an instruction on the heightened standard, then the jury *could*

6

*have* found that Ms. Phillips met her burden under the lower standard under Title VII (where no heightened standard applies), but not under NJLAD and Section 1981 (where a heightened standard does apply). Nevertheless, given that the same standard was ultimately applied to all claims – and Ms. Phillips made no effort during trial to distinguish how she brought the claims under federal and state law – she received a double recovery for claims that she propounded identically under state and federal law. Therefore, at a minimum and under well-settled law prohibiting duplicative recovery, her damages award must be halved.

## III.  MS. PHILLIPS' AWARD OF DUPLICATIVE PUNITIVE DAMAGES MUST ALSO BE VACATED

Ms. Phillips argues that her award of duplicative punitive damages should not be vacated. Once again, at trial, Ms. Phillips introduced identical evidence to support her claim for punitive damages under federal and state law. As such, Ms. Phillips' duplicative punitive damages award must be vacated or amended.

Ms. Phillips argues, in support of her claim for double punitive damages, that the jury was instructed slightly differently on punitive damages under NJLAD and federal law. Opp. at 5. *However, the instructions do not make clear to the jury that a plaintiff shall not recover multiple times for a single injury*. The jury instructions simply stated that her federal law claims required Ms. Phillips to demonstrate by a preponderance of the evidence that Starbucks acted with "reckless indifference," and under NJLAD, Ms. Phillips was required to demonstrate by clear and convincing evidence that Starbucks' behavior was "especially egregious" and that the "upper management employees actually participated in or was willfully indifferent to the wrongful conduct." (Final Jury Instructions, ECF 151). However, it is clear that the jury did not perceive any difference as to how to calculate punitive damages under Ms. Phillips' state claim as under her federal claim and further was unaware that a plaintiff should only recover once as a matter of

law. The jury awarded Ms. Phillips an identical amount in punitive damages under state and federal law, thereby demonstrating that it was simply duplicating the award given the separation of the two claims.

Furthermore, whether the jury instructions are slightly different is irrelevant. Instead, the courts focus on whether the plaintiff's recovery of double damages is for "a single injury" and a "single course of conduct." *See Hailey*, 650 F. Supp. 2d at 357; *Fineman,* 980 F.2d at 218; *Waffle House, Inc.,* 534 U.S. at 297. Given that Ms. Phillips offered identical evidence to demonstrate punitive damages under her state and federal law claims, she did not offer evidence demonstrating that a separate award of punitive damages under state and federal law is warranted. Moreover, the jury awarded an excessive amount in punitive damages that have absolutely no bearing on the evidence presented at trial supporting an award of punitive damages. This further demonstrates that the punitive award is grossly excessive and must, at the very least, be reduced in half.

Finally, Ms. Phillips incorrectly argues that punitive damages are not subject to the rule against duplicate damages. This argument also fails, as the Third Circuit has specifically held that ***the rule against double recovery applies equally to punitive damages awards.*** *See, e.g.*, *Fineman*, 980 F.2d at 218-19 (holding that the plaintiff had to elect between recovering under either a tort claim with punitive damages *or* antitrust claim with treble damages so as to avoid duplicative penalizing damages); *Ebeling & Reuss, Ltd. v. Swarovski Intern. Trading Corp., A.G.*, 1992 WL 211554, at *19 (E.D. Pa. Aug. 24, 1992) ("Because of the likelihood the $2.5 million punitive damage award . . . was duplicative, the court will set aside that award also."); *Mason v. Oklahoma Tpk. Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1997) *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011) ("Although the rule against double recovery arises most often in the context of compensatory damages, it applies to punitive

8

damages as well.");[1] *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1256 (10th Cir. 2021) (reaffirming that "the rule against double recovery … applies to punitive damages as well.") (citing *Mason*, 115 F.3d at 1459); *St. James v. Future Fin.*, 776 A.2d 849, 340-43 (N.J. Super. 2001) (finding that awarding punitive damages *and* trebling damages for racketeering is duplicative – *"a plaintiff cannot punish a defendant more than once for the same conduct"*) (emphasis added); *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1176 (D. Kan. 2018) ("plaintiff may not recover multiple punitive damages awards for the same body of reprehensible conduct . . . .").

In support of this mistaken proposition, Ms. Phillips once again relies on cases outside of this jurisdiction – *Medina v. District of Columbia*, 643 F.3d 323, 329 (D.C. Cir. 2011), which is also cited to in one line in the holding in *Holt v. Pennsylvania*, 2015 U.S. Dist. LEXIS 109311, *328-29 (E.D. Pa. Aug. 19, 2015). However, in *Holt*, the court drastically reduced the aggregate punitive damages award from $1,025,000 to $50,000, which the Third Circuit affirmed. *Holt v. Pennsylvania*, No. CV 10-5510, 2015 WL 4944032, at *37 (E.D. Pa. Aug. 19, 2015), *aff'd in part, rev'd in part and remanded*, 683 F. App'x 151, 159 (3d Cir. 2017). Therefore, these cases are insufficient where controlling precedent holds that the prohibition against duplicative recovery applies to punitive damages. For these reasons, Ms. Phillips' punitive damages award must be vacated and amended.

## IV.   CONCLUSION

For all the foregoing reasons, Starbucks respectfully requests that the Court enter an Order amending the damages award to avoid duplicate compensatory and punitive damages.

---

[1] Notably, the *Mason* court also held that "failure to raise the issue of potential duplication prior to the jury's retirement … [does not] prevent[] the district court, under these circumstances, from exercising its duty to prevent double recovery in the first instance." 115 F.3d at 1460.

Dated: September 15, 2023

Respectfully submitted,

*/s/ Richard R. Harris*
Richard R. Harris (*admitted pro hac vice*)
Tara Param
Kathleen M. Princivalle
**HOLLAND & KNIGHT**
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103 Phone
215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com
tara.param@hklaw.com
kathleen.princivalle@hklaw.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2023, the foregoing document was filed using the United States District Court for the District of New Jersey ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ Tara Param
Tara Param