# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHANNON PHILLIPS,**<br><br>　　　　　　*Plaintiff*,<br>　v.<br><br>**STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY,**<br><br>　　　　　　*Defendant.* | CIVIL ACTION NO.: 2:19-cv-19432<br><br>Hon. Joel H. Slomsky, U.S.D.J. |

**PLAINTIFF'S [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE OR AMEND JUDGMENT TO AVOID DUPLICATE DAMAGES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………...ii

1. Defendant misstates the law and misrepresents the record when it asserts in its Reply Brief that it has preserved its ability to challenge the jury's verdict as improperly awarding duplicate damages……………………………………………….1

2. Defendant overstates the Third Circuit's decision in *Fineman* when it argues that "the Third Circuit has specifically held that the rule against double recovery applies equally to punitive damages awards" and that *Fineman* is controlling precedent in this case……………...…………………………………………………………….3

## Table of Authorities

**Cases**                                                      **Page(s)**

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
   429 U.S. 477 (1977) ................................................................................................ 3

*Elliot v. Kiesewetter*,
   112 Fed. Appx 821 (3d Cir. 2004) .......................................................................... 2

*Fineman v. Armstrong World Indus., Inc.*,
   980 F.2d 171 (3d Cir. 1992) .................................................................................... 3

*Franklin Prescriptions, Inc. v. N.Y. Times*,
   424 F.3d 336 (3d Cir. 2005) ................................................................................ 1,2

*Hewlett-Packard Co. v. Quanta Storage Inc.*,
   2020 U.S. Dist. LEXIS 17771 (S.D. Tex. Jan. 2, 2020) .......................................... 3

*Holt v. Pennsylvania*,
   2015 U.S. Dist. LEXIS 109311 (E.D. Pa. Aug. 19, 2015) ...................................... 4

*Inter Med. Supplies, Ltd. v. EBI Med. Sys, Inc.*,
   181 F.3d 446 (3d Cir. 1999) .................................................................................... 2

**1.      Defendant misstates the law and misrepresents the record when it asserts in its Reply Brief that it has preserved its ability to challenge the jury's verdict as improperly awarding duplicate damages.**  Defendant asserts repeatedly in its Reply Brief that its submission of proposed jury instructions and verdict sheet was itself sufficient to preserve Defendant's ability to make a post-trial objection to the damages award based on its newly asserted complaint that the jury instructions were deficient in failing to make clear that Plaintiff was not permitted to recover multiple times for a single injury and that the verdict sheet was deficient in permitting the jury to do so (and should be assumed by the Court to mean that they did so).  Defendant misstates the law.  The timing and requirement of making formal objections in order to preserve a claim of error is clearly set forth in the Fed. R. Civ. P. 51 and Third Circuit caselaw.

Under Rule 51, the Court was required to present Defendant with proposed jury instructions and give them the opportunity to object.  The Court did so. In order to preserve a claim of error, Defendant was required before the jury was charged to make an objection on the record, stating distinctly the matter objected to and the grounds for the objection. A party's prior submission of proposed jury instructions does not constitute an objection and does not preserve a claim of error.  The same is true for a verdict sheet.  <u>It is not sufficient to propose a jury instruction or a verdict sheet that the Court does not give.</u>  *Franklin Prescriptions, Inc. v. N.Y. Times*, 424 F.3d 336, 339 (3d Cir. 2005).

Defendant asserts that it proposed a verdict sheet designed to prevent duplicative recovery and that it objected on numerous occasions to the form and wording of the proposed jury instructions and verdict sheet.  The suggestion that Defendant <u>ever</u> objected to the proposed jury instructions or verdict sheet on the grounds that that they would permit duplicate recovery is simply not true and, moreover, will not avoid the consequences of its failure to make formal and particular

objections on the record before the jury was charged. *See id.* (rejecting party's attempt to avoid waiver by arguing that the court was fully apprised of its objection and nevertheless rejected it when there was no consensus that the court was fully apprised and no indication of definitive trial court ruling on the matter).

Further, Defendant's argument that the jury in fact awarded a verdict that constituted an unlawful duplicate recovery has also been waived by Defendant's failure to object to the verdict before the jury was discharged. Defendant's argument that the jury has awarded a duplicate recovery relies on the assumption that the jury in fact awarded a duplicate recovery, as distinct from the jury allocating a total recovery between two (*i.e.,* Plaintiff's federal and state law claims). Defendant's ability to argue that any ambiguity in the jury's verdict should be read in its favor and the verdict cut in half has been waived by its failure to object to the verdict when it was returned.

The purpose of waiver rules is to provide notice and opportunity to cure. Defendant had the opportunity to raise its objection to the verdict and the Court could have addressed it before the jury was discharged. For example, had the Defendant raised the issue when the jury returned, the Court could have simply asked the jury whether it had a total in mind and duplicated it for the federal and state claims or whether it had a total in mind and allocated it between the federal and state claims. By failing to raise its objection to the verdict when there was still an opportunity to resolve it, Defendant waived its ability to complain about the verdict now. *See Inter Med. Supplies, Ltd. v. EBI Med. Sys, Inc.*, 181 F.3d 446, 463 (3d Cir. 1999) (stating that a party's "failure to object at the time the jury received the proposed verdict sheet or when the jury returned" constitutes a waiver of the objection to the verdict being made in a post-trial motion); *Elliot v. Kiesewetter*, 112 Fed. Appx 821 (3d Cir. 2004) (argument that jury awarded duplicative damages was waived when party failed to raise the issue before the jury was discharged).

**2.     Defendant overstates the Third Circuit's decision in *Fineman* when it argues that "the Third Circuit has specifically held that the rule against double recovery applies equally to punitive damages awards" and that *Fineman* is controlling precedent in this case.** (Defendants' Reply Brief at p. 8, 9 citing *Fineman v. Armstrong World Indus., Inc.,* 980 F.2d 171, 218-19 (3d Cir. 1992)). *Fineman* is not an employment discrimination case and it does not address punitive damages under anti-discrimination laws, including Section 1981 and the NJLAD.  The Third Circuit in *Fineman* addressed the election of remedies for anticompetitive conduct, including treble damages under the Sherman Act.  As the *Fineman* decision itself recognized, treble damages under the Sherman Act are not synonymous with punitive damages and to some extent may be considered compensatory in nature because of their purpose, in part, to incentivize private antitrust litigation.  *See, e.g., id.* at 219 (stating that "[a]lthough treble damages are not solely punitive in character, they do serve a penal and deterrent function in addition to a remedial one, and as a consequence do overlap somewhat with punitive damages."); *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977) (stating that the legislative purpose of the Sherman Act, at least in part, was remedial in nature – namely, to promote private antitrust actions); *Hewlett-Packard Co. v. Quanta Storage Inc.*, 2020 U.S. Dist. LEXIS 17771, *5 (S.D. Tex. Jan. 2, 2020) (rejecting defendant's argument that a Sherman Act treble damages award should be subject to constitutional limitations because, unlike punitive damages which punish a wrongdoer, treble damages compensate an injured party.).

That *Fineman* is not controlling precedent that is binding upon the Court in this case is demonstrated by the fact that, as far as the undersigned's research has uncovered, the only case that has been decided by a court within the Third Circuit after the *Fineman* decision and that addresses head on the issue of whether a rule against double recovery applies to punitive damages

3

awarded under laws prohibiting employment discrimination has concluded that the rule does <u>not</u> apply.  *See Holt v. Pennsylvania*, 2015 U.S. Dist. LEXIS 109311, *328-29 (E.D. Pa. Aug. 19, 2015) (Title VII case explaining that the limitation on double recovery applied to compensatory damages, but did not apply to punitive damages), *aff'd in part, rev'd in part on other grounds,* 683 Fed. Appx. 151 (3d Cir. 2017).

                                                      Respectfully submitted,

By:    **CONSOLE MATTIACI LAW, LLC**

<u>/s/ Susan M. Saint-Antoine</u>
Laura C. Mattiacci
Katherine C. Oeltjen
Susan M. Saint-Antoine
Holly W. Smith (*pro hac vice*)
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676

*Attorneys for Plaintiff, Shannon Phillips*

Dated: September 19, 2023

4