UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON PHILLIPS, | : |
| Plaintiff, | : Civil Action No. 1:19-cv-19432 |
| v. | : Hon. Joel H. Slomsky, U.S.D.J. |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | : ORAL ARGUMENT REQUESTED |
| Defendant. | : **FILED VIA ECF** |

**DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT**

Pursuant to the Court's December 5th Order (ECF 207) granting Defendant Starbucks Corporation's ("Defendant") request to file a sur-reply (ECF 198), Defendant, by and through its undersigned counsel, hereby submits this Sur-Reply in Further Opposition to Plaintiff Shannon Phillips' ("Plaintiff") Revised Motion to Amend Judgment To Include Court-Determined Economic Loss, Prejudgment Interest and Attorneys' Fee & Costs ("Revised Motion" at ECF 184). Specifically, this sur-reply provides this Court will clarification on the appropriate calculation of Plaintiff's prejudgment interest.

Defendant and Plaintiff agree that the calculation of prejudgment interest is the multiple of the principal and interest rate from Plaintiff's termination until the date of judgment. The only dispute is the amount of principal. Defendant maintains that the principal accumulates each year to include prior unpaid salary periods. Plaintiff's attempts to use her entire back-pay award ($1.053 million) as the principal must be rejected as it assumes Plaintiff would have collected $1.053 million in back-pay if judgment was entered in 2019 – which according to Plaintiff's own expert,

Mr. Scherf, is not true. (*See* ECF 175-2). Plaintiff's citation to *Crowley v. Chait*, 2005 U.S. Dist. LEXIS 40828, *29 (D.N.J. September 30, 2005), a tort case, is inapposite as it does not measure pre-judgment interest for back-pay damages. Tort cases may apply the entire award as the principal because it assumes the plaintiff would have received the same award for her damages no matter what year the case was decided because the injury remains the same. However, this logic does not apply to back-pay economic damages.

In an employment discrimination lawsuit, "the principal cannot be the 'entire back-pay award from the date of [her] termination' because [the plaintiff] would not have been paid the lump sum of two years' pay on the day [her] employment was terminated. . . . ***The proper calculation should use a growing principal that includes prior unpaid salary periods.***" *Billman v. Easton Area Sch. Dist.*, No. CV 20-2730, 2022 WL 3139748, at *5-6 (E.D. Pa. Aug. 5, 2022) (quoting *Reed v. Mineta*, 438 F.3d 1063 (10th Cir. 2006)).

Therefore, as a matter of law, the Court cannot use $1,053,133 as the principal as Plaintiff suggests because each year leading up to judgment, Plaintiff's back-pay damages increased. Therefore, the principal also increases each year consistent with each year's back pay amount. This is why Defendant's calculations used a measure of growing principal, from the numbers reflected in Mr. Scherf's (*Plaintiff's expert's*) report (*see* ECF 175-2, at Column 8 – "Past Lost Earning and Benefits"), to calculate pre-judgment interest. First, under N.J. Rule 4:42-11(b), the interest rate shall be calculated "from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later." *Id.* Here, the date the action was commenced, October 28, 2019 – which is later than six months from her alleged harm (her termination) in May 2018. Therefore, Defendant used October 28, 2019 to begin the interest calculation. Second, in

order to calculate the growing principal on which pre-judgment interest was calculated, Defendant engaged in the below analysis:[1]

Ms. Phillips' total past lost earnings and benefits is $456,479 for the period of May 10, 2018 through October 27, 2019, which is the last day before the accumulation of pre-judgment interest. Defendant calculated this using the amounts reflected in Column 8 of Mr. Scherf's report, specifically by adding (a) the amount for 2018 ($317,777) and (b) a portion of the amount he determined for 2019 ($168,194), by multiplying this amount by the fraction of 301/365 (or 82.47%), because this represents the proportional share of the total 2019 earnings that may be attributed to the period January 1, 2019 through October 27, 2019 – the date at which interest would start accruing on back pay that preceded the date on which the action commenced. (Ms. Phillips was only able to accrue interest for the last 64 days of 2019, on this combined amount: $317,777 plus $138,702.45 (or 82.47% of Mr. Scherf's 2019 amount).

Then, for 2020, Ms. Phillips earned a full year of interest for her accumulated back pay for 2018 and 2019 (i.e., all of $317,777 + $168,194 = $485,971).  For 2021, Ms. Phillips earned a full year of interest for accumulated back pay damages for 2018 through 2020 (i.e., 317,777 + 168,194 + 168,966 = $654,937), as well as in 2022 by adding 2021 back pay ($316,596) to her previously-accumulated back pay.  For 2023, Defendant calculated the interest end date as August 16, 2023, because this is the date on which the Court issued its order on Ms. Phillips' back pay damages and, therefore, the date accumulation of further prejudgment interest ends.  The amount on which such interest is calculated is all of the accumulated back pay from May 10, 2018 though December 31, 2022.

---

[1] Defendant has sent the Court and counsel of record a native excel version of the chart issued in its Response Brief (ECF 196) which reflects the below explanation.

Defendant also calculated interest on Ms. Phillips' back pay for the period January 1, 2023, through April 30, 2023 – the date at which Mr. Scherf's calculation end – for the period May 1, 2023 through August 16, 2023 – the date at which this Court issued its order on backpay damages.

As such, Defendant has calculated pre-judgment interest on a rolling basis by considering the accumulated earnings from Mr. Scherf's own report as of the end of each year in the relevant timeframe and utilizing those measures as the operative "growing principal," as well as by using variable measures of interest rates according to the applicable timeframe. From this measure of accumulated earnings (growing principal), interest can then be reasonably computed for the ensuing year based on N.J. Rule 4:42-11, on only those accumulated earnings to date (the growing principal), until the following year, when the estimated earnings for that year (again, using Mr. Scherf's report) are subsumed by the accumulated growing principal, and so on. Under Defendant's calculations, based on Plaintiff's current economic loss award (ECF 180) – which Defendant contends should not stand – her prejudgment interest is **$80,406.28**, as outlined in the chart resubmitted below.

| Period of Past Lost Earnings and Benefits | | Accumlated Past Lost Earnings and Benefits | Interest Rate | Period for Which Interest is Computed | | Number of Days | Interest |
|---|---|---|---|---|---|---|---|
| Beginning Date | Ending Date | | | Beginning Date | Ending Date | | |
| *10-May-18 | 27-Oct-19 | $ 456,479.45 | 3.50% | 28-Oct-19 | 31-Dec-19 | 64 | $ 2,801.41 |
| 10-May-18 | 31-Dec-19 | 485,971.00 | 4.50% | 1-Jan-20 | 31-Dec-20 | 365 | 21,868.70 |
| 10-May-18 | 31-Dec-20 | 654,937.00 | 3.50% | 1-Jan-21 | 31-Dec-21 | 365 | 22,922.80 |
| 10-May-18 | 31-Dec-21 | 821,244.00 | 2.25% | 1-Jan-22 | 31-Dec-22 | 365 | 18,477.99 |
| 10-May-18 | 31-Dec-22 | 998,433.00 | 2.25% | 1-Jan-23 | 16-Aug-23 | 227 | 13,971.22 |
| 1-Jan-23 | 30-Apr-23 | 54,700.00 | 2.25% | 1-May-23 | 16-Aug-23 | 108 | 364.17 |
| | | 1,053,133.00 | | | | | $ 80,406.28 |

*assumes an even distribution of earnings throughout 2019

For the foregoing reasons, Defendant calculates Plaintiff's prejudgment interest as $80,406.28.

Dated: December 11, 2023                                Respectfully submitted,

*/s/ Richard R. Harris*
Richard R. Harris (*admitted pro hac vice*)
Tara Param
Kathleen M. Princivalle
**HOLLAND & KNIGHT**
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone 215.252.9594
Fax 215.867.6070
Mobile 917.309.5752
richard.harris@hklaw.com
tara.param@hklaw.com
kathleen.princivalle@hklaw.com

*Attorneys for Defendant,*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 11th day of December 2023, the foregoing document was filed using the United States District Court for the District of New Jersey ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Kathleen Princivalle*
Kathleen Princivalle
